Uploaded: 2016NOV14 10:31 Filed By:JBLAYLOCK on behalf of Bar# 45447 WHARTY Reference: EF-21694
E-Filed: 2016NOV14 NEWPORT NEWS CC KEDWARDS at 2016NOV14 12:00 CL1603266T-01

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

HERBERT H. MULLINEX, JR.
and PATRICIA E. MULLINEX

           Plaintiffs,

v.                                CIVIL ACTION NO.: *CL1603266 T-01*

**AIR & LIQUID SYSTEMS CORPORATION,**
**Successor by Merger to BUFFALO PUMPS, INC.**
600 Grant St., Ste. 5085
Pittsburgh, PA  15219
SERVE:      CT CORPORATION SYSTEM
               REGISTERED AGENT
               4701 Cox Road, Suite 285
               Glen Allen, VA  23060

**CRANE CO.**
**Individually and as parent and/or successor in interest**
**to CHAPMAN VALVE MANUFACTURING CO.**
100 First Stamford Place
Stamford, CT  06902
SERVE:      Secretary of the Commonwealth
               Patrick Henry Building, 4th Floor
               1111 East Broad Street
               Richmond, VA  23219

**GARDNER DENVER, INC.**
222 East Erie Street
Milwaukee, WI  53202
SERVE:      Secretary of the Commonwealth
               Patrick Henry Building, 4th Floor
               1111 East Broad Street
               Richmond, VA  23219

EXHIBIT A

**HAMMEL-DAHL COMPANY**
**f/k/a GENERAL CONTROLS CO.**
**n/k/a ITT LLC**
CT Corporation Systems
111 Eighth Avenue
New York, NY 10011
SERVE:     Secretary of the Commonwealth
             Patrick Henry Building, 4th Floor
             1111 East Broad Street
             Richmond, VA 23219

**IMO INDUSTRIES, INC.**
**As successor in interest to DELAVAL PUMPS**
1710 Airport Road
Monroe, NC 28110
SERVE:     CT CORPORATION SYSTEM
             REGISTERED AGENT
             4701 Cox Road, Suite 285
             Glen Allen, VA 23060

**JOHN CRANE, INC.**
227 West Monroe St., Ste. 1800
Chicago, IL 60606
SERVE:     CT CORPORATION SYSTEM
             REGISTERED AGENT
             4701 Cox Road, Suite 285
             Glen Allen, VA 23060

**NOLAND COMPANY**
3110 Ketterling Blvd.
Dayton, OH 45439
SERVE:     CORPORATION SERVICE COMPANY
             REGISTERED AGENT
             Bank of America Center, 16th Floor
             1111 East Main Street
             Richmond, VA 23219

**SPIRAX SARCO, INC.**
1150 Northpoint Blvd.
Blythewood, SC 29016
SERVE:     Secretary of the Commonwealth
             Patrick Henry Building, 4th Floor
             1111 East Broad Street
             Richmond, VA 23219

**THE NASH ENGINEERING COMPANY**
c/o Mark Nordenson
45 Forest Falls Dr., Ste. B4
Yarmouth, ME 04096
SERVE:        Secretary of the Commonwealth
              Patrick Henry Building, 4th Floor
              1111 East Broad Street
              Richmond, VA 23219

**WACO, INC.**
5450 Lewis Road
Sandston, VA 23150
SERVE:        DANIEL M. WALKER
              REGISTERED AGENT
              5450 Lewis Road
              Sandston, VA 23150

**WARREN PUMPS, INC.**
82 Bridges Ave.
Warren, MA 01083-0969
SERVE:        Secretary of the Commonwealth
              Patrick Henry Building, 4th Floor
              1111 East Broad Street
              Richmond, VA 23219

**WEIR VALVES & CONTROLS USA INC.**
**FORMERLY ATWOOD & MORRILL CO. INC.**
29 Old Right Road
Ipswich, MA 01938-1999
SERVE:        Secretary of the Commonwealth
              Patrick Henry Building, 4th Floor
              1111 East Broad Street
              Richmond, VA 23219

Defendants.

## COMPLAINT

NOW COMES HERBERT H. MULLINEX, JR. and PATRICIA E. MULLINEX, residents of the Commonwealth of Virginia and allege as follows:

1.     This action is subject to the Standing Orders entered in the Circuit Court for the City of Newport News in regards to asbestos cases filed by the firm of Patten, Wornom, Hatten & Diamonstein, L.C.

