UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

HERBERT H. MULLINEX, JR,
and PATRICIA E. MULLINEX,

Plaintiffs,

v.  ACTION NO. 4:18cv33

AIR & LIQUID SYSTEMS CORPORATION,
Successor by merger to BUFFALO PUMPS, INC., et al.,

Defendants.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Herbert H. Mullinex, Jr. ("Mr. Mullinex"), and Patricia E. Mullinex's (collectively "plaintiffs") second motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure filed on June 1, 2018. ECF Nos. 37–38. An order of reference assigned the motion to the undersigned. ECF No. 42. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that plaintiffs' second motion for sanctions be **DENIED**.

### I.  PROCEDURAL BACKGROUND

On November 14, 2016, plaintiffs filed a complaint in the Circuit Court for the City of Newport News ("circuit court") seeking damages against JCI. ECF No. 1-1. On March 23, 2018, JCI filed a notice of removal pursuant to 28 U.S.C. §§ 1442(a) and 1446(b).

On April 13, 2018, plaintiffs filed their first motion for sanctions. ECF Nos. 21–22. On April 17, 2018, JCI filed an opposition to plaintiffs' motion for sanctions stating that the motion

should be denied because plaintiffs failed to serve JCI 21 days before filing, as required by Rule 11(c)(2) of the Federal Rules of Civil Procedure. ECF No. 28 at 2–3. On May 3, 2018, plaintiffs withdrew the first motion for sanctions as prematurely filed. ECF No. 31 at 1.

On June 1, 2018, plaintiffs filed their second motion for sanctions alleging that JCI violated Rule 11(b) because the notice of removal was filed for an improper purpose and based on a frivolous defense. ECF No. 38 at 1. On June 15, 2018, JCI filed an opposition to the second motion for sanctions claiming that the notice of removal was timely because plaintiffs expanded their theory of liability "on the eve of trial" in the circuit court, thereby triggering JCI's government contractor defense. ECF No. 40 at 1. JCI incorporated by reference its substantive arguments in its opposition to plaintiffs' first motion for sanctions. ECF No. 40 at 2, ECF No. 28. On June 21, 2018, plaintiffs filed their reply to JCI's response in opposition. EFC No. 41.

As detailed in the report and recommendation filed contemporaneously herewith on plaintiffs' motion to remand, the core of JCI's argument is that plaintiffs did not reveal until a few days before the scheduled start of trial that their failure to warn claims included a claim that JCI failed to place warnings on the face of its asbestsos products. ECF No. 1 at 3, ECF No. 28 at 4–5, ECF No. 40 at 2–5.

JCI contends that pursuing this newly revealed claim triggered its government contractor defense because such warnings were not permitted under the military specifications for the products. ECF No. 1 at 4. Plaintiffs insist that their claims of failure to place warnings on the face of the products were apparent on the face of their complaint and in the manner that discovery was conducted. ECF No. 38 at 9–14. Further, plaintiffs contend that during discovery, JCI admitted in its response to plaintiffs' request for admissions that the U.S. Navy never expressly prohibited the placement of warnings "with or on any product." *Id.* at 4.

## II. FACTUAL BACKGROUND

Because the factual history underlying both plaintiffs' motion for remand and motion for sanctions is the same, the factual history in the report and recommendation on plaintiffs' motion for remand is incorporated by reference herein.

## III. ANALYSIS

Plaintiffs rely on three arguments to support their motion for sanctions. First, plaintiffs claim that JCI violated Rule 11(b) when it removed the case on the basis of its government contractor defense. *Id.* at 2. Plaintiffs argue that JCI's government contractor defense is frivolous because JCI already "admitted away" the factual basis of this defense. *Id.* at 2–7. Further, plaintiffs argue that JCI waived the government contractor defense before the circuit court. *Id.* at 2–7. Second, plaintiffs contend that JCI violated Rule 11(b) when it removed this case for an improper purpose—namely, to delay trial and unfairly prejudice plaintiffs. *Id.* at 7–9. Finally, plaintiffs argue that JCI violated Rule 11(b) when it deliberately misrepresented its knowledge of plaintiffs' claims to give the appearance that it timely filed its notice of removal. *Id.* at 9–14.

