UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA    FEB 2 0 2019
Newport News Division

HERBERT H. MULLINEX, JR.
and PATRICIA E. MULLINEX,

Plaintiffs,

v.                                          Civil Action No. 4:18cv33

AIR & LIQUID SYSTEMS CORPORATION,
successor by merger to BUFFALO PUMPS, INC., *et al.*,

Defendants.

## ORDER

The matters before the Court are two Reports and Recommendations by United States

Magistrate Judge Krask following Plaintiffs' Motion for Sanctions and Plaintiffs' Motion for

Remand. The Motions were referred to United States Magistrate Judge Krask pursuant to the

provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local

Rule 72 for report and recommendation ("R&R"). Both R&Rs were filed on December 6, 2018,

and Plaintiffs subsequently filed objections to both. This Court has reviewed the record and has

considered the objections. After making *de novo* findings regarding the portions objected to, and

for the reasons stated herein, the Court **ADOPTS** the Report and Recommendation (ECF No. 45)

to deny Plaintiffs' Motion to Remand (ECF No. 19) and **ADOPTS** the Report and

Recommendation (ECF No. 46) denying Plaintiffs' Motion for Sanctions (ECF No. 37).

## I.    Motion to Remand

In their Motion to Remand (ECF No. 19), Plaintiffs argue that Defendant John Crane, Inc.

("JCI") removed the case from state court under an improper assertion of a federal contractor

defense pursuant to 28 U.S.C. § 1442. ECF No. 45 at 18–21. The Magistrate Judge found that removal was timely. *Id.* at 27. He also found that JCI sufficiently asserted a "colorable federal contractor defense" under § 1442(a)(1). *Id.* at 33. Accordingly, the Magistrate Judge recommended that Plaintiffs' Motion to Remand be denied. *Id.* at 45.

Plaintiffs first challenge the standard under which the timeliness of removal was considered. *Id.* at 8. The R&R acknowledges that a defendant must remove a case within thirty days of the case's removability under §§ 1446(b)(1) and 1446(b)(3). ECF No. 45 at 27. Plaintiffs argue that the removal period should have begun before JCI became "unequivocally clear and certain" that removal was proper. The standard that was applied was derived from a published decision of this Court. *See* ECF No. 45 at 29 (citing *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 299 (E.D. Va. 2004)). Plaintiffs argue that in absence of any decision by the United States Court of Appeals for the Fourth Circuit adopting that standard, this Court should refrain from doing so. They also claim that the Fourth Circuit disapproved of such a standard when it held that a defendant extensively litigating in the state court had waived its right to removal. ECF No. 45 at 26 (citing *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181 (4th Cir. 2017). The Magistrate Judge addressed the facts presented in *Northrop Grumman*, finding that they differ widely from facts here because this Defendant lacked knowledge about the basis for removal for months and did not conduct a defense in state court for several months before removal. ECF No. 45 at 26–27.

The Court finds *Northrop Grumman* inapposite. Plaintiffs fail to present any binding precedent that forbids applying the standard applied in the R&R. The Court **OVERRULES** this Objection.

Next, Plaintiffs object to the R&R's finding that JCI did not waive its government contractor defense in the state court. ECF No. 47 at 22. Plaintiffs claim that JCI's discovery responses and failure to oppose Plaintiffs' motion to strike should constitute a waiver of the defense. *Id.* The Magistrate Judge determined that JCI's discovery responses were "not affirmative, intentional and unambiguous statements about facts that constitute judicial admissions." ECF No. 45 at 24. JCI lacked sufficient notice that the Plaintiffs intended to abandon the disclaimer. The Court agrees that it was reasonable for JCI to believe that "JCI could not waive a defense that Plaintiffs had already removed from the scope of the case" via disclaimer. *Id.* at 25.

Finally, Plaintiffs object to the R&R's alleged failure to credit their experts' testimony that federal law compelled JCI to include warnings on its gaskets. ECF No. 47 at 23–24. Plaintiffs allege that the government did not exercise discretion, as is required to present a colorable defense.

The Court need only find a "reasonable probability" that facts support a colorable contractor defense. Here, JCI provided sufficient evidence that the Navy "dictated or approved the warnings that the contractor actually provided."[1] ECF No. No. 45 at 36; ECF No. 49 at 10. Therefore, JCI has established a "reasonable probability" of a colorable government contractor defense. The Objection is **OVERRULED**.

## II. Motion for Sanctions

Plaintiffs seek sanctions (ECF No. 21) against JCI under Federal Rule of Civil Procedure 11 for JCI's assertion of a government contractor defense and removal thereunder. Plaintiffs argued that removal was frivolous, but the Magistrate Judge found that JCI acted reasonably. ECF

---

[1] "[I]n specifying some warnings in response to the known dangers of asbestos, the government necessarily exercised discretion in not requiring additional warnings." ECF No. 45 at 37 (quoting *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 257 (4th Cir. 2017)).

No. 46 at 5–7. Plaintiffs also alleged that JCI asserted the contractor defense in bad faith, but the Magistrate Judge held that Plaintiffs failed to establish objective evidence of an improper motive. ECF No. 46 at 8–9. Finally, Plaintiffs claimed that JCI misrepresented its knowledge of Plaintiffs' claims for purposes of meeting the deadline for removal, but the R&R recognized legal and factual grounds to support the timeliness of JCI's removal. *Id.* at 10. Accordingly, the Magistrate Judge recommended that Plaintiffs' Motion for Sanctions be denied. ECF No. 45. By copy of the report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* Plaintiffs timely filed Objections.

Plaintiffs again argue that JCI knew of Plaintiffs' claims involving warnings on the gaskets before JCI filed for removal, and that JCI misrepresented its alleged notice of Plaintiffs' claims. ECF No. 48 at 6. Given JCI's reasonable uncertainty regarding Plaintiffs' claims and Plaintiffs' failure to cite objective evidence that JCI misled the Court, JCI's conduct does not warrant sanctions. Plaintiffs also object to the R&R's finding that JCI's removal was made in good faith. ECF No. 48 at 7–8. Plaintiffs' disclaimer, which removed claims that would implicate the federal contractor defense, provides reasonable grounds for JCI's uncertainty as to Plaintiffs' claims up to the eve of trial. Therefore, sanctions are not warranted, and the Objections to this portion of the R&R are **OVERRULED**.

III. **Conclusion**

The Court, having reviewed the record and making *de novo* findings regarding the positions of the R&R objected to, **ADOPTS AND APPROVES** the findings and recommendations set forth in the Reports and Recommendations (ECF Nos. 45 and 46). It is therefore **ORDERED** that Plaintiffs' Motion for Sanctions (ECF No. 37) is **DENIED** and Plaintiffs' Motion for Remand

(ECF No. 19) is **DENIED**.

        **IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
February 20, 2019