**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**HERBERT H. MULLINEX, JR.
and PATRICIA E. MULLINEX**

        **Plaintiffs,**

v.                                             **CIVIL ACTION NO.: 4:18-cv-00033**

**JOHN CRANE, INC.,**

        **Defendant.**

**PLAINTIFFS' MOTION TO VACATE ORDER PURSUANT TO
RULE 60(b) OR, ALTERNATIVELY, HOLD THAT JCI IS ESTOPPED OR WAIVED
ASSERTING A GOVERNMENT CONTRACTOR DEFENSE AS TO CERTAIN ISSUES**

NOW COME PLAINTIFFS, by counsel, and move this Court to vacate its February 20, 2019 Order (ECF 61) under Rule 60(b) and remand this case to the Circuit Court for the City of Newport News. Alternatively, Plaintiffs move this Court to hold that JCI is estopped from asserting the government contractor defense or has waived the government contractor defense as to any failure to warn on or in packaging, containers, technical manuals, drawings or specifications.

In its removal papers (ECF 1) and in its Opposition to Plaintiffs' Motion for Remand (ECF 29), JCI repeatedly conceded that it was aware that Plaintiffs' complaint claimed that JCI failed to warn on and in its products' packaging and containers, in technical manuals, on drawings or in specifications. JCI argued that it was not aware that Plaintiffs were claiming that JCI failed to warn on the face of its gasket material until the Thursday before the state court trial was scheduled to begin. JCI further contended that its removal—which occurred 15 months after JCI was served with Plaintiffs' original complaint—was timely because it was not until the eve of the state court trial that JCI understood that Plaintiffs were alleging a failure to warn on the face of JCI's gasket material. And JCI contended that this "new" allegation gave rise to a colorable federal defense—

1

the government contractor defense. This Court relied on JCI's representations in denying Plaintiffs' Motion for Remand as to the timeliness of JCI's removal.

Now, JCI claims that it is also immune under the government contractor defense for failing to provide a warning on its products' *packaging* and that this immunity is so clear as to warrant summary judgment. If this is true, then JCI necessarily admits that it was objectively ascertainable that this case was removable at the time JCI was first served with Plaintiffs' complaint fifteen months before this case was ultimately removed. Accordingly, because this Court relied on JCI's contrary statements at the time of removal in denying Plaintiffs' Motion for Remand, this Court should vacate its February 20, 2019 Order (ECF 61) under Rule 60(b) and remand this case to the Circuit Court for the City of Newport News.

In the event this Court decides not to vacate its order under Rule 60(b), this Court should find that JCI is estopped from pursuing the government contractor defense with regard to warnings anywhere other than the face of its gasket material, or hold JCI to its state court waiver on this issue because JCI (a) was clearly aware that the failure to warn allegations in Plaintiffs' complaints alleged failure to warn on or inside JCI's packaging or containers, in technical manuals, in drawings and in specifications, (b) did not oppose Plaintiffs' motion to strike JCI's government contractor defense in state court in the face of these clear allegations but, rather, knowingly waived any government contractor defense as to these allegations in the state court, and (c) told this Court that the reason its removal was timely was because these allegations did not put JCI on notice of a colorable federal defense.

In support of this motion, Plaintiffs refer this Court to *Plaintiffs' Memorandum in Support of Plaintiffs' Motion To Vacate Order Pursuant To Rule 60(B) Or, Alternatively, Hold That JCI*

2

*Is Estopped Or Waived Asserting A Government Contractor Defense As To Certain Issues,* filed this day.

                Respectfully Submitted,

                By: /s/ William W.C. Harty
                *Counsel for Plaintiffs*

William W.C. Harty, Esq. (VSB # 45447)
Robert R. Hatten, Esq. (VSB # 12854)
Hugh B. McCormick, III, Esq. (VSB # 37513)
Erin E. Jewell, Esq. (VSB # 71082)
Samantha P. Graham, Esq. (VSB# 93529)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue - Suite 300
Newport News, VA 23602
(757) 223-4500 Telephone
(757) 249-3242 Facsimile
Pleadings@pwhd.com
wharty@pwhd.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 10th day of January, 2020, I electronically filed Plaintiffs' Motion to Vacate Order Pursuant to Rule 60(B) or, Alternatively, Hold That JCI is Estopped or Waived Asserting a Government Contractor Defense as to Certain Issues, with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Eric G. Reeves, Esq.<br>Brian J. Schneider, Esq.<br>Mary Louise Roberts<br>Lisa Moran McMurdo<br>**MORAN REEVES & CONN PC**<br>1211 East Cary Street<br>Richmond, VA 23219 | Counsel for John Crane, Inc. |

                Respectfully Submitted,

                By: /s/ William W.C. Harty
                 *Counsel*