IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

HERBERT H. MULLINEX, JR.,

and

PATRICIA E. MULLINEX

       Plaintiffs,

v.                                                                   CIVIL ACTION NO. 4:18-cv-33

JOHN CRANE, INC., *et al.*,

       Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court are Herbert H. Mullinex ("Mr. Mullinex") and Patricia E. Mullinex's (collectively "Plaintiffs") Objections to the Magistrate Judge's Order Ruling on Plaintiffs' Motion in Limine to Limit or Exclude the Testimony of Rear Admiral David Sargent. ECF No. 143. For the following reasons, Plaintiffs' objections are **OVERRULED** and the Magistrate Judge's order is **AFFIRMED**. ECF No. 129.

**I. FACTUAL AND PROCEDURAL HISTORY**

In this suit, Plaintiffs seek to hold JCI liable for failing to warn Mr. Mullinex of the hazards related to JCI's asbestos-containing sheet gaskets and valve and pump packing from 1969 to 1978 during Mr. Mullinex's service in the Navy. As part of its defense, JCI relies on the opinion of Ret. Rear Admiral David P. Sargent, Jr. ("RADM Sargent") in its attempt to refute Plaintiffs' allegations related to the obligations of Navy contractors and the working conditions

1

on Navy ships during the time of Mr. Mullinex's alleged asbestos exposure. RADM Sargent submitted his initial report on October 15, 2019 and a rebuttal to Plaintiffs' proposed expert on November 12, 2019. *See* ECF Nos. 84-3, 84-4.

On December 4, 2019, Plaintiffs filed their Motion in Limine. ECF Nos. 82, 84. On December 30, 2019, Defendants filed their Memorandum in Opposition to Plaintiffs' Motion in Limine. ECF No. 110. On January 6, 2020, Plaintiffs replied to Defendants' Memorandum in Opposition. ECF No. 114. On February 6, 2020, Magistrate Judge Douglas E. Miller entered an order granting in part and denying in part Plaintiffs' Motion in Limine. ECF No. 129. Plaintiffs' filed their Objections to the Magistrate Judge's Order Ruling on Plaintiffs' Motion in Limine on February 20, 2020. ECF No. 143. Defendants responded to the Plaintiffs' objections to the magistrate judge's order on March 5, 2020. ECF No. 149. Plaintiffs replied to Defendants' response on March 11, 2020. ECF No. 152. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

A district judge may modify or set aside any portion of a magistrate judge's decision only if it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### B. Expert Testimony

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

Consistent with Rule 702, expert testimony must implicate the following concerns: (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993). The first prong of the *Daubert* inquiry necessitates an examination of whether the reasoning or methodology underlying the expert's opinion is reliable—that is, whether it is supported by adequate validation to render it trustworthy. *See id.* at 590 & n. 9. The second prong of the *Daubert* inquiry requires an analysis of whether the opinion is relevant to the facts at issue. *See id.* at 591–92. Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999).

In considering the reliability and relevance of a purported expert, courts utilize a flexible inquiry focusing on the "principles and methodology" employed, not on the substance of the conclusions. *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) *quoting Daubert*, 178 F.3d at 594–95. Courts should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert testimony without requiring it to be irrefutable or certainly correct. *Westburry*, 178 F.3d at 261. However, evidence that has a greater potential to mislead rather than enlighten should be excluded. *Id.*

In support of the objectives outlined in *Daubert*, most expert witnesses are required to provide a report containing the following information:

3

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(b).

### III. DISCUSSION

RADM Sargent is a licensed professional mechanical engineer with decades of experience as a Navy certified acquisition professional and his resume is listed in the magistrate judge's order. *See* ECF No. 129 at 6–7. JCI argues that RADM Sargent's management experience in the Navy as a certified acquisition professional from 1983 to 1999 along with his 15 years of litigation consulting experience render him an expert in the field of "Navy, [Department of Defense], Federal specifications, and other government specifications, standards and contract laws." ECF No. 110-3 at 4.

