# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | |
|---|---|
| HERBERT H. MULLINEX, JR. and PATRICIA E. MULLINEX, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  Case No. 4:18-cv-00033-RAJ-DEM |
| JOHN CRANE INC., | ) ) ) |
| Defendant. | ) |

## JOHN CRANE INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, John Crane Inc. ("JCI"), by counsel, responds to Plaintiffs' Amended Complaint ("Amended Complaint") [ECF No. 1-4] as follows:

## ANSWER

1. The allegations contained in Paragraph 1 of the Amended Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, JCI denies those allegations and demands strict proof thereof.

2. The allegations contained in Paragraph 2 of the Amended Complaint contain a purported definition of "asbestos-containing product," and no response is required. If, and to the extent any response is required, JCI denies those allegations and demands strict proof thereof.

3. The allegations contained in Paragraph 3 of the Amended Complaint contain a purported definition of "asbestos-containing packing," and no response is required. If, and to the extent any response is required, JCI denies those allegations and demands strict proof thereof.

4. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint and, therefore, denies them.

5. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint and, therefore, denies them.

6. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint and, therefore, denies them.

7. In response to the allegations contained in Paragraph 7 of the Amended Complaint, JCI admits that it is a corporation, but denies the remaining allegations as they relate to JCI and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. The remaining allegations contained in Paragraph 7 of the Amended Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, JCI denies those allegations.

8. The allegations contained in Paragraph 8 of the Amended Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, JCI denies those allegations and demands strict proof thereof.

9. JCI denies the allegations contained in Paragraph 9 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the Amended Complaint and, therefore, denies them.

10. JCI denies the allegations contained in Paragraph 10 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Amended Complaint and, therefore, denies them. Furthermore, plaintiffs' attempt to expressly disclaim any claim arising under the Death on the High Seas Act, 46 U.S.C. 30301 § et seq. is invalid as a matter of law. Plaintiffs' attempt to disclaim "any theory arising from the Defendant's acts, if any, at the direction of a Federal Officer," is likewise an invalid attempt to deprive JCI of a federal defense.

11. In response to Paragraph 11 subparagraph (f) of the Amended Complaint, JCI admits that it is a Delaware corporation. JCI denies the remaining allegations of Paragraph 11, subparagraph (f) and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, subparagraphs (a) through (e) and (g) through (m) and therefore, denies them.

12. JCI denies the allegations contained in Paragraph 12 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of the Amended Complaint and, therefore, denies them.

## **COUNT I – NEGLIGENCE**

13. In response to Paragraph 13 of the Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 12 as if set forth fully herein.

14. JCI denies the allegations contained in Paragraph 14 and 14(a) through (b) of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 and 14(a) through (b) of the Amended Complaint and, therefore, denies them.

15. JCI denies the allegations contained in Paragraph 15 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Amended Complaint and, therefore, denies them.

16. JCI denies the allegations contained in Paragraph 16 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of the Amended Complaint and, therefore, denies them.

## **COUNT II – STRICT LIABILITY**

17. In response to Paragraph 17 of the Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 16 as if set forth fully herein.

18. JCI denies the allegations contained in Paragraph 18 and 18(a) through (e) of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 and 18(a) through (e) of the Amended Complaint and, therefore, denies them.

19. JCI denies the allegations contained in Paragraph 19 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 19 of the Amended Complaint and, therefore, denies them.

20. JCI denies the allegations contained in Paragraph 20 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 20 of the Amended Complaint and, therefore, denies them.

## COUNT III - SPOUSAL PRE-DEATH LOSS OF SOCIETY AND CONSORTIUM

21. In response to Paragraph 21 of the Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 20 as if set forth fully herein.

22. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint and, therefore, denies them.

23. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and, therefore, denies them.

