UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

HERBERT H. MULLINEX, JR.
and PATRICIA E. MULLINEX,

    Plaintiffs,

v.                   No. 4:18-cv-00033

JOHN CRANE INC.,

    Defendant.

## REPORT AND RECOMMENDATION

This order concerns two motions through which Plaintiffs Herbert H. Mullinex, Jr., and Patricia E. Mullinex raise judicial estoppel against Defendant John Crane Inc.'s ("JCI") government contractor defense. (ECF Nos. 192, 201). Plaintiffs first moved to estop JCI from contending that the Navy, the Department of Defense, or another other government agency ("the Government") precluded JCI from placing warnings on the face of its gasket material. Pls.' Mem. (ECF No. 195, at 1). JCI opposed the motion, (ECF No. 268), and Plaintiffs replied, (ECF No. 304). Plaintiffs also separately moved to estop JCI from arguing that the Government precluded JCI from placing warnings on the packaging and elsewhere. Pls.' Mem. (ECF No. 204, at 3). JCI opposed the motion, (ECF No. 270), and Plaintiffs replied, (ECF No. 305). For the reasons listed below, I RECOMMEND the court DENY Plaintiffs' motion regarding warnings on the face of the gasket material (ECF No. 192) and GRANT Plaintiffs' motion regarding warnings placed elsewhere (ECF No. 201). Both motions were filed as Motions in Limine and referred to me by standing order. Because the motions may be dispositive of a claim or defense, I have entered a recommended disposition under Federal Rule of Civil Procedure 72(a).

## I. FACTUAL AND PROCEDURAL HISTORY

Originally brought in state court, JCI removed the case pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446(b) based on JCI's government contractor defense. Notice of Removal (ECF No. 1). Although the case had been pending in state court for over two years, JCI argued that removal was appropriate after Plaintiffs raised an intent to "pursue a theory of recovery based on JCI's failure to place a warning on the face of its products." Id. at 4; see also Def.'s Opp'n to Pls.' Mot. to Remand (ECF No. 29, at 5). As JCI argued, Plaintiffs' theory newly implicated the government contractor defense because the Government approved all gasket specifications, "including the brandings on the face of the sheet gasket material." Notice of Removal (ECF No. 1, at 9). This court has reviewed aspects of JCI's government contractor defense multiple times.

### A. Government Contractor Defense in State Court

As detailed more thoroughly in United States Magistrate Judge Robert J. Krask's Report and Recommendation ("R&R") recommending denial of Plaintiffs' motion to remand the case, JCI did not raise a government contractor defense prior to removal. See (ECF No. 45, at 12-16). Plaintiffs' Complaint in state court contained a "disclaimer" as follows:

> [T]hese Defendants are only being sued for their failure to warn of the hazards of asbestos exposure, and are not being sued on any other theory, including any design defect or any theory arising from the Defendant's acts, if any, at the direction of a Federal Officer and such other theories are expressly waived.

Compl. (ECF No. 1-1, at 6). JCI filed a demurrer that the disclaimer was "an invalid attempt to deprive JCI of a federal defense." Def.'s Dem. (ECF No. 1-3, at 5). JCI also reserved the right to raise immunity if evidence later showed that "product[s] [were] supplied to, by or on behalf of the United States government." Id. at 10-11. Plaintiffs moved to strike JCI's government contractor defense, and JCI agreed that it did not intend to raise a government contractor defense, "but

2

expressly reserve[d] the right to do so in any future case." Pls.' Mem. in Supp. of Mot. to Remand Ex. 15 (ECF No. 20-15, at 1).

On March 21, 2018, JCI received Plaintiffs' state trial jury instructions, which described warnings as being "on a label, . . . on the packaging, . . . [or] <u>on the product itself</u>." Def.'s Opp'n to Pls.' Mot. to Remand Ex. 11 (ECF No. 29-12, at 2) (emphasis added). At a pretrial hearing on March 22, 2018, parties confirmed that Plaintiffs intended to pursue a claim for failure to put warnings on the face of gasket material. See Def.'s Opp'n to Pls.' Mot. to Remand Ex. 10 (ECF No. 29-11). By so arguing, Plaintiffs abandoned their disclaimer. See (ECF No. 45, at 33). JCI then removed the case. Notice of Removal (ECF No. 1).

**B.  Plaintiffs' Motions for Remand and Sanctions**

Plaintiffs moved to remand the case on March 23, 2018. (ECF No. 19). Plaintiffs opposed removal mainly on the grounds that JCI had waived its government contractor defense and that removal was untimely. See Pls.' Mem. in Supp. of Mot. to Remand (ECF No. 20, at 1-3). Plaintiffs also moved for sanctions against JCI based on the removal. (ECF No. 21). In his R&R on Plaintiffs' motions, Judge Krask recommended denying both remand and sanctions. (ECF Nos. 45, 46). Judge Krask found that JCI's removal was proper because it asserted a colorable government contractor defense, and that procedural issues such as timeliness and waivers did not bar removal. (ECF No. 45, at 45). Judge Krask similarly found sanctions inappropriate because JCI acted reasonably in filing its notice of removal. (ECF No. 46, at 5, 11). Plaintiffs objected to both recommendations, (ECF Nos. 47, 48), but after conducting a <u>de novo</u> review of the objected findings, United States District Judge Arenda L. Wright Allen adopted Judge Krask's recommendations fully, (ECF No. 61).

JCI based removal on the fact that the "Complaint excludes any allegations of failing to warn on the face of the product." Notice of Removal (ECF No. 1, at 5). In opposing remand, JCI emphasized Plaintiffs' allegations:

> The complaint alleges defendants "failed to place any warnings or adequate or sufficient warnings in the following places: 'on or inside the packaging'; 'on or inside the containers'; 'in technical manuals'; 'in . . . drawings;' or 'in specifications.' Thus, to avoid implicating the [government contractor defense], plaintiffs allege with particularity nearly half a dozen places where they allege a warning should have appeared. Conspicuously absent from that list is any allegation JCI should have placed a warning <u>on the face of its sheet gasket material</u>.

Def.'s Opp'n to Pls.' Mot. to Remand (ECF No. 29, at 2-3) (emphasis in original).

In his R&R recommending denial of Plaintiffs' motion to remand, Judge Krask analyzed the Complaint similarly:

> Among the various allegations . . . , there was no allegation that defendants, including JCI, failed to include a warning on their asbestos-containing products. The complaint "could arguably implicate" such a warning, but the fact that a warning on the products themselves was not listed among the numerous specific alleged failures to warn weighs against such a reading of the complaint.

(ECF No. 45, at 31). Judge Krask noted that "[l]ater discovery requests and responses also did not clarify whether plaintiffs' claims implicated a failure to warn on the products themselves." <u>Id.</u> Therefore, it was not apparent to JCI that the government contractor defense was available until the March 22, 2018, hearing, making JCI's removal timely. <u>Id.</u> at 33.

In his overlapping R&R recommending denial of sanctions, Judge Krask noted that "JCI points out that the U.S. Navy approved particular writings or markings to be made on the face of the product." (ECF No. 46, at 7). He ultimately found that "[r]emoval was timely based on when JCI ascertained that plaintiffs' claims implicated the federal contractor defense based on failure to place warnings on products." <u>Id.</u> at 9. JCI had also not misrepresented its knowledge of this claim because the Complaint contained a disclaimer

4

>limiting the theory of their case only to claims that would not touch upon JCI's actions under the direction of a federal officer. Even if the disclaimer was not effective to prevent removal, its inclusion in the complaint and the lack of specific allegations about warnings on the face of the products weighed against reading the complaint to include a failure to place warnings on the face of JCI's products.

Id. at 10. As such, JCI could not appropriately be sanctioned for removing the case. Id. at 11.

In adopting Judge Krask's R&R, Judge Allen approved the standard that Judge Krask applied to find removal timely, found that JCI had not waived its defense in state court, and noted that JCI had "established a 'reasonable probability' of a colorable government contractor defense." (ECF No. 61, at 2-3). Judge Allen also found sanctions inappropriate "[g]iven JCI's reasonable uncertainty regarding Plaintiffs' claims" regarding "warnings on the gaskets." Id. at 4.

### C. Motions for Summary Judgment

On December 4, 2019, JCI moved for summary judgment on the government contractor defense. (ECF No. 83). United States District Judge Raymond A. Jackson denied JCI's motion, finding that there was a "genuine dispute as to the material facts underlying" the government contractor defense. (ECF No. 173, at 1). Plaintiffs similarly moved for partial summary judgment on JCI's sophisticated purchaser and government contractor defenses. (ECF No. 80). Judge Jackson granted Plaintiffs' motion on the sophisticated purchaser defense but found "adequate grounds to allow Defendant's government contractor defense." (ECF No. 174, at 1). Again, "the Court [found] a genuine dispute as to the material facts." Id. at 2.

In its motion for summary judgment, JCI first suggested that the government contractor defense might apply to non-gasket-face warnings. See Def.'s Mem. in Supp. of Summ. J. (ECF No. 85, at 1-2). In its motion for summary judgment, JCI included the opinion of an expert witness, Admiral Sargent, that "the Navy would not have permitted JCI to place warnings on the face of its gaskets, on the spools of packing, or on the boxes of its products." Id. at 10. JCI's motion also referenced the defense's applicability to "packages." See id. at 28-29. Plaintiffs warned that JCI

5

was extending its government contract defense to include "claims that the Navy would not allow it to put warnings . . . on its products' packaging." Pls.' Opp'n to Def.'s Mot. for Summ. J. (ECF No. 94, at 2) (emphasis in original). Plaintiffs argued that JCI should be estopped from making this argument based on the court's reliance on JCI's representations when denying remand. Id. at 2-3. Because Judge Jackson found genuine disputes of material fact regarding the government contract defense, it was unnecessary to address this estoppel argument. See (ECF No. 173).

## D. Plaintiffs' Motion to Vacate

On January 10, 2020, Plaintiffs filed a motion to vacate the court's order denying Plaintiffs' motion for remand under Fed. R. Civ. P. 60(b). (ECF No. 115). Plaintiffs' motion responded to JCI's arguments regarding packaging from its summary judgment motion. Pls.' Mem. in Supp. of Mot. to Vacate (ECF No. 116, at 2). Plaintiffs argued that "[e]ither JCI is not entitled to governmental immunity regarding warnings on packaging, in which case JCI's removal was timely, or JCI is entitled to governmental immunity regarding warnings on packing, in which case JCI's removal is untimely." Id. at 3 (emphasis in original). In defense of the timeliness of Plaintiffs' own motion, Plaintiffs "ask[ed] this Court to [re]consider . . . based on representations that JCI is now repudiating." Pls.' Reply (ECF No. 127, at 3).

JCI opposed Plaintiffs' motion as inappropriate under Fed. R. Civ. P. 60 and an improper attempt to relitigate the merits of removal. Def.'s Opp'n to Pls.' Mot. to Vacate (ECF No. 126). However, JCI also clarified its intent regarding the non-gasket-face warnings, stating that "the disclaimer in Plaintiffs' Complaint removed any claims implicating the government contractor defense from the scope of litigation. Thus, JCI could not (and did not) waive its right to assert that defense, whether to the face-of-the-gasket claims or packaging claims." Id. at 6 (emphasis added).

Judge Jackson disposed of this motion via minute entry, stating only that "[t]he Court finds no meritorious reason to vacate its decision denying remand." (ECF No. 175).

## II.     JUDICIAL ESTOPPEL

Judicial estoppel "prevent[s] a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007) (citing John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 28 (4th Cir. 1995)). It is "an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts—to deter improper manipulation of the judiciary." Folio v. City of Clarksburg, 134 F.3d 1211, 1217 (4th Cir. 1998) (quoting John S. Clark, 65 F.3d at 28-29). It prevents "parties from deliberately changing positions according to the exigencies of the moment." Martineau v. Wier, 934 F.3d 385, 393 (2019) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)). However, "courts must apply the doctrine with caution," John S. Clark, 65 F.3d at 29, and "must consider each case's 'specific facts and circumstances' before holding a claim barred by judicial estoppel," Martineau, 934 F.3d at 394 (quoting King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 196 (4th Cir. 1988)).

The Fourth Circuit applies a four-prong test to determine if judicial estoppel should be applied in a particular case. It applies where:

> (1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position [is] one of fact instead of law; (3) the prior position [was] accepted by the court in the first proceeding; and (4) the party to be estopped [has] acted intentionally, not inadvertently.

John S. Clark, 65 F.3d at 1217-18 (citing Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996)). The Fourth Circuit has "characterized the final element as 'determinative.'" Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assur. Co., 867 F.3d 449, 458 (4th Cir. 2017) (quoting Lowery, 92 F.3d at 224). "It is inappropriate . . . to apply the doctrine when a party's

prior position was based on inadvertence or mistake." John S. Clark, 65 F.3d at 29 (citing Johnson Serv. Co. v. Transamerica Ins. Co., 485 F.2d 164, 175 (5th Cir. 1973)).

### III. ANALYSIS

**A. JCI is not judicially estopped from arguing that the government contractor defense provides immunity for gasket-face warnings because JCI has not taken inconsistent positions in prior litigation.**

This court has addressed Plaintiffs' arguments on JCI's government contractor defense, as it pertains to gasket-face warnings, multiple times. See (ECF Nos. 45, 46, 61, 173). Judge Krask thoroughly reviewed Plaintiffs' arguments against the government contract defense in his R&Rs on their remand and sanction motions. (ECF No. 45, 46). In his R&R addressing remand, Judge Krask found that "JCI has 'made at least a colorable showing that the government exercised discretion in requiring [JCI] to provide certain notices and warnings, having full knowledge of the dangers involved.'" (ECF No. 45, at 43) (quoting Sawyer v. Foster Wheeler LLC, 860 F.3d 249, 256-57 (4th Cir. 2017)) (emphasis in original). Judge Allen confirmed that JCI had established a reasonable probability of the government contractor defense. (ECF No. 61, at 3). Judge Jackson also reviewed the evidence on summary judgment, finding a material dispute of facts regarding the defense. (Nos. 173, 174). This court has thus previously addressed the substance of many of Plaintiffs' arguments contained in this motion for judicial estoppel regarding gasket-face warnings.[1] (ECF No. 192).

---

[1] One of the issues thoroughly addressed is Plaintiffs' waiver argument. Although Plaintiffs again assert that "JCI ha[s] already expressly waived its government contractor defense in this case on the record in the trial court," Pls.' Mem. (ECF No. 195, at 12), Judge Krask already found that JCI has not waived the claim, (ECF No. 45, at 24-25). Judge Allen confirmed that "it was reasonable for JCI to believe that 'JCI could not waive a defense that Plaintiffs had already removed from the scope of the case' via disclaimer." (ECF No. 61, at 3) (quoting ECF No. 45, at 25).

Plaintiffs argue that the prior motion involved a different standard. See Pls.' Reply (ECF No. 304, at 1). However, there is no additional evidence presented on the waiver argument, and no alteration in the applicable standard, that would cause the court to change its analysis. Therefore, this order does not address waiver independently.

8

Plaintiffs contend that the court should still consider this motion because prior "motions involved different standards and a different analysis," with judicial estoppel specifically requiring consideration beyond the record. Pls.' Reply (ECF No. 304, at 1). However, because JCI has not taken an inconsistent position, the court should decline to judicially estop JCI's defense for gasket-face warnings.

### 1. JCI has not taken an inconsistent position in prior litigation.

The first requirement under the Fourth Circuit's four-part test is that the party "advance[e] an assertion that is inconsistent with a position taken during previous litigation." John S. Clark, 65 F.3d at 1217-18 (citing Lowery, 92 F.3d at 224). Inconsistency for judicial estoppel is, at its most basic, "direct contradiction" in litigation position. In re Matusak, 571 B.R. 176, 180 (E.D.N.C. 2017); see also 18 Moore's Federal Practice – Civil § 134.30 ("Judicial estoppel requires that the party to be estopped have taken a prior position that is directly inconsistent with the position in question; possible, indirect, or implied inconsistency does not trigger the doctrine."). In Lowery v. Stovall, the Fourth Circuit prevented a criminal defendant from claiming that a police officer attacked him without provocation when the defendant had previously pled guilty to maliciously attacking a different officer. Lowery, 92 F.3d at 223. JCI's assertions in this case are not similarly inconsistent.

Plaintiffs argue that JCI is taking an inconsistent position because, in approximately thirty years of litigation, JCI has not previously claimed that the Government prevented it from placing warnings on its products. Pls.' Mem. (ECF No. 195, at 2). Instead, Plaintiffs cite evidence that "JCI thought its products were safe and did not require a warning." Id. at 3. JCI states that these reasons are not "mutually exclusive," and that "[b]oth [justifications] can be—and are, in fact— true." Def.'s Opp'n (ECF No. 268, at 4 n.2). Although corporate representatives like George Sands may have "testified consistently that JCI did not warn on any products because JCI products

9

were not hazardous," this does not establish that JCI's confidence in its products' safety was the company's only reason for eschewing a warning. Id. at 4. Furthermore, corporate representatives may recall different justifications depending on deposition questions. See id. at 4 n.3 (noting that Plaintiffs' argument that George McKillip "'never . . . testif[ied] that JCI was precluded by the Navy from' warning . . . is meaningless in the absence of a question that would elicit such testimony"). Because sophisticated companies like JCI often have multiple justifications for taking corporate action, JCI's safety justification does not logically preclude it from also arguing that the Government prohibited warnings.

Plaintiffs cite background facts and material allegedly constituting admissions from JCI that the Government never prohibited the company from placing warnings on its products. See Pls.' Mem. (ECF No. 195, at 2-12). Plaintiffs cite deposition testimony from corporate representatives, such as George Sands, indicating belief that JCI could place warnings on gasket material, see id. at 6-9, as well as state court admissions that "the U.S. Navy never expressly rejected, prohibited or forbade [JCI] from including any warning with or on any product that [JCI] sold or supplied to the U.S. Navy, Department of Defense, or United States Government," id. at 10. Because JCI has adequately argued that such deposition testimony was misconstrued given that corporate representatives cabin their discretion as "subject to . . . specifications," see Def.'s Opp'n (ECF No. 268, at 5), and because the claims in this case have been historically unclear, the court will not find that this (and related) evidence proves an inconsistent litigation position.

The proof Plaintiffs marshal is not meritless, but these arguments go to the weight of the evidence and constitute trial issues, not issues for judicial estoppel. Plaintiffs' evidence may ultimately cause the trier of fact to reject JCI's government contractor defense, but the evidence does not prevent JCI from utilizing strategies beyond those employed in prior litigation. Rather,

this court must apply judicial estoppel "with caution" and avoid barring permissible defenses, no matter the eventual merit of those defenses at trial. John S. Clark, 65 F.3d at 29.

### 2. The remaining prongs under the Fourth Circuit's four-part test.

Because the court finds that Plaintiffs have failed to establish the first prong under the Fourth Circuit's test, it is unnecessary to reach the remaining three prongs. See John S. Clark, 65 F.3d at 1217-18 (citing Lowery, 92 F.3d at 224). However, because the Fourth Circuit has held that the last "determinative" prong is intentional wrongful action, the court will briefly address this prong. Minnieland Priv. Day Sch., 867 F.3d at 458 (quoting Lowery, 92 F.3d at 224). Plaintiffs attempt to establish JCI's intentional wrongful intention by charging JCI with "delay[ing] the trial" and attempting "get another bite at the apple with regard to the pathology" for Mr. Mullinex's lung tissue. Pls.' Mem. (ECF No. 195, at 23-24). This evidence is insufficient for judicial estoppel.

In his R&R denying sanctions, Judge Krask already reviewed Plaintiffs' evidence under the "improper purpose" standard applicable to that motion, and he found their grounds insufficient. (ECF No. 46, at 8-10) (citing Plaintiffs' arguments that JCI intended to "unnecessarily delay the trial in circuit court" and "to obtain 'sufficient pathological lung tissue samples for a fiber digestion study'"). These same circumstances are similarly insufficient here to show that JCI has taken improper advantage of the judicial process. Instead, the evidence indicates that JCI tried to reserve the government contractor defense in state court. See Def.'s Dem. (ECF No. 1-3, at 10-11). JCI also lacked sufficient notice of the defense because of the Complaint's unclear disclaimer and because there were no allegations regarding gasket-face warnings. Therefore, Plaintiffs have failed to establish that JCI intentionally acted in a wrongful manner.

**B.  JCI is judicially estopped from arguing that the government contractor defense provides immunity for non-gasket-face warnings because JCI has taken an inconsistent factual position which the court relied upon in denying remand.**

Although JCI asserts that this court has reviewed these estoppel arguments multiple times, see Def.'s Opp'n (ECF No. 270, at 1), the court has not substantively addressed Plaintiffs' estoppel arguments concerning non-gasket-face warnings. Plaintiffs' motion responds to arguments appearing in JCI's summary judgment motion. See Pls.' Mem. (ECF No. 204, at 3). After reviewing Plaintiffs' motion to hold that JCI is estopped or waived from asserting a government contractor defense as to certain issues, (ECF No. 201), I find that Plaintiffs have established the requisite elements of judicial estoppel under the Fourth Circuit's test, and therefore recommend the court grant their motion and preclude this argument at trial.

**1.  Inconsistent Position**

Plaintiffs have established that JCI is "advancing an assertion that is inconsistent with a position taken" already in this litigation—namely, that after arguing the government contractor defense would only arise from gasket-face warnings, JCI now argues that the government contractor defense potentially applies to non-gasket-face warnings of the type that were alleged in detail in the state court complaint. John S. Clark, 65 F.3d at 1217-18 (citing Lowery, 92 F.3d at 224). In its motion for summary judgment, JCI argued, through an expert witness's testimony, "the Navy would not have permitted JCI to place warnings on the face of its gaskets, on the spools of packing, or on the boxes of its products." Def.'s Mem. in Supp. of Mot. for Summ. J. (ECF No. 85, at 10). JCI also asked the court to accept that because "the products JCI sold to the Navy were expressly inspected by the Navy to ensure compliance with labeling requirements, [and] were accepted for use," that those products "clearly met the labeling and marketing specifications of the Navy." Id. at 29. Lastly, in its opposition to Plaintiffs' motion to vacate, JCI argued that the

defense was available for "packaging claims." Def.'s Opp'n to Pls.' Mot. to Vacate (ECF No. 126, at 6).

By arguing that the Government's specifications apply to packaging, and not just gasket-face material, JCI contradicts its own removal arguments, which the court relied upon in denying remand. JCI's prior position clearly was that the government contractor defense provided immunity only with respect to gasket-face warnings. In state court, when all parties understood Plaintiffs' non-gasket-face allegations, JCI testified that it was not pursuing a government contractor defense.[2] Pls.' Mem. in Supp. of Mot. to Remand Ex. 2 (ECF No. 20-2, at 2); see also (ECF No. 45, at 24-25) ("This statement made clear that JCI understood that plaintiffs' allegations did not include facts that would support the government contractor defense."). JCI based removal on the March 22, 2018, state court hearing, stating that "[p]rior to that date, none of Plaintiffs' pleadings, motions, or other papers asserted this legal theory." Notice of Removal (ECF No. 1, at 5) (emphasis added). While in this court, JCI has argued multiple times that only Plaintiffs' allegations regarding gasket-face warnings were new when JCI removed the case. See id.; Def.'s Opp'n to Pls.' Mot. to Remand (ECF No. 29, at 2-3) (quoting Plaintiffs' allegations about "sufficient warnings ... 'on or inside the packaging,'" and clarifying that the allegations did not include "a warning on the face of its sheet gasket material" (emphasis in original)).

JCI attempts to lend consistency to its position through the disclaimer. In its opposition to Plaintiffs' motion to vacate, JCI argued that because the disclaimer "removed any claims implicating the government contractor defense," JCI "could not (and did not) waive its right to assert [the government contractor] defense, whether to the face-of-the-gasket claims or packaging

---

[2] JCI argued that this was because "Mr. Mullinex really isn't claiming any exposure after '78 when he got the training, when he started wearing the mask and the suit." (ECF No. 20-2, at 2). However, JCI does not claim that it did not understand Plaintiffs' non-gasket-face allegations when it relinquished the defense.

13

claims." Def.'s Opp'n to Pls.' Mot. to Vacate (ECF No. 126, at 6) (emphasis added). However, this argument ignores the fact that JCI had multiple opportunities in state court to do exactly what it did when Plaintiffs raised the gasket-face allegations: treat its factual allegations as abandoning the disclaimer and remove the case. JCI did not do this because, as the court must extrapolate, JCI did not believe Plaintiffs' claims implicated the government contractor defense. See (ECF No. 45, at 24-25) (quoting JCI's hearing testimony as "ma[king] clear that JCI understood that plaintiffs' allegations did not include facts that would support the government contractor defense."). To the extent JCI now asserts that the Government's specifications precluded warnings on non-gasket-face material, this is an inconsistent position, and Plaintiffs have established the first prong.

2. **Factual Position**

Under the Fourth Circuit's four-prong test, JCI's "position [is] one of fact instead of law." John S. Clark, 65 F.3d at 1217-18 (citing Lowery, 92 F.3d at 224). The parties disagree about whether the question here is factual or legal, with JCI arguing that judicial estoppel cannot govern "the application of a legal theory such as the government contractor defense," Def.'s Opp'n (ECF No. 270, at 4), and Plaintiffs arguing that this a factual dispute, Pls.' Mem. (ECF No. 204, at 11). "[A] question of fact is one that can be answered with little or no reference to the law, and a question of law is one that can be answered with little or no reference to fact." In re Tri-State Equip., 792 F.2d 967, 970 (10th Cir. 1986). Although the distinction can occasionally be unclear, the issue here is factual.

The factual issue in this motion is whether the Government exercised control over non-gasket-face warnings. The government contractor defense requires that "(1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; [and] (3) the contractor warned the government about dangers in the equipment's use that were known to the contractor but not to the government." Sawyer, 860 F.3d

at 256 (citation and quotation marks omitted). If the Government restrained JCI's decision-making authority, a preliminary factual question, then the government contractor defense might apply, a subsequent legal question. To assert the government contractor defense for gasket-face warnings, JCI first asserted that "the military [gasket] specification itself does not allow for a warning to be put on the face of the gasket." Notice of Removal Ex. I (ECF No. 1-9, at 2). Before JCI can argue that the government contractor defense applies to non-gasket-face warnings, the same preliminary factual question must be answered—that is, whether the Government's specifications similarly prevented them. Therefore, Plaintiffs have established the second prong of the test.

### 3.     Court Acceptance

JCI's position was also "accepted by the court" when the court ruled on Plaintiffs' motions for remand and sanctions. John S. Clark, 65 F.3d at 1217-18 (citing Lowery, 92 F.3d at 224). The R&R made much of the fact that the Complaint did not clearly allege failure to warn on the gasket face. See, e.g., (ECF No. 45, at 31). The motion for sanctions was decided on these same facts. See (ECF No. 46, at 11). In adopting the R&Rs, the district judge also relied on JCI's representations. (ECF No. 61, at 4). Therefore, the court accepted JCI's argument that government contractor immunity extended only to gasket-face warnings, and not to warnings on packaging, which were already alleged in its state court complaint.

In its opposition to Plaintiffs' motion to vacate, JCI characterized this court's orders as affirming that JCI could not have waived its "packaging claims" because of the disclaimer. Def.'s Opp'n to Pls.' Mot. to Vacate (ECF No. 126, at 6). However, this argument stretches this court's prior holdings. In his R&R, Judge Krask described "the core of JCI's removal argument [as being] that plaintiffs did not reveal until shortly before the scheduled trial that their claims included a failure to place warnings <u>on the face of JCI's asbestos-containing products</u>." (ECF No. 45, at 2) (emphasis added). This court has not previously addressed directly whether JCI can raise the

15

government contractor defense for non-gasket-face warnings. Therefore, Plaintiffs have established the third prong of the test.

### 4. Intentional Action

Under the fourth prong of the Fourth Circuit's test, "the party to be estopped [must have] acted intentionally, not inadvertently." John S. Clark, 65 F.3d at 1217-18 (citing Lowery, 92 F.3d at 224). This is a "bad faith requirement." Zinkland, 478 F.3d at 638. Plaintiffs argue that JCI changed positions between removal and summary judgment "to gain [the] unfair advantage" of "access to this forum" and "complete summary judgment" thereafter. Pls.' Mem. (ECF No. 204, at 11). To the extent that JCI requests application of the government contractor defense to non-gasket-face warnings, Plaintiffs have established this prong.

In its motion for summary judgment, JCI requested "summary judgment . . . on all claims pursuant to the government contractor defense." Def.'s Mem. (ECF No. 85, at 30) (emphasis added). Although not explicitly requesting immunity for all warning locations, JCI's position that it was entitled to complete summary judgment blurs the analytical lines that JCI so carefully parsed during removal; in fact, the sheer volume of material devoted to the distinction between the gasket face and gasket packaging warnings inclines this court to believe that JCI's recent assertion of the defense to non-gasket-face warnings is intentional. JCI obtained removal by pointing to Plaintiffs' allegedly last-minute decision to add a failure to warn claim based on gasket-face warnings. Its present claim that the defense applies equally to its warnings on the packaging would severely undermine its timeliness arguments. And had the court granted its summary judgment motion, JCI would have been unfairly advantaged by this new position. Therefore, JCI should not be permitted to make this argument later in the case, particularly considering Plaintiffs' current motion calling attention to the inconsistencies in JCI's position.

## IV. RECOMMENDATION

For the foregoing reasons, this Report RECOMMENDS that the court DENY Plaintiffs' motion regarding warnings on the face of the gasket material (ECF No. 192) and GRANT Plaintiffs' motion regarding warnings placed elsewhere (ECF No. 201), precluding assertion of the government contractor defense to warnings on packaging, manuals, and other non-gasket-face locations, which were alleged in claims in Plaintiffs' original complaint in state court.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER,
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 5, 2021