UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

HERBERT H. MULLINEX, JR.
and PATRICIA E. MULLINEX,

    Plaintiffs,

v.

JOHN CRANE INC.,

    Defendant.

No. 4:18-cv-00033

## REPORT AND RECOMMENDATION

In this negligence action based on asbestos exposure aboard Navy ships, Defendant John Crane Inc. ("JCI") moved to exclude Plaintiffs Herbert H. Mullinex, Jr., and Patricia E. Mullinex's evidence relating to their claims for loss of society and punitive damages. (ECF No. 214). Plaintiffs opposed JCI's motion, (ECF No. 263), and JCI replied, (ECF No. 324). JCI primarily moves to exclude Plaintiffs' evidence as impermissible under the legal standard for recoverable damages in such cases set forth in The Dutra Group v. Batterton, 139 S. Ct. 2275 (2019). For the reasons listed below, I RECOMMEND the court GRANT JCI's motion. This motion was filed as a Motion in Limine and referred to me by standing order. Because the motion may be dispositive of a claim or defense, I have entered a recommended disposition under Federal Rule of Civil Procedure 72(a).

### I. STANDARD UNDER BATTERTON

In Batterton, the Supreme Court created a three-part test for evaluating whether damages are available under maritime law. Id. at 2283. The parties agree that Batterton controls here. Compare Def.'s Mem. (ECF No. 215, at 4), with Pls.' Opp'n (ECF No. 263, at 1, 17). Under this

test, damages are available only if one of the following is met: (1) the damages "have traditionally been awarded"; (2) "conformity with parallel statutory schemes would require such damages"; or (3) "policy grounds" compel the damages. Batterton, 139 S. Ct. at 2283. This test synthesizes the Court's prior holdings in Miles v. Apex Marine Corp., 498 U.S. 19 (1990), which barred recovery for loss of society in a maritime wrongful death action, and Atlantic Sounding Co. v. Townsend, 557 U.S. 404 (2009), which allowed an injured seaman to recover punitive damages in a maintenance and cure action. Batterton, 139 S. Ct. at 2283. The Batterton test is specific to the plaintiff's cause of action. See id. at 2278 ("[T]here is no historical basis for allowing punitive damages in unseaworthiness actions." (emphasis added)).

## II. ANALYSIS

The parties also agree that Plaintiffs' claim is for general maritime negligence, compare Def.'s Mem. (ECF No. 215, at 2), with Pls.' Opp'n (ECF No. 263, at 23), and therefore the Batterton test applies directly to this cause of action. Under Batterton, JCI has established that both punitive damages and damages for loss of society are unavailable because there is no clear historical pattern of awarding them in general maritime negligence cases brought by an injured seaman. Conformity with parallel statutory schemes, namely the Jones Act, does not compel their availability, and neither does expressed Congressional policy. Lastly, because the court grants JCI's motion under Batterton, it is unnecessary to reach Defendant's argument that Plaintiffs failed to adequately plead damages under Fed. R. Civ. P. 8(a) or to meet the admiralty's standard for punitive damages. See Def.'s Mem. (ECF No. 215, at 14-15).

**A. There is no clear historical pattern of awarding punitive or loss-of-society damages in general maritime negligence actions.**

Under the first prong, Batterton requires a "clear historical pattern" of awards. Batterton, 139 S. Ct. at 2283 n.6. In so holding, the Supreme Court was "reluctan[t] to 'rely on one dust-

2

covered case to establish'" the availability of damages. Id. (quoting McBride v. Estis Well Serv., LLC, 768 F.3d 382, 397 (5th Cir. 2014) (Clement, J., concurring)). Therefore, damages are only available if the historical record shows that "non-pecuniary losses such as punitive damages and loss of consortium have been traditionally recoverable under a general maritime law negligence action." Spurlin v. Air & Liquid Sys. Corp., No. 3:19-cv-02049, 2021 U.S. Dist. LEXIS 87994, at *38 (S.D. Cal. May 7, 2021). Although Plaintiffs went to great lengths to identify pre-Jones Act cases permitting such recovery, JCI has sufficiently distinguished the early caselaw they relied upon to show that these damages were not traditionally available in maritime negligence cases arising from an injury to seamen like Mullinex.

### 1. Punitive Damages

Plaintiffs have shown that punitive damages are available in some maritime cases. See Pls.' Opp'n (ECF No. 263, 17-20). In particular, "it is far from being uncommon in the admiralty to allow . . . exemplary damages, where the nature of the case requires it." Bos. Mfg. Co. v. Fiske, 3 F. Cas. 957, 957 (D. Mass. 1820); see also Stewart v. Cary Lumber Co., 59 S.E. 545, 548 (N.C. 1907) ("The rule in admiralty as to exemplary damage is the same in the common-law courts."). Atlantic Sounding noted that before 1920, "maritime jurisprudence was replete with judicial statements approving punitive damages." Atl. Sounding, 557 U.S. at 412 (quoting citation omitted).

However, Batterton clarified Atlantic Sounding so that the question presented here is whether punitive damages were historically awarded in general maritime negligence actions specifically. See Batterton, 139 S. Ct. at 2278. Plaintiffs cite several cases in support of these damages, see Pls.' Opp'n (ECF No. 263, at 20-22), which JCI distinguishes, see Def.'s Reply (ECF No. 324, at 3-4). None of these cases are general maritime negligence actions arising from an injury to a seaman in which clearly identifiable punitive damages awards were actually granted to

3

the plaintiffs. The other cases Plaintiffs rely upon did not apply maritime law or were otherwise distinguishable. See, e.g., The Max Morris, 137 U.S. 1 (1890) (in rem action involving longshoreman); Leathers v. Blessing, 105 U.S. 626 (1881) (non-seaman injured while retrieving consigned goods from ship). In Batterton, the Supreme Court found that the "lack of punitive damages in traditional maritime law cases [was] practically dispositive." Batterton, 139 S. Ct. at 2284. A California district court also recently noted that plaintiffs could "not point[] to any decision in the formative years of maritime negligence claims in which punitive damages were awarded," and found that there was "no evidence that punitive damages were traditionally awarded in maritime negligence cases." Spurlin, 2021 U.S. Dist. LEXIS 87994, at *38, 40. Therefore, the Batterton test precludes punitive damages in this case.[1]

2. **Loss of Society**

As with their punitive damages argument, Plaintiffs contend that "maritime courts . . . traditionally recognized and upheld the recovery of loss of society," and they cite a number of cases in support. See Pls.' Opp'n (ECF No. 263, at 18-19). JCI has distinguished all but one of these cases, noting that those courts failed to specify damages, applied law other than maritime, or were dicta. See Def.'s Reply (ECF No. 324, at 5-6). However, The E.B. Ward, Jr. allowed widows "recover[y] under the general admiralty law for the loss of society and support." 23 F. 900, 902 (C.C.E.D. La. 1885). Although attempting to distinguish this holding as well, JCI appears to ultimately concede that The E.B. Ward, Jr. supports Plaintiffs' position. See Def.'s Reply (ECF

---

[1] JCI also moved to preclude punitive damages as unsupported by the facts alleged against it. Def.'s Mem. (ECF No. 215, at 14-15). Because of the results recommended here, I do not examine the sufficiency arguments. Should the district court reject the recommendation under the Batterton test, JCI may renew its sufficiency argument at trial.

4

No. 324, at 6). But the Batterton test requires a "clear historical pattern," and one case is legally insufficient. Batterton, 139 S. Ct. at 2283 n.6.

The parties also debate the continued vitality of American Export Lines v. Alvez, which allowed recovery for loss of society in a personal injury case brought by the wife of a deceased longshoreman. 446 U.S. 274, 280 (1980). Despite its ultimate holding, Alvez noted that, as of 1963, "there was no clear decisional authority sustaining a general maritime law right of recovery for loss of society."[2] Id at 280 (citing Igneri v. Cie. de Transports Oceaniques, 323 F.2d 257, 265-66 (2nd Cir. 1963)). Alvez itself also does not create the requisite historical record because Miles subsequently limited its applicability. See Miles, 498 U.S. at 31 (limiting Sea-Land Services v. Gaudet, 414 U.S. 573 (1974), on which Alvez was based, to its facts). Though Plaintiffs point to cases citing Alvez after Miles, none of these cites is directed to its relevant holding here. Pls.' Opp'n (ECF No. 263, at 2 n.2). Therefore, the first factor in the Batterton test precludes recovery for loss of society in this case.

**B. Parallel statutory schemes, namely the Jones Act, do not support awarding non-pecuniary damages in general maritime negligence actions.**

The appropriate statutory comparator is the Jones Act.[3] See Miles, 498 U.S. at 33; see also Spurlin, 2021 U.S. Dist. LEXIS 87994, at *39 (finding that "the Jones Act is a parallel statutory scheme that provides an appropriate benchmark in considering whether non-pecuniary losses are

---

[2] Plaintiffs attempt to distinguish Alvez and Igneri by stating that the recited history is tainted by the paternalism of the 1800 and 1900s, when courts allowed loss of consortium claims to husbands but not wives. See Pls.' Opp'n (ECF No. 263, at 19). However, while Igneri discussed such common law cases, its review of maritime law found only one case allowing a husband's claim, which relied on not "entirely relevant" authority. Igneri v. Cie. de Transports Oceaniques, 323 F.2d 257, 265 (2nd Cir. 1963).

[3] Miles also looked to the Death on the High Seas Act ("DOHSA"), but DOHSA has diminished analogic utility when the injured party survives. See Horsley v. Mobil Oil Corp., 15 F.3d 200, 202 (1st Cir. 1994); see also Pls.' Opp'n (ECF No. 263, at 22-23). Even so, "Congress ha[s] expressly limited damages recoverable under DOHSA to 'pecuniary loss' sustained by the decedent's survivor." Id. at 2289 (Ginsburg, J., dissenting) (citations omitted). Therefore, even assuming its relevancy, comparison with DOHSA would not significantly change the analysis here.

5

allowable" in a negligence claim based on asbestos exposure). The Jones Act provides a statutory "action for compensatory damages, on the ground of negligence," Pac. S.S. Co. v. Peterson, 278 U.S. 130, 135 (1928), and specifically "limits recovery to pecuniary loss" while disallowing punitive damages, Batterton, 139 S. Ct. at 2285 (quoting Miles, 498 U.S. at 32). As such, "conformity" with the Jones Act does not "require" punitive damages or damages for loss of society. Id. at 2282.

Plaintiffs argue that the Jones Act is inappropriate and that "[t]here are no [p]arallel [s]tatutory [s]chemes" prohibiting damages here. Pls.' Opp'n (ECF No. 263, at 22-23). Specifically, they argue that this case is not an employer-employee action like Batterton and Miles, which directly invoked the Jones Act. See id. at 22. However, as JCI argues, multiple courts have held "that 'nothing in Miles' reasoning [suggests] that the decision turned upon the identity of the defendant. Indeed, not all of the defendants in Miles were Jones Act employers.'" Scarborough v. Clemco Indus., 391 F.3d 660, 668 n.5 (5th Cir. 2004) (quoting Davis v. Blender Shipbuilding & Repair Co., 27 F.3d 426, 430 (9th Cir. 1994)) (alterations in original); see also Kelly v. CBS Corp., No. 11-cv-03240, 2015 U.S. Dist. LEXIS 60788, at *3 n.1 (N.D. Cal. May 8, 2015) (refusing to limit Miles' reasoning to "suits by seamen against their employers"). Therefore, the fact that JCI did not employ Mullinex does not eliminate the Jones Act as the most relevant statutory analog. Because the Jones Act provides neither damages for loss of society nor punitive damages, "conformity" with its provisions would likewise not require them in this general maritime negligence action by a seaman.

C. **Policy considerations do not compel recognition of non-pecuniary damages in general maritime negligence actions.**

Lastly, Batterton allows damages when policy grounds compel their availability. Batterton, 139 S. Ct. at 2282. However, as JCI emphasizes, the "overriding objective" of this third

6

prong "is to pursue the policy expressed in congressional enactments." Id. at 2285 (emphasis added); see Def.'s Reply (ECF No. 324, at 9). Relying again on the employer-employee distinction, Plaintiffs argue that "Congress has expressed no hostility to nonpecuniary damages" in general maritime cases by non-employees. Pls.' Opp'n (ECF No. 263, at 24). As set forth above, the employee-employer analysis Plaintiffs urge finds no support in post-Miles caselaw. Moreover, lack of hostility is not the same as Congressional support. Even if there are inconsistencies within the Jones Act—as Plaintiffs contend—that allow loss of society and punitive damages for other actions, see id. at 24-28, this is insufficient proof that Congressional policy "compel[s]" the court to allow such damages here, Batterton, 139 S. Ct. at 2282.

## IV. RECOMMENDATION

For the foregoing reasons, I RECOMMEND the court GRANT JCI's Motion in Limine to Exclude Evidence Relating to Plaintiffs' Claim for Loss of Society and Punitive Damages.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER,
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 5, 2021