**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| PATRICIA E. MULLINEX, INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF HERBERT H. MULLINEX, JR.<br><br>      **Plaintiff,**<br><br>v.<br><br>JOHN CRANE INC.,<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 4:18-cv-00033-RAJ-DEM<br>)<br>)<br>)<br>) |

**JOHN CRANE INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, John Crane Inc. ("JCI"), by counsel, responds to Plaintiffs' Second Amended Complaint ("Second Amended Complaint") [ECF No. 450] as follows[1]:

**ANSWER**

1. The allegations contained in Paragraph 1 of the Second Amended Complaint contain a purported definition of "asbestos-containing product," and no response is required. If, and to the extent any response is required, JCI denies those allegations and demands strict proof thereof.

2. The allegations contained in Paragraph 2 of the Second Amended Complaint contain a purported definition of "asbestos-containing packing," and no response is required. If,

---

[1] On January 18, 2022, the Court granted Plaintiff's *Motion for Leave to Substitute* Patricia E. Mullinex, Executor of the Estate of Herbert H. Mullinex, Jr., as plaintiff in this case. [ECF No. 455.] Accordingly, JCI has amended the case caption to reflect the Court's ruling although the Second Amended Complaint itself lists both Mr. and Mrs. Mullinex as plaintiffs.

and to the extent any response is required, JCI denies those allegations and demands strict proof thereof.

3. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Amended Complaint and, therefore, denies them.

4. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Second Amended Complaint and, therefore, denies them.

5. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and, therefore, denies them.

6. In response to the allegations contained in Paragraph 6 of the Second Amended Complaint, JCI admits that it is a corporation, but denies the remaining allegations as they relate to JCI and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. The remaining allegations contained in Paragraph 6 of the Second Amended Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, JCI denies those allegations.

7. The allegations contained in Paragraph 7 of the Second Amended Complaint contain legal conclusions to which no response is required. If, and to the extent any response is required, JCI denies those allegations and demands strict proof thereof.

8. JCI denies the allegations contained in Paragraph 8 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be

held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8 of the Second Amended Complaint and, therefore, denies them.

9. JCI denies the allegations contained in Paragraph 9 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the Second Amended Complaint and, therefore, denies them. Furthermore, plaintiffs' attempt to expressly disclaim any claim arising under the Death on the High Seas Act, 46 U.S.C. 30301 § et seq. is invalid as a matter of law. Plaintiffs' attempt to disclaim "any claim…arising under the Death on the High Seas Act, 46 U.S.C. § 30301 et seq." is invalid.

10. In response to Paragraph 10 subparagraph (f) of the Amended Complaint, JCI admits that it is a Delaware corporation. JCI denies the remaining allegations of Paragraph 10 subparagraph (f) and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, subparagraphs (a) through (e) and (g) through (m) and therefore, denies them.

11. JCI denies the allegations contained in Paragraph 11 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the

remaining allegations contained in Paragraph 11 of the Second Amended Complaint and, therefore, denies them.

### COUNT I – NEGLIGENCE

12. In response to Paragraph 12 of the Second Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 11 as if set forth fully herein.

13. JCI denies the allegations contained in Paragraph 13 and 13(a) through (b) of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 and 13(a) through (b) of the Second Amended Complaint and, therefore, denies them.

14. JCI denies the allegations contained in Paragraph 14 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of the Second Amended Complaint and, therefore, denies them.

15. JCI denies the allegations contained in Paragraph 15 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Second Amended Complaint and, therefore, denies them.

## COUNT II – STRICT LIABILITY

16. In response to Paragraph 16 of the Second Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 15 as if set forth fully herein.

17. JCI denies the allegations contained in Paragraph 17 and 17(a) through (e) of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 and 17(a) through (e) of the Second Amended Complaint and, therefore, denies them.

18. JCI denies the allegations contained in Paragraph 18 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 of the Second Amended Complaint and, therefore, denies them.

19. JCI denies the allegations contained in Paragraph 19 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 19 of the Second Amended Complaint and, therefore, denies them.

## COUNT III - SPOUSAL PRE-DEATH LOSS
## OF SOCIETY AND CONSORTIUM

20. In response to Paragraph 20 of the Second Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 19 as if set forth fully herein.

21. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint and, therefore, denies them.

22. JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint and, therefore, denies them.

23. JCI denies the allegations contained in Paragraph 23 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 23 of the Second Amended Complaint and, therefore, denies them. Answering further, and to the extent that plaintiffs seek to recover from JCI for loss of consortium / society under either maritime or Virginia law for personal injuries, such damages are not permitted. In the event that maritime jurisdiction and maritime law are deemed to be applicable to any part of plaintiffs' potential wrongful death claim, plaintiff was a Navy seaman. Therefore, any damages awarded under maritime law are limited to pecuniary damages. *See* 46 U.S.C. § 30302*; Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009); *Yamaha Motor Corp. v. Calhoun,* 516 U.S. 199 (1996); *Miles v. Apex Marine Corp.,* 498 U.S. 19 (1990); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624 (1978). As such, loss of consortium /

society damages are unavailable. *John Crane, Inc. v. Hardick,* 284 Va. 329, 732 S.E.2d 1 (2012).

## COUNT IV – CONCLUSION

24. In response to Paragraph 24 of the Second Amended Complaint, JCI incorporates its responses to Paragraphs 1 through 23 as if set forth fully herein.

25. JCI denies the allegations contained in Paragraph 25 and 25(a) through (e) of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 and 25(a) through (e) of the Second Amended Complaint and, therefore, denies them.

49. JCI denies the allegations contained in Paragraphs 49 and 49(a) of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraphs 49 and 49(a) of the Second Amended Complaint and, therefore, denies them.[2]

50. JCI denies the allegations contained in Paragraph 50 of the Second Amended Complaint to the extent they are directed to this Defendant, and expressly denies that plaintiff was exposed to harmful levels of asbestos from any product for which this Defendant may be held responsible. JCI is without knowledge or information sufficient to form a belief as to the

---

[2] Note the Paragraphs in the Second Amended Complaint appear to be misnumbered, omitting Paragraphs 26-48. JCI conforms its Answer to the paragraphs as numbered in the Second Amended Complaint for ease of reference.

remaining allegations contained in Paragraph 50 of the Second Amended Complaint and, therefore, denies them.

JCI denies plaintiffs' entitlement to any of the relief sought against JCI in their prayer for relief.

## AFFIRMATIVE DEFENSES

In addition to its responses above, JCI raises affirmatively the following defenses to the Second Amended Complaint:

1. The Second Amended Complaint fails to state a claim against JCI upon which relief can be granted.

2. The exposures in question and plaintiffs' alleged damages were caused by the acts and/or omissions of third parties over whom JCI has no control and for whom JCI is not responsible.

3. JCI specifically denies that plaintiffs are entitled to recover exemplary or punitive damages. In this regard, JCI further avers that such damages are unconstitutional, and that claims for such damages are barred by the Fifth, Eighth and Thirteenth Amendments to the United States Constitution and the applicable provisions of the Constitution of the Commonwealth of Virginia.

4. If it is shown that plaintiff used any product manufactured, sold or supplied by JCI and/or any entity for which JCI may be held responsible, which is specifically denied, and it is shown that such product was supplied to, by or on behalf of the United States government, then JCI raises any immunity from suit or liability conferred upon the United States government and/or JCI which may arise under the circumstances.

5. At all times relevant herein, plaintiff and/or his employers possessed knowledge and awareness of the possible hazards resulting from exposure to asbestos which was equal to or exceeded any such knowledge possessed by JCI, and, therefore, the plaintiffs' claims are barred by the sophisticated user and/or purchaser defenses.

6. JCI is entitled to a set-off from any and all sums recovered by or on behalf of the plaintiffs by way of any settlement, judgment or otherwise which were, or are, entered into or received by plaintiffs for any party or non-party to this action.

7. JCI acted in conformity with the existing state-of-the-art during all times relevant to this litigation.

8. JCI was not a substantial contributing factor in causing injury here.

9. JCI asserts the defense of contributory negligence and/or voluntary assumption of the risk.

10. Plaintiffs fail to demonstrate that maritime jurisdiction extends over this case, as required under *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). Plaintiffs also fail to prove that Virginia law is not the law that governs plaintiffs' causes of action and remedies. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994); *Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 628 (1st Cir. 1994). Thus, plaintiffs cannot recover for strict liability, or under a "should have known" standard on their negligence claim. Application of Virginia law will further lead to application of Virginia's "multiple sufficient causes" standard for medical causation as articulated by the Virginia Supreme Court in *Ford Motor Co. v. Boomer*, 285 Va. 141, 736 S.E.2d 724 (2013). Plaintiffs are also limited, in the event of a verdict for plaintiffs, to those damages provided for under Virginia law. Application of Virginia law limits any recovery

of punitive damages to $350,000, *see* Va. Code § 8.01-38.1, should such a claim even be submitted to the jury and a verdict returned for plaintiffs.

11. In the event that maritime jurisdiction and maritime law are deemed to be applicable to any part of plaintiffs' potential wrongful death claim, plaintiff was a Navy seaman. Therefore, any damages awarded under maritime law are limited to pecuniary damages. *See* 46 U.S.C. § 30302; *Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996); *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624 (1978). As the Supreme Court of Virginia held in *John Crane, Inc. v. Hardick*, 284 Va. 329, 732 S.E.2d 1 (2012), this means that the loss of consortium/society damages sought by plaintiffs are unavailable. Moreover, this Court is without subject matter jurisdiction – under the Savings to Suitors Clause of 28 U.S.C. § 1333 – to award pain and suffering damages under general maritime law.

12. Neither the General Assembly nor the Virginia Supreme Court has ever recognized a cause of action for fear of cancer under Virginia law. Plaintiffs therefore fail to state a claim upon which relief can be granted under paragraph 48(e) of the Amended Complaint.

13. JCI hereby incorporates the defenses of other Defendants as they may be applicable to JCI.

14. JCI reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer and to assert additional cross claims or counterclaims upon ascertaining more definite facts during and upon completion of discovery and investigation.

**JOHN CRANE INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Dated: January 24, 2022.

**Respectfully submitted,**

**JOHN CRANE INC.,
Defendant**

By: /s/ Eric G. Reeves
      Counsel

| | |
|---|---|
| Eric G. Reeves (VSB # 38149) | Brian J. Schneider (VSB #45841) |
| Laura May Hooe (VSB # 84170) | SPOTTS FAIN PC |
| Mary Louise Roberts (VSB # 34305) | 411 E. Franklin Street |
| Lisa Moran McMurdo (VSB # 44371) | Suite 600 |
| MORAN REEVES & CONN PC | Richmond, Virginia 23219 |
| 1211 E. Cary Street | Telephone: (804) 921-1306 |
| Richmond, Virginia 23219 | bschneider@spottsfain.com |
| Telephone: (804) 421-6250 | |
| Facsimile: (804) 421-6251 | |
| ereeves@moranreevesconn.com | |
| lmayhooe@moranreevesconn.com | |
| mroberts@moranreevesconn.com | |
| lmcmurdo@moranreevesconn.com | |

Christopher O. Massenberg, Esq (admitted *pro hac vice*)
MANNING GROSS & MASSENBURG, LLP
14 Wall Street, 28th Floor
New York, New York 10005
Telephone: (504) 799-0504
Facsimile: (504) 535-2886
cmassenburg@mgmlaw.com

*Counsel for John Crane Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2022, a true and accurate copy of the foregoing was filed electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Eric G. Reeves
Eric G. Reeves (VSB # 38149)
Laura May Hooe (VSB # 84170)
Mary Louise Roberts (VSB # 34305)
Lisa Moran McMurdo (VSB # 44371)
MORAN REEVES & CONN PC
1211 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
ereeves@moranreevesconn.com
lmayhooe@moranreevesconn.com
mroberts@moranreevesconn.com
lmcmurdo@moranreevesconn.com