2.     As used hereafter, the term "asbestos-containing product" will be used to identify collectively: (i) raw asbestos fiber, (ii) end products directly incorporating asbestos fiber, and (iii) end products manufactured, assembled or supplied by a defendant who has specified and/or required raw asbestos and/or products incorporating asbestos manufactured or supplied by others, to be used, whether internally or externally, in conjunction with the end product for the routine maintenance, repair, and/or proper and intended use and operation of the end product.

3.     As used hereafter, the term "asbestos-containing packing" shall include asbestos-containing sheet packing, gaskets, braided packing, extruded packing, and all other such products designed for use in sealing pipe flanges, valves, pumps, turbines, generators, bulkheads, and for other such applications.

4.     The Plaintiff HERBERT H. MULLINEX, JR. was born in 1947.

5.     The Plaintiff HERBERT H. MULLINEX, JR. served in the United States Navy from May 20, 1969 to February 28, 1989 as a Machinist Mate; ultimately reaching the rank of Machinist Mate Chief.  The Plaintiff HERBERT H. MULLINEX, JR. served onboard ships homeported, repaired, and/or overhauled at Navy Bases and shipyards in the State of Virginia. As a result of the Naval service as set forth above, it is believed that HERBERT H. MULLINEX, JR. was exposed to asbestos dust, fibers, and/or particles without controls, warnings, or

protection until late 1979.

6.      On or about August 10, 2016, HERBERT H. MULLINEX, JR. was diagnosed with malignant mesothelioma as a result of his exposure to asbestos dust, fibers and/or particles.

7.      The Defendants are corporations, companies or other business entities which, during all times material hereto, and for a long time prior thereto have been, and/or are now engaged, directly or indirectly, in the manufacturing, producing, selling, merchandising, supplying, distributing, and/or otherwise placing in the stream of commerce, asbestos-containing products, including those uniquely and specifically designed for maritime use and marketed for installation aboard ships. This case arises under the law of Virginia and within the admiralty and maritime jurisdiction pursuant to the "Savings to Suitors" clause of 28 U.S.C. §1333(1) and 46 U.S.C. §30101 and the general admiralty and maritime law of the United States. Courts of the Commonwealth of Virginia have personal jurisdiction over all Defendants.

8.      At all times material hereto, Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the Defendants.

9.      The Plaintiff was exposed to asbestos-containing products that were manufactured, specified, and/or distributed by the Defendants. These asbestos-containing products were defective and inherently dangerous in the manner in which they were marketed for their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use, removal or maintenance of, or the exposure to the products. The defective and inherently dangerous condition of these asbestos-containing products, coupled with the disabling and/or fatal diseases generated by the inhalation of asbestos dust, rendered such asbestos-containing products unreasonably and inherently dangerous and thereby abrogated any

need for privity of contract between the Plaintiff and these Defendants as a prerequisite to liability.

10.    As more specifically detailed below, these Defendants are only being sued for their failure to warn of the hazards of asbestos exposure, and are not being sued on any other theory, including any design defect or any theory arising from the Defendant's acts, if any, at the direction of a Federal Officer and such other theories are expressly waived.  The Defendants' failure to warn renders them liable in negligence (as set forth in Count I), for strict liability in tort (as set forth in Count II), and for spousal pre-death loss of society and consortium (as set forth in Count III). Additionally, the Plaintiffs expressly disclaim any claim, if any, arising under the Death on the High Seas Act, 46 U.S.C. §30301 et seq.

11.    At all times material hereto:

(a).    Equipment Defendant, AIR & LIQUID SYSTEMS CORPORATION, a Pennsylvania corporation and Successor in Merger to BUFFALO PUMPS, INC., manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps, condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and/or replacement materials including, without limitation, asbestos-containing products, asbestos-containing packing materials and/or asbestos-containing gasket materials as defined above. This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would be insulated with asbestos-containing materials on their exterior.

(b).     Equipment Defendant, CRANE CO., a Delaware corporation, individually and as parent and/or successor in interest to CHAPMAN VALVE MANUFACTURING CO., manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, pumps, valves, insulating products, and pump and/or valve repair and/or replacement materials including, without limitation asbestos-containing packing materials and asbestos-containing gasket materials as defined above.  This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would be insulated with asbestos-containing materials on their exterior.

(c).     Equipment Defendant, GARDNER DENVER, INC., a Delaware corporation, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer,  asbestos-containing products including, without limitation, pumps, compressors, blowers, condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and/or replacement material including, without limitation, asbestos-containing products, asbestos-containing packing material and/or asbestos-containing gasket material as defined above.  This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would be insulated with asbestos-containing materials on their exterior.

(d).     Equipment Defendant, HAMMEL-DAHL COMPANY, a foreign corporation and formerly known as GENERAL CONTROLS CO., now known as ITT LLC, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the

Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, valves, insulating products, and valve repair and/or replacement materials including, without limitation asbestos-containing products, asbestos-containing packing material and/or asbestos-containing gasket material as defined above. This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would be insulated with asbestos-containing materials on their exterior.

(e).    Equipment Defendant, IMO INDUSTRIES, INC., a Delaware corporation, as successor in interest to DELAVAL PUMPS, manufactured, specified, produced, distributed and/or sold, either directly or indirectly, to the Plaintiff and/or Plaintiff's employers, asbestos-containing products including, without limitation, pumps, which incorporated and/or specified asbestos-containing component parts for their proper functioning, as well as insulation and pump repair and/or replacement materials including, without limitation, asbestos-containing products, asbestos-containing packing materials and/or asbestos-containing gasket materials as defined above. This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would be insulated with asbestos-containing materials on their exterior.

(f).    Defendant, JOHN CRANE, INC., a Delaware corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, asbestos-containing packing materials and asbestos-containing gasket materials as defined above.

(g).    Defendant, NOLAND COMPANY, a Virginia corporation, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pipecovering sections, block, cement, textiles, refractory products, gaskets, packing, valves, pumps, and/or related

shipboard equipment, manufactured by different companies.

(h).    Equipment Defendant, SPIRAX SARCO, INC., a Delaware corporation, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, steam traps, which incorporated and/or specified asbestos-containing component parts for their proper functioning as well as insulating products and pump and valve repair and/or replacement materials including, without limitation asbestos-containing packing materials and asbestos-containing gasket materials as defined above.

(i).    Equipment Defendant, THE NASH ENGINEERING COMPANY, a Connecticut corporation, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, pumps, condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and/or replacement material including asbestos-containing products including, without limitation, asbestos-containing packing material and/or asbestos-containing gasket material as defined above. This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would be insulated with asbestos-containing materials on their exterior.

(j).    Defendant, WACO, INC., a corporation incorporated under the rules of Virginia having its corporate offices at 814 Chapman Way, Newport News, Virginia, and a successor to WACO INSULATION, INC, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, various asbestos-containing products

including, without limitation, ship construction and/or repair products like pipecovering sections, block, cement and textiles manufactured by different companies.

(k).    Equipment Defendant, WARREN PUMPS, INC., a Massachusetts corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, pumps, which incorporated and/or specified asbestos-containing component parts for their proper functioning, as well as pump repair and/or replacement materials including asbestos-containing products including, without limitation, asbestos-containing packing materials and/or asbestos-containing gasket materials as defined above. This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would be insulated with asbestos-containing materials on their exterior.

(l).    Equipment Defendant, WEIR VALVES & CONTROLS USA INC., formerly Atwood & Morrill Co Inc., a Massachusetts corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, valves, insulating products, and/or valve repair and/or replacement materials including, without limitation asbestos-containing packing materials and asbestos-containing gasket materials as defined above.

12.    Throughout HERBERT H. MULLINEX, JR.'s service in the United States Navy, he worked aboard vessels, both in dry dock and on the navigable waters of the United States, including without limitation the territorial waters of the Commonwealth of Virginia, performing the traditional maritime activities from 1969 through 1979 of shipbuilding and/or ship repair. Plaintiffs are unaware of any actionable exposure on the high seas. During the performance of traditional maritime activities while serving in the United States Navy, HERBERT H.

MULLINEX, JR. was continuously and daily required to install, remove, repair, alter, fabricate, work with, use, handle and/or otherwise come into contact with and/or to be exposed to asbestos-containing products that were manufactured, sold, supplied, distributed and/or otherwise placed in the stream of commerce by the Defendants, resulting in inhalation of asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products.  Plaintiff's clothes, his person, and/or his belongings were covered with and contaminated with asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of the Defendants' asbestos-containing products. Plaintiff's aforesaid exposure to and inhalation of asbestos dust, fibers and/or particles proximately resulted in the Plaintiff's contracting malignant mesothelioma, which is permanent and/or fatal.

(Space Intentionally Blank)

## COUNT I - NEGLIGENCE

13.　　The Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through TWELVE (12), inclusive, as if the same were hereto set forth at length.

14.　　At all times material hereto from 1969 through 1979, the Plaintiff HERBERT H. MULLINEX, JR. was not aware of the nature and extent of the danger to his respiratory system, heart, other bodily parts, and general health that would result from his contact with, exposure to and inhalation of the asbestos dust, fibers, and/or particles resulting from the intended, ordinary and foreseeable use of the Defendants' asbestos-containing products; whereas, each of the Defendants was negligent in the following respects:

(a).　　Defendants knew, had reason to know, should have known and/or could have reasonably determined that the normal, foreseeable use of their asbestos-containing products posed an unreasonable danger without a warning for one or more of the following reasons:

(1).　Defendants knew, had reason to know, or should have known of historic state of the art literature and other information placing them on notice of the hazards of asbestos and products containing asbestos;

(2).　Defendants designed and intended their end products to incorporate asbestos or asbestos-containing component parts, including, without limitation, asbestos-containing gaskets and packing;

(3).　Defendants knew, had reason to know, or should have known, that their end products required asbestos or asbestos component parts to function properly and as designed for their normal, foreseeable uses during the relevant time period;

12

(4).    Equipment Defendants knew, expected, and intended that asbestos-containing components and substantially identical replacement asbestos-containing components would be used throughout the useful life of their end products;

(5).    Equipment Defendants knew, had reason to know or should have known that these asbestos-containing component parts were wear items that would have to be replaced many times during the useful life of their end products;

(6).    Equipment Defendants affirmatively specified that asbestos components and replacement parts be used with their end products;

(7).    Equipment Defendants knew, had reason to know or should have known that their customers would use asbestos-containing replacement parts with Equipment Defendants' end products;

(8).    Equipment Defendants knew, had reason to know, or should have known, that the replacement asbestos-containing component parts would be substantially identical to the original asbestos-containing component parts supplied with their end products;

(9).    Equipment Defendants knew, had reason to know, or should have known that replacement asbestos-containing component parts would give rise to hazards identical to those posed by the original asbestos-containing component parts during the normal, foreseeable use of Equipment Defendants' end products;

(10).    Equipment Defendants profited from selling their asbestos-containing end products in that, by designing and manufacturing a durable end product that was able to operate for many years or decades because of the ability to routinely replace internal wear items such as asbestos-containing gaskets and packing, Equipment Defendants were able to

13

charge more money and receive a greater profit than if the end product lasted only until the
original asbestos-containing component parts wore out;

(11).   Defendants were able to, and did, obtain liability insurance against
the foreseeable asbestos health hazards inherent in the normal foreseeable use of their products.

(b).     Because of this knowledge, Defendants knew, had reason to know, or should have
known that the Plaintiff would inhale asbestos dust, fibers and/or particles during or as a
consequence of the intended, ordinary and foreseeable use of their asbestos-containing products.
Despite this knowledge, Defendants, individually, jointly, and severally were negligent pursuant
to maritime negligence law in one or more of the following respects:

(1).     Defendants mined, manufactured, sold, distributed, and/or
otherwise placed in the stream of commerce asbestos-containing products, which Defendants
knew or in the exercise of ordinary care should have known, and/or had reason to know, were
imminently and inherently dangerous, defective, and otherwise highly harmful to the Plaintiff
and others exposed to asbestos dust, fibers and/or particles resulting from the intended, ordinary
and foreseeable use of their asbestos-containing products;

(2).     Defendants failed to take reasonable precautions or to exercise
reasonable care to adequately or sufficiently warn the Plaintiff, of the dangers and harm to which
he was exposed as a consequence of the inhalation of asbestos dust, fibers and/or particles
resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(3).     Defendants failed and omitted to provide the Plaintiff with the
knowledge of reasonably safe and sufficient safeguards, wearing apparel, proper safety
equipment and appliances needed to protect him from being injured, disabled, killed, or
otherwise harmed by working with, using, handling, coming into contact with, and inhaling the

14

asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(4).    Defendants failed to place any warnings or adequate and sufficient warnings on or inside the containers of their asbestos-containing products and to suitably apprise the Plaintiff of the risks and dangers inherent to the intended, ordinary and foreseeable use of their asbestos-containing products and the precautions necessary to make their asbestos-containing products safe for their intended, ordinary and foreseeable uses;

(5).    Defendants failed to place any warnings or adequate and sufficient warnings on or inside the packaging of their asbestos-containing products, or otherwise, to inform the Plaintiff or any foreseeable user, of the dangers inherent in the repair and replacement of such asbestos-containing products, which repair and replacement foreseeably required the removal of friable and inherently dangerous asbestos-containing packing and/or insulation materials.

(6).    Defendants failed to place warnings, or adequate and sufficient warnings on or inside the containers of their asbestos-containing products, or in technical manuals, drawings or specifications supplied with their asbestos-containing products to inform the Plaintiff of the enhanced risk and dangers inherent in the intended, ordinary and foreseeable use of their asbestos-containing products in the environment of military shipbuilding and/or ship repair where the Defendants knew, should have known and/or had reason to know that many other asbestos-containing products were also being dangerously and simultaneously used without controls of safety procedures;

(7).    Defendants failed to adequately test their asbestos-containing products to determine the nature and extent of the risk from the foreseeable use, maintenance,

repair and/or removal of their products and the need for warnings and recommended safety instructions to eliminate or reduce that risk; .

(8).   Defendants failed to advise the Plaintiff, whom the Defendants knew, should have known, and/or had reason to know, was exposed to asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products, to cease all future exposure to asbestos dust, fibers and/or particles, to be examined by a lung specialist to determine the nature and extent of any and all asbestos diseases caused by such exposure, and to receive treatment for such diseases.

15.   Such negligent and deliberate acts of the Defendants proximately resulted in the Plaintiff's long-term inhalation of asbestos dust, fibers and/or particles from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products, including the routine, recommended and expected maintenance of the Defendants' asbestos-containing products, and this exposure directly and proximately caused the Plaintiff HERBERT H. MULLINEX, JR. to contract malignant mesothelioma, which is permanent and/or fatal.

16.   The Defendants' foregoing acts, failures and/or omissions were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff.

(Space Intentionally Blank)

## COUNT II – STRICT LIABILTY

17.     The Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through SIXTEEN (16), inclusive, as if the same were hereto set forth at length.

18.     At all times from 1969 through 1979, Defendants knew, had reason to know and/or in the exercise of reasonable care  should have known, that their asbestos-containing products would be sold to the public including Plaintiff and/or Plaintiff's employer as aforesaid and would be used by or around the Plaintiff HERBERT H. MULLINEX, JR. and other persons similarly employed, and would be relied on by such persons to be fit for the use and to accomplish the purpose for which they were mined, manufactured, produced, processed, sold, supplied, distributed, and/or otherwise placed in the stream of commerce.  The Defendants, because of their positions as miners, manufacturers, producers, processors, sellers, suppliers, and/or distributors, are strictly liable to the Plaintiff for the following reasons:

(a).     That Defendants, as manufacturers-sellers, are engaged in the business, inter alia, of selling asbestos-containing products;

(b).     That, at the time of the manufacture and sale of their asbestos-containing products by the Defendants to the Plaintiff and/or Plaintiff's employer, Defendant knew, had reason to know, and/or should have known, that their asbestos-containing products would be used by or around the Plaintiff HERBERT H. MULLINEX, JR. and other persons similarly employed, as the ultimate user or consumer or otherwise affected person;

(c).     That the Defendants' asbestos-containing products were sold in a defective condition, unreasonably dangerous to the Plaintiff HERBERT H. MULLINEX, JR. and other similarly employed, as users or consumers, and that, all throughout many years of the Plaintiff's exposure to and use of the Defendants' asbestos-containing products, the asbestos-

containing products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold;

(d).    That the Defendants' asbestos-containing products were defective in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and the Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products; and/or

(e).    That the intended, ordinary and foreseeable use of the Defendants' asbestos-containing products is an intrinsically dangerous and/or ultrahazardous activity.

19.    The Defendants' breaches of duty under traditional maritime strict liability standards, as restated and summarized in §402(A) of the Restatement (Second) of Torts, as described herein proximately caused or contributed to cause the Plaintiff HERBERT H. MULLINEX, JR. to contract malignant mesothelioma, which is permanent and/or fatal.

20.    The Defendants' breaches of duty under traditional maritime strict liability standards, as restated and summarized in §402(A) of the Restatement (Second) of Torts, as described herein were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff.

(Space Intentionally Blank)

## COUNT III: SPOUSAL PRE-DEATH LOSS
## OF SOCIETY AND CONSORTIUM

21.     The Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through TWENTY (20), inclusive, as if the same were hereto set forth at length.

22.     The Plaintiffs HERBERT H. MULLINEX, JR. and PATRICIA E. MULLINEX were married on January 27, 1981 and have lived together as a married couple for more than 35 years.  Throughout that time, HERBERT H. MULLINEX, JR. has been available to comfort, protect, care for, aid, attend to, and support PATRICIA E. MULLINEX's physically, mentally, and emotionally.

23.     As set forth above, Plaintiff HERBERT H. MULLINEX, JR. suffers from malignant mesothelioma, a debilitating and terminal condition with an average life expectancy of six to eighteen months. Plaintiff's disease and its impact upon his bodily systems, along with the necessary and proper treatments for that disease have caused him extreme fatigue, pain, constipation, loss of appetite, repeated hospital treatments and surgery. As his disease has progressed, he has been largely confined to his home, with the exception of medical treatments, and he has been unable to participate in any of the normal recreational, social, or marital activities of life which are normal to a good marriage and to which HERBERT H. MULLINEX, JR. and PATRICIA E. MULLINEX have been accustomed.

24.     As a proximate result of the Defendant's failure to warn, which was a substantial contributing factor in the development of Plaintiff HERBERT H. MULLINEX, JR.'s disease and condition as set forth above, Plaintiff's Spouse PATRICIA E. MULLINEX has been deprived of the physical, mental, and emotional services, comfort, society, attentions, pleasure, solace, fellowship, marital life, companionship, and consortium of her husband.

(Space Intentionally Blank)

## COUNT IV - CONCLUSION

25.    The Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through TWENTY-FOUR (24) inclusive, as if the same were hereto set forth at length.

26.    As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willful or wanton misconduct, strict liability, fraudulent concealment, misrepresentations and willful omissions of the Defendants, the Plaintiff HERBERT H. MULLINEX, JR. was caused to contract diseases and injuries to his body systems, lungs and heart, including malignant mesothelioma, which have caused the Plaintiff HERBERT H. MULLINEX, JR. pain, suffering, mental anguish and ultimately may cause his death. In addition, HERBERT H. MULLINEX, JR.:

(a).    Has been obliged to spend various sums of money to treat his diseases and injuries; and may be obliged to continue to do so in the future;

(b).    Has sustained a loss of earnings and earning capacity;

(c).    Has had his enjoyment of life impaired;

(d).    Has had his life expectancy shortened; and

(e).    Has been caused to suffer great physical pain and suffering and psychological and mental trauma.

27.    Any delay in filing the Plaintiffs' causes of action is a direct and proximate result of the Defendants' failure to warn the fraudulent concealment hereinafter described:

(a).    For a long time the Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn foreseeable users like the Plaintiff HERBERT H. MULLINEX, JR., of the hazards of their asbestos-containing products. However, the Defendants intentionally and fraudulently concealed said knowledge from the Plaintiff resulting

in the failure of the Plaintiffs to discover the facts which are the basis of the causes of action despite the exercise of due diligence on behalf of the Plaintiffs. Accordingly, any attempt on the part of any Defendant to complain about the timeliness of the commencement of Plaintiffs' causes of action should be estopped.

28.     By reason of the aforesaid injuries to Plaintiff, HERBERT H. MULLINEX, JR., Plaintiff's spouse PATRICIA E. MULLINEX has suffered mental anguish by being forced to witness the suffering endured by Plaintiff whereby Plaintiff's spouse's own nerves and health have been seriously and permanently shocked, weakened and impaired; and by reason of the physical and mental condition of the Plaintiff, Plaintiff's spouse continues to suffer in mind and body, and have been denied the care, protection, consideration, companionship, services, income, aid, pleasure, assistance, and society of HERBERT H. MULLINEX, JR.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, individually and jointly and severally, for compensatory damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00) and punitive damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00) together with interest from the date of diagnosis of asbestos-induced disease plus costs of this suit and such other and further relief as is just and proper.

(Space Intentionally Blank)

Respectfully submitted,

PATTEN, WORNOM, HATTEN
& DIAMONSTEIN, L.C.

By: _____
            Of Counsel

Robert R. Hatten, Esquire (VSB No. 12854)
Donald N. Patten, Esquire (VSB No. 06869)
Hugh B. McCormick, III, Esquire (VSB No. 37513)
William W. C. Harty, Esquire (VSB No. 45447)
Jennifer W. Stevens, Esquire (VSB No. 43275)
Erin E. Jewell, Esquire (VSB No. 71082)
F. Alex Coletrane, Esquire (VSB No. 78381)
PATTEN, WORNOM, HATTEN
        & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Telephone (757) 223-4500
Facsimile (757) 249-3242
pleadings@pwhd.com
rrhatten@pwhd.com

PLAINTIFFS DEMANDS A JURY WITH RESPECT TO ALL ISSUES
TO WHICH THEY ARE ENTITLED BY LAW TO A JURY.