Upon applying the standard of objective reasonableness required to assess JCI's removal and the alleged violations of Rule 11(b), the Court **RECOMMENDS** that plaintiffs' motion for sanctions be **DENIED**.

### A. Standard of Review

The Federal Rules of Civil Procedure authorize the imposition of sanctions upon attorneys, law firms, and parties who file frivolous or unjustified pleadings in federal court. Fed. R. Civ. P. 11(b). Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

3

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Sanctions may be imposed for the violation of any one of the circumstances enumerated under Rule 11(b). *See Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 988 (5th Cir. 1987) (holding "Rule 11 is violated if any of the above obligations are breached because each is an independent duty of a signing attorney.") (citation omitted). The type and number of Rule 11(b) violations should be considered to determine the appropriate sanction to impose. *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990).

In cases of removal, this rule applies from the moment that federal jurisdiction is invoked over the proceedings. *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). The purpose of the rule is to lessen the filing of frivolous claims and defenses. *Cabell v. Petty*, 810 F.2d 463, 467 (4th Cir. 1987). Its goal is to discourage unnecessary filing of groundless lawsuits. *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002). This is accomplished by requiring lawyers to conduct a pre-filing examination of the facts and applicable law of the case to "uncover some basis in law to support [their] claims." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).

In applying Rule 11, an attorney's legal arguments are assessed using a standard of objective reasonableness. *Id.* Under this standard, a legal position may properly be sanctioned

when a reasonable lawyer in a similar situation "could not have believed his actions to be legally justified." *Cox v. Saunders*, 136 F.3d 349, 352 (4th Cir. 1998). The party against whom sanctions are sought is not, however, required to show that he will prevail in his claim. *Brubaker*, 943 F.2d at 1373.

A violation of Rule 11 merits sanctions when there is a "lack of *any* legal or factual basis," such that there is "absolutely no chance of success under existing precedent." *Hunter*, 281 F.3d at 153 (citations and quotation marks omitted) (emphasis supplied). As long as there is "some basis in law to support each legal argument" in the paper filed before federal court, then the standard is satisfied, and sanctions are not warranted. *Brubaker*, 943 F.2d at 1373.

Here, plaintiffs assail JCI's objective reasonableness in filing its notice of removal.

**B. Sanctions are not appropriate because JCI acted in an objectively reasonable manner when it filed its notice of removal.**

    **1. JCI had a reasonable basis to rely upon the government contractor defense to support removal under the federal officer removal statute.**

Here, plaintiffs contest JCI's objective reasonableness in filing its notice of removal. They first assert various procedural deficiencies preclude JCI from asserting the federal contractor defense as the ground for removal, and then contend the defense also fails on the merits. For the reasons stated here, and in the report and recommendation concerning plaintiffs' motion to remand, JCI had a reasonable basis for removal, and it should not be subject to sanctions.

        **a. The requirements for removal under the federal contractor defense.**

Under the federal officer removal statute, a defendant may remove to the district court of the United States a state-court action brought against

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any

5

right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

A private defendant, such as a government contractor, seeking to remove a case under the federal officer removal statute must show: "(1) that it acted under a federal officer; (2) that it has a colorable federal defense; and (3) that the charged conduct was carried out for [or] in relation to the asserted official authority." *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (citations omitted).

To assert a colorable federal defense to a failure to warn claim based on the federal contractor defense, a defendant must establish three elements: "(1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; [and] (3) the contractor warned the government about dangers in the equipment's use that were known to the contractor but not to the government." *Id.* at 256. It is not necessary that the government "prohibit[s] the contractor from providing additional warnings; the defense applies so long as the government dictated or approved the warnings that the contractor actually provided." *Id.*

> b. **Procedurally, JCI's assertion of the government contractor defense was not frivolous because it did not "admit away" or waive that defense.**

Plaintiffs contend that JCI's reliance on the government contractor defense to support the "colorable defense" requirement under *Sawyer* is frivolous because JCI admitted away and waived that defense through its conduct in circuit court. ECF No. 38 at 3–7. For the reasons stated in the report and recommendation on plaintiffs' motion to remand, JCI's conduct in the circuit court, including, but not limited to, discovery requests and responses, depositions, and motions *in limine* did not admit away or waive its purported government contractor defense.

6

For example, plaintiffs claim that JCI waived its federal contractor defense because it did not oppose plaintiffs' motion *in limine* to prevent JCI from asserting that defense. ECF No. 38 at 4–5. However, plaintiffs' complaint disclaimed claims based on actions that would implicate the federal contractor defense, so there was no need for JCI to oppose a motion *in limine* that sought to limit claims and evidence that plaintiffs had already removed from the scope of their claims. Further, the lack of clarity in plaintiffs' pleadings and discovery regarding a failure to place warnings with or on JCI's asbestos products was not resolved until the March 22, 2018 hearing. In addition, JCI did not make unambiguous admissions in discovery that would deprive it of a factual basis for the federal contractor defense, and its experts' opinions about JCI's compliance with Navy specifications provide factual support for that defense.

Based on the foregoing, the record contains factual and legal bases sufficient for a reasonable lawyer in the same situation to believe that the government contractor defense was not waived—at the very least in the context of removal, and the record does not indicate a complete lack of legal or factual basis such that JCI would have "absolutely no chance of success" in asserting a government contractor defense. *See Hunter*, 281 F.3d at 153. Thus, JCI had a reasonable basis to assert that defense and it was not frivolous.

    c.    **On the merits, JCI had reasonable basis to assert the government contractor defense.**

JCI also showed some reasonable basis to satisfy the requirements under the government contractor defense, as further detailed in the report and recommendation on plaintiffs' motion to remand. For example, regarding the first requirement of asserting a colorable federal defense, JCI points out that the U.S. Navy approved particular writings or markings to be made on the face of the product, such as Military Specification MIL-a-17472B, which provides: "Each square foot of the asbestos sheet shall be plainly marked with the manufacturer's name, brand identification, and

7

symbol 2150." ECF No. 1 at 4. As regards the second requirement, JCI alleges in its notice of removal that it complied with the military specifications "[a]t all times during the relevant time period." *Id.* at 5. As regards the third requirement, JCI alleges that "the United State Government, including the United States Navy, possessed knowledge regarding the dangers of asbestos that was superior to that of its equipment and product suppliers, including JCI." *Id.* Accordingly, a reasonable lawyer under the circumstances could have reasonably believed that the facts and the law authorized assertion of a federal contractor defense as the basis for removal under *Sawyer*.

### 2. The timing of the filing of JCI's notice of removal does not support the imposition of sanctions.

Plaintiffs also urge that JCI should be sanctioned because the sole purpose for the notice of removal was to unnecessarily delay the trial in circuit court. ECF No. 38 at 7–9. To support this argument, plaintiffs rely on JCI's filing of a pretrial motion for continuance before the circuit court, and JCI's removing this case only on the last business day before the scheduled start of trial. *Id.* JCI filed a motion for continuance on February 6, 2018, to obtain "sufficient pathological lung tissue samples for a fiber digestion study." ECF No. 38-5 at 1. Plaintiffs opposed the motion and pointed out that the lung tissue samples from Mr. Mullinex were available at Duke University, but JCI had not attempted to obtain the tissue for analysis. ECF No. 38-6 at 1–2. JCI later withdrew its motion for continuance. ECF No. 38 at 7–8.

The determination whether a signatory acted "with an improper purpose" is based on an objective standard of reasonableness for the signatory's conduct. *In re Kunstler*, 914 F.2d at 518. A finding of an improper purpose must be based on some "objective evidence of the signer's motive in filing the document" or in "circumstantial facts that surround the filing." *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997). Circumstantial evidence indicative of improper purpose includes "'repeated filings, the outrageous nature of the claims made, or a signer's experience in a

particular area of law, under which baseless claims have been made . . .' as well as 'the timing of the filing of the complaint.'" *Aldmyr Sys. v. Friedman*, 215 F. Supp. 3d. 440, 459 (D. Md. 2016) (*quoting In re Kunstler*, 914 F.2d at 519). An injured party's subjective belief is insufficient to indicate an improper purpose, but "[b]aseless allegations" can "indicate an improper purpose." *In re Weiss*, 111 F.3d at 1171.

Regarding the motion for continuance, there appears to be an objectively reasonable basis for JCI's filing of the motion, that is, to seek further evidence to support its defense. Upon receipt of plaintiffs' opposition to its motion, which clearly pointed out the availability and location of the evidence sought by JCI, JCI withdrew its motion for continuance. ECF No. 38 at 7–8. Plaintiffs' subjective interpretation that JCI's motive for filing and withdrawing the motion was to delay trial is insufficient to satisfy the objective standard of reasonableness for Rule 11 sanctions. Objectively, JCI had a valid reason for filing the motion for continuance and thereafter withdrawing the motion.

Regarding the timing of JCI's removal shortly before trial, as explained in the report and recommendation on plaintiffs' motion to remand, removal was timely based on when JCI ascertained that plaintiffs' claims implicated the federal contractor defense based on failure to place warnings on products. As explained further in that report and recommendation, throughout the proceedings there was uncertainty about the scope of plaintiffs' claims due to the disclaimer in plaintiffs' complaint and other factors. That uncertainty was not resolved until the hearing on March 22, 2018.

The objective standard of reasonableness for JCI's conduct requires "objective evidence" of JCI's improper motive in filing the documents at issue. Here, there was some basis to support JCI's filing of its motion for continuance before the circuit court because it was seeking evidence.

9

Factual and legal bases also existed to support the timeliness of JCI's notice of removal because the clarification during the pretrial hearing held on March 22, 2018, gave JCI cause to remove. The circumstances referred to by plaintiffs are insufficient to satisfy the requirement of objective evidence of improper motive. Plaintiffs' subjective belief regarding JCI's motives is insufficient to meet the objective standard of reasonableness required to support the imposition of Rule 11 sanctions.

### 3. JCI did not misrepresent its knowledge of plaintiffs' claims.

As discussed in the previous section and in the report and recommendation on plaintiffs' motion to remand, JCI did not misrepresent its knowledge of plaintiffs' claims because there was express language in plaintiffs' complaint limiting the theory of their case only to claims that would not touch upon JCI's actions under the direction of a federal officer. ECF No. 1-1 at 6. Even if the disclaimer was not effective to prevent removal, its inclusion in the complaint and the lack of specific allegations about warnings on the face of the products weighed against reading the complaint to include a failure to place warnings on the face of JCI's products. Nor did the discovery sufficiently clarify the nature of plaintiffs' claims. For example, plaintiffs' request for information regarding warnings on the face of the products during discovery did not necessarily express an intent to pursue claims implicating JCI's alleged actions at the direction of the U.S. Navy that would alert JCI to a federal defense. As previously discussed, some legal and factual grounds existed to support the timing of JCI's removal because it was not until the March 22, 2018, pretrial hearing that plaintiffs' claims clearly implicated the government contractor defense.

## C. Plaintiffs and JCI are not entitled to an award of attorney's fees and costs.

Plaintiffs request an award of attorneys' fees and costs incurred in preparing the motion to remand. ECF No. 38 at 14. In addition, JCI requests an award of attorney's fees and costs incurred in responding to plaintiffs' second motion for sanctions. ECF No. 40 at 1, 5–6. The Court finds that an award of attorney's fees and costs is not warranted and recommends that both requests be **DENIED.**

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends plaintiffs' second motion for sanctions and their request for fees and costs be **DENIED.** The Court further **RECOMMENDS** that JCI's requests for attorney's fees and costs be **DENIED.**

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 6, 2018