Plaintiffs contend that the magistrate judge's order on their Motion in Limine is clearly erroneous or contrary to law in allowing RADM Sargent to testify as an expert on the following issues: (1) the interaction between the Manufacturing Chemists Associations' Manual L-1 ("MCA L-1 Guide"), the Federal Hazardous Substances Act ("FHSA") and the National Fire Protection Association ("NFPA") standards and various Navy packaging specifications; (2) the potential presence of asbestos thermal insulation on Mr. Mullinex's ships without proper foundation or personal knowledge; (3) a set of gasket and packing specifications ("G&P Specifications") without the requisite experience or personal knowledge; and (4) his opinion that

certain Military Standards are solely packaging standards without the requisite basis for that opinion. ECF No. 143. Each of Plaintiffs' contentions is without merit.

The magistrate judge meticulously addressed each of Plaintiffs' contentions regarding RADM Sargent's qualifications and his application of the naval specifications supporting his report in the Order ruling on the Plaintiffs' Motion in Limine. *See generally* ECF No. 129 (addressing RADM Sargent's qualifications, the gasket specifications, the packaging standard and related authorities, and the presence and exposure to asbestos-containing thermal insulation). The implicit conclusion of the magistrate judge's order is that RADM Sargent is qualified to testify as an expert on naval specifications and procurement standards based on his education and licensure as a mechanical engineer and his experience as a Navy officer and certified acquisition professional, as well as his experience as a litigation consultant. The Court finds the magistrate judge's broad conclusion to be well justified by the record. Additionally, the Court finds that RADM Sargent has provided a sufficient foundation to show that his conclusions regarding the application of the relevant naval specifications and procurement standards are reliable.

Generally, the Court reiterates the conclusions of the magistrate judge's order relevant to Plaintiffs' objections: (1) RADM Sargent may testify on the application of Navy packaging standards in the naval procurement context, even if there is some conflict between his interpretation of the Navy packaging standards and other interpretations of the MCA L-1 Guide, FHSA, and the NFPA standards; (2) RADM Sargent may testify about the potential presence of asbestos thermal insulation during Mr. Mullinex's period of service in the Navy, subject to potential objections regarding the relative quantity of asbestos from different sources on each ship; (3) RADM Sargent may testify about the G&P Specifications, given his experience as a

certified acquisition professional; and (4) RADM Sargent may testify about the MIL-STD-129, MIL-STD-1341, and Fed. Std. 313, given his experience as a certified acquisition professional.

Moreover, Plaintiffs may cross-examine RADM Sargent on the conclusions flowing from his application of Navy packaging standards and his experience or lack thereof in applying the aforementioned military specifications, as stated repeatedly in the magistrate judge's comprehensive and well-reasoned order. *See* ECF No. 129 at 5, 11, 15, 17 *citing Daubert*, 509 U.S. at 596; *Pugh v. Louisville Ladder*, 361 F. App'x 448, 452 (4th Cir. 2010); *Westberry*, 178 F.3d at 261. Further, Plaintiffs have the ability to cross-examine RADM Sargent (and other witnesses) on insulation work and abatement onboard the ships in which Mr. Mullinex served for the purpose of evaluating his opinion that there was thermal insulation on those ships. As a general matter, RADM Sargent is qualified to offer his opinion about the potential presence of asbestos-containing thermal pipe insulation and Mr. Mullinex's proximity to it based on his well-documented experience. However, the magistrate judge appropriately cabins the potential scope of RADM Sargent's testimony in two ways: (1) the testimony will be limited to the extent to which it does not consider all appropriate factors of Mr. Mullinex's asbestos exposure; and (2) the testimony may not include an opinion regarding Mr. Mullinex's actual asbestos exposure, given his lack of personal knowledge. In sum, nothing about the magistrate judge's order is clearly erroneous or contrary to law. Therefore, the magistrate judge's order is affirmed. ECF No. 129.

## IV. CONCLUSION

For the following reasons, Plaintiffs' objections are **OVERRULED** and the Magistrate Judge's order is **AFFIRMED**. ECF No. 129.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
April 27, 2020

_____
UNITED STATES DISTRICT JUDGE