24. JCI denies the allegations contained in Paragraph 24 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 of the Amended Complaint and, therefore, denies them. Answering further, and to the extent that plaintiffs seek to recover from JCI for loss of consortium / society under either maritime or Virginia law for personal injuries, such damages are not permitted. In the event that maritime jurisdiction and maritime law are deemed to be applicable to any part of plaintiffs' potential wrongful death claim, plaintiff was a Navy seaman. Therefore, any damages awarded under maritime law are limited to pecuniary damages. *See* 46 U.S.C. § 30302*; Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009); *Yamaha Motor Corp. v. Calhoun,* 516 U.S. 199 (1996); *Miles v. Apex Marine Corp.,* 498 U.S. 19 (1990); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624 (1978). As such, loss of consortium /

society damages are unavailable. *John Crane, Inc. v. Hardick,* 284 Va. 329, 732 S.E.2d 1 (2012).

## COUNT VI – STRICT LIABILITY OF FACE MASK MANUFACTURER 3M

25. In response to Paragraph 25 of the Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 24 as if set forth fully herein.

26. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Amended Complaint and, therefore, denies them.

27. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Amended Complaint and, therefore, denies them.

28. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Amended Complaint and, therefore, denies them.

29. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Amended Complaint and, therefore, denies them.

30. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Amended Complaint and, therefore, denies them.

31. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 31 of the Amended Complaint and, therefore, denies them.

32. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Amended Complaint and, therefore, denies them.

33. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 33 and 33 (a) through (l) of the Amended Complaint and, therefore, denies them.

34. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Amended Complaint and, therefore, denies them.

35. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Amended Complaint and, therefore, denies them.

## COUNT VIII - PRODUCTS LIABILITY MASKS – NEGLIGENT DESIGN AND NEGLIGENT FAILURE TO WARN

36. In response to Paragraph 36 of the Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 35 as if set forth fully herein.

37. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Amended Complaint and, therefore, denies them.

38. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Amended Complaint and, therefore, denies them.

39. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Amended Complaint and, therefore, denies them.

40. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Amended Complaint and, therefore, denies them.

41. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Amended Complaint and, therefore, denies them.

42. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Amended Complaint and, therefore, denies them.

43. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Amended Complaint and, therefore, denies them.

44. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Amended Complaint and, therefore, denies them.

45. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 and 45(a) through (e) of the Amended Complaint and, therefore, denies them.

46. JCI is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Amended Complaint and, therefore, denies them.

## **COUNT IV – CONCLUSION**

47. In response to Paragraph 47 of the Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 46 as if set forth fully herein.

48. JCI denies the allegations contained in Paragraph 48 and 48(a) through (e) of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 48 and 48(a) through (e) of the Amended Complaint and, therefore, denies them.

49. JCI denies the allegations contained in Paragraphs 49 and 49(a) of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraphs 49 and 49(a) of the Amended Complaint and, therefore, denies them.

50. JCI denies the allegations contained in Paragraph 50 of the Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held

responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 50 of the Amended Complaint and, therefore, denies them.

JCI denies plaintiffs' entitlement to any of the relief sought against JCI in their prayer for relief.

## **AFFIRMATIVE DEFENSES**

In addition to its responses above, JCI raises affirmatively the following defenses to the Amended Complaint:

1. The Amended Complaint fails to state a claim against JCI upon which relief can be granted.

2. The exposures in question and plaintiffs' alleged damages were caused by the acts and/or omissions of third parties over whom JCI has no control and for whom JCI is not responsible.

3. JCI specifically denies that plaintiffs are entitled to recover exemplary or punitive damages. In this regard, JCI further avers that such damages are unconstitutional, and that claims for such damages are barred by the Fifth, Eighth and Thirteenth Amendments to the United States Constitution and the applicable provisions of the Constitution of the Commonwealth of Virginia.

4. If it is shown that plaintiff used any product manufactured, sold or supplied by JCI and/or any entity for which JCI may be held responsible, which is specifically denied, and it is shown that such product was supplied to, by or on behalf of the United States government, then JCI raises any immunity from suit or liability conferred upon the United States government and/or JCI which may arise under the circumstances.

5. At all times relevant herein, plaintiff and/or his employers possessed knowledge and awareness of the possible hazards resulting from exposure to asbestos which was equal to or exceeded any such knowledge possessed by JCI, and, therefore, the plaintiffs' claims are barred by the sophisticated user and/or purchaser defenses.

6. JCI is entitled to a set-off from any and all sums recovered by or on behalf of the plaintiffs by way of any settlement, judgment or otherwise which were, or are, entered into or received by plaintiffs for any party or non-party to this action.

7. JCI acted in conformity with the existing state-of-the-art during all times relevant to this litigation.

8. JCI was not a substantial contributing factor in causing injury here.

9. JCI asserts the defense of contributory negligence and/or voluntary assumption of the risk.

10. Plaintiffs fail to demonstrate that maritime jurisdiction extends over this case, as required under *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). Plaintiffs also fail to prove that Virginia law is not the law that governs plaintiffs' causes of action and remedies. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994); *Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 628 (1st Cir. 1994). Thus, plaintiffs cannot recover for strict liability, or under a "should have known" standard on their negligence claim. Application of Virginia law will further lead to application of Virginia's "multiple sufficient causes" standard for medical causation as articulated by the Virginia Supreme Court in *Ford Motor Co. v. Boomer*, 285 Va. 141, 736 S.E.2d 724 (2013). Plaintiffs are also limited, in the event of a verdict for plaintiffs, to those damages provided for under Virginia law. Application of Virginia law limits any recovery

of punitive damages to $350,000, *see* Va. Code § 8.01-38.1, should such a claim even be submitted to the jury and a verdict returned for plaintiffs.

11. In the event that maritime jurisdiction and maritime law are deemed to be applicable to any part of plaintiffs' potential wrongful death claim, plaintiff was a Navy seaman. Therefore, any damages awarded under maritime law are limited to pecuniary damages. *See* 46 U.S.C. § 30302; *Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996); *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624 (1978). As the Supreme Court of Virginia held in *John Crane, Inc. v. Hardick*, 284 Va. 329, 732 S.E.2d 1 (2012), this means that the loss of consortium/society damages sought by plaintiffs are unavailable. Moreover, this Court is without subject matter jurisdiction – under the Savings to Suitors Clause of 28 U.S.C. § 1333 – to award pain and suffering damages under general maritime law.

12. Neither the General Assembly nor the Virginia Supreme Court has ever recognized a cause of action for fear of cancer under Virginia law. Plaintiffs therefore fail to state a claim upon which relief can be granted under paragraph 48(e) of the Amended Complaint.

13. JCI hereby incorporates the defenses of other Defendants as they may be applicable to JCI.

14. JCI reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer and to assert additional cross claims or counterclaims upon ascertaining more definite facts during and upon completion of discovery and investigation.

**JOHN CRANE INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Dated: September 3, 2021

        **Respectfully submitted,**
        **JOHN CRANE INC.,**
        **Defendant**


        By:   /s/ Eric G. Reeves
                  Counsel

| | |
|---|---|
| Eric G. Reeves (VSB # 38149) | Brian J. Schneider (VSB #45841) |
| Laura May Hooe (VSB # 84170) | HAWKINS PARNELL & YOUNG, LLP |
| Mary Louise Roberts (VSB # 34305) | 303 Peachtree St., NE |
| Lisa Moran McMurdo (VSB # 44371) | Suite #4000 |
| MORAN REEVES & CONN PC | Atlanta, GA 30308 |
| 1211 E. Cary Street | Telephone: (804) 921-1306 |
| Richmond, Virginia 23219 | bschneider@hpylaw.com |
| Telephone: (804) 421-6250 | |
| Facsimile: (804) 421-6251 | |
| ereeves@moranreevesconn.com | |
| lmayhooe@moranreevesconn.com | |
| mroberts@moranreevesconn.com | |
| lmcmurdo@moranreevesconn.com | |
| *Counsel for John Crane Inc.* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September, 2021, a true and accurate copy of the foregoing was filed electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Eric G. Reeves
Eric G. Reeves (VSB # 38149)
Laura May Hooe (VSB # 84170)
Mary Louise Roberts (VSB # 34305)
Lisa Moran McMurdo (VSB # 44371)
MORAN REEVES & CONN PC
1211 East Cary Street
Richmond, Virginia 23219
Telephone:  (804) 421-6250
Facsimile:  (804) 421-6251
ereeves@moranreevesconn.com
lmayhooe@moranreevesconn.com
mroberts@moranreevesconn.com
lmcmurdo@moranreevesconn.com