IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PATRICIA E. MULLINEX,
Individually and as Executor of the
Estate of Herbert H. Mullinex, Jr.,

        Plaintiff,

v.                              Case No. 4:18-cv-00033-RAJ-DEM

JOHN CRANE INC.,

        Defendant.

*MEMORANDUM OPINION*

Before the Court is John Crane, Inc.'s ("JCI" or "Defendant") Motion to Dismiss Plaintiff's Claim for Survival Damages. Mot. Dismiss Pl.'s Claim for Survival Damages ("Mot. Dismiss"), ECF No. 481. Patricia E. Mullinex ("Plaintiff") responded, *see* Pl.'s Opp. Mot. Dismiss ("Pl.'s Opp."), ECF No. 494, and JCI replied. Def.'s Reply, ECF No. 500. The Court has reviewed the parties' pleadings, and this matter is ripe for adjudication. For the reasons stated below, and in accordance with the Court's Order on May 23, 2022, *see* Order, ECF No. 538, JCI's Motion to Dismiss is **GRANTED**. The Court **FINDS** that Plaintiff is not entitled to recover Mr. Mullinex's pre-death pain and suffering or medical expenses.

### I.    FACTUAL AND PROCEDURAL HISTORY

Herbert H. Mullinex, Jr. and Patricia Mullinex originally filed this action in Virginia state court as a personal injury negligence claim based on asbestos exposure aboard Navy ships on November 4, 2016. Compl., ECF No. 1 at Ex. 1. The action was removed to this Court on March 23, 2018. Notice of Removal, ECF No. 1. Unfortunately, Mr. Mullinex died on November 11, 2021. Suggestion of Death, ECF No. 436. On January 12, 2022, Plaintiff filed a Second

Amended Complaint ("SAC"), substituting Mrs. Mullinex as executrix of Mr. Mullinex's estate. Second Am. Compl., ECF No. 450. In response to the SAC, Defendant moved for leave to file a motion in limine to exclude Plaintiff's evidence of survival damages on January 21, 2022. Mot. Leave File Mot. in Limine, ECF Nos. 458, 459. On March 24, 2022, however, Plaintiff filed a Third Amended Complaint ("TAC"), seeking recovery for the wrongful death of Herbert H. Mullinex, Jr. under general maritime law. Third Am. Compl., ECF No. 478. Defendant then withdrew its motion for leave. Notice of Mot. Withdraw, ECF No. 483.

In the TAC, Plaintiff claims that Defendant, a manufacturer of gaskets and gasket packaging, failed to warn Plaintiff about the asbestos risk associated with using their products. *Id.* Plaintiff requests survival damages for Mr. Mullinex's pain and suffering as well as his medical expenses.[1] Third Am. Compl. at 15–18. Defendant filed the instant Motion to Dismiss on April 6, 2022, contending that, in accordance with the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §§ 30301–30308, Plaintiff is not entitled to survival damages, including Mr. Mullinex's pain and suffering and medical expenses. Mot. Dismiss at 1; Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem. Supp."), ECF No. 482 at 1–2. Plaintiff, on the other hand, alleges that there is a survival remedy for seamen like Mr. Mullinex under general maritime law in accordance with the Jones Act, 46 U.S.C. §§ 30101–30106. Pl.'s Opp. at 1–5.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits

---

[1] Plaintiff also requests punitive damages and other non-pecuniary damages. Third Am. Compl. at 15–18. The Court need not address those damages here because this Court adopted and affirmed United States Magistrate Judge Douglas E. Miller's Report and Recommendation, which denied those damages. *See* Order, ECF No. 533; Judge Miller's Rep. and Rec., ECF No. 351.

2

or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id*.

### III.     ANALYSIS

#### A.     The *Batterton* Standard

In *Batterton*, the United States Supreme Court created a three-part test for evaluating whether damages are available under maritime law. *See Dutra Grp. v. Batterton*, 139 S. Ct. 2275, 2283 (2019) (establishing the standard in accordance with the Supreme Court's decisions in

3

*Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S. Ct. 317 (1990) and *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 129 S. Ct. 2561 (2009)). Under this test, damages are available only if at least one of the following is met: (1) the damages "have traditionally been awarded" for the instant claim; (2) "conformity with parallel statutory schemes would require such damages;" and (3) the court is "compelled on policy grounds" to allow the damages. *Id.* The test is specific to a plaintiff's cause of action. *See id.* at 2278, 2283 (assessing each step relative to plaintiff's unseaworthiness claim).

This standard is indicative of a major shift in the Supreme Court's approach to developing general maritime law, especially as it pertains to seamen. Where the courts once "used [their] power to protect seamen from injury," *id.* at 2279, courts now give "deference to the policies expressed in the statutes governing maritime law." *Id.* at 2287. As the Supreme Court explained:

> "Batterton points to the maritime doctrine that encourages special solicitude for the welfare of seamen. But that doctrine has its roots in the paternalistic approach taken toward mariners by 19th century courts . . . . The doctrine has never been a commandment that maritime law must favor seamen whenever possible. Indeed, the doctrine's apex coincided with many of the harsh common-law limitations on recovery that were not set aside until the passage of the Jones Act. And, while sailors today face hardships not encountered by those who work on land, neither are they as isolated nor as dependent on the master as their predecessors from the age of sail. In light of these changes and of the roles now played by the Judiciary and the political branches in protecting sailors, the special solicitude to sailors has only a small role to play in contemporary maritime law."

*Id.* at 2287 (internal citations omitted). The Supreme Court's view of its role in *Batterton* is consistent with its other more recent decisions on remedies for seamen in maritime actions. *See Calhoun v. Yamaha Motor Corp.*, *U.S.A.*, 40 F.3d 622, 636 (3d Cir. 1994) ("One trend that cannot be ignored is that the Court seems to be cutting back on plaintiffs' rights in maritime

actions . . . . *Higginbotham*, *Tallentire*, and *Miles* . . . show a tendency on the part of the Court during the last two decades to reverse its policy of favoring seamen plaintiffs."), *aff'd Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996). For the reasons below, Plaintiff is not entitled to Mr. Mullinex's pre-death pain and suffering or medical expenses under *Batterton*.[2]

i. **There is no clear historical pattern of awarding survival damages in general maritime negligence or wrongful death actions.**

Under the first prong, there must be a "clear historical pattern" of awarding survival damages, including pre-death pain and suffering and medical expenses, in negligence actions during the "formative years" of "traditional maritime law." *See Batterton*, 139 S. Ct. at 2283 n.6, 2284; *Calhoun*, 40 F.3d at 637 (finding that survival damages include "the decedent's pain and suffering" and "medical expenses"). The Supreme Court's holding in *Miles* is dispositive on this issue. The Court held that "[u]nder traditional maritime law, as under common law, there is no right of survival; a seaman's personal cause of action does not survive the seaman's death." 498 U.S. at 33. Since then, despite acknowledging a more recent trend of decisions among federal circuit courts in favor of awarding survival damages to seamen based on the Jones Act, the Court has declined to change the rule under traditional maritime law. *See id.* at 34; *Yamaha Motor Corp.*, 516 U.S. at 210 n.7; *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 124 n.2 (1998). Accordingly, because there is no clear historical pattern of awarding survival damages under

---

[2] The parties agreed earlier in this case that *Batterton* controls the Court's analysis of damages in Plaintiff's general maritime action. *See* Def.'s Mot. Exclude Damages Evid., ECF No. 215 at 4; Pl.'s Opp. Def.'s Mot. Exclude Damages Evid., ECF No. 263 at 1, 17. On the instant Motion, however, Plaintiff contends that we should reject the standard established in *Batterton* in favor of the reasoning employed by the Virginia Supreme Court in *John Crane, Inc. v. Hardick*, 732 S.E.2d 1 (Va. 2012), a case that pre-dates *Batterton*. *See* Pl.'s Opp. Mot. Dismiss at 4 ("[B]ecause *Hardick II* dealt with the exact issue that is before the Court in this case, *Hardick II* is more instructive on this issue than *Batterton*."). The Court rejects Plaintiff's argument and continues to follow *Batterton* as controlling precedent on determining what damages are available under maritime law.

5

traditional maritime law, Plaintiff is not entitled to survival damages, including pre-death pain and suffering and medical expenses, under *Batterton*'s first prong.

> ii. **Parallel federal statutory schemes, namely the Jones Act and Death on the High Seas Act ("DOHSA"), do not require awarding survival damages for pre-death pain and suffering or medical expenses in maritime wrongful death actions.**

Even where there is no clear historical pattern of awarding damages for a particular claim, *Batterton*'s second prong allows courts to adopt damages where parallel statutory schemes require it. 139 S. Ct. at 2283. Plaintiff argues that the applicable parallel statutory scheme here is the Jones Act because Plaintiff is a "seaman." Pl.'s Opp. at 19. Defendant argues that DOHSA is the applicable parallel statutory scheme because the maritime wrongful death remedy adopted by the Supreme Court in *Moragne v. States Marine Lines*, 398 U.S. 375 (1970) was based primarily on DOHSA, not the Jones Act. Mot. Dismiss at 8–11. The Court rejects both parties' arguments in-part and finds that it must look to both statutory schemes to determine whether particular survival remedies are required for Plaintiff's claim.

Both statutory schemes are relevant to Plaintiff's claim because she alleges that Mr. Mullinex was a seaman who died due to the negligence of a third-party manufacturer. While the Jones Act governs remedies for seamen in negligence claims against their employers, 45 U.S.C. § 51, DOHSA governs wrongful death claims on the high seas (more than three miles off the shore of the United States) with no class limitations regarding who can seek recovery or be sued under the statute. 46 U.S.C. § 30302. Both parties acknowledged earlier in the case that, in the event of Mr. Mullinex's death, DOHSA would become relevant to the Court's analysis under *Batterton*. *See* Pl.'s Obj. Judge Miller's Rep. and Rec. ("Pl.'s Obj."), ECF No. 366 at 2 n.3 ("DOHSA does not apply here because Mr. Mullinex has not passed away, and thus this is not a wrongful death case, at least not yet."); Def.'s Resp. Pl.'s Obj. Judge Miller's Rep. and Recs.,

6

ECF No. 395 at 10 n.4 ("As Plaintiffs impliedly acknowledge in their brief, DOHSA would factor into the recoverable damages in a general maritime law wrongful death case.") (citing Pl.'s Obj. at 11). Furthermore, the Supreme Court has instructed that "DOHSA should be the courts' primary guide as they refine the non-statutory death remedy." *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624 (1978).

There is no controlling, post-*Batterton* precedent, however, that supports analyzing one statutory scheme over another, especially when each statute speaks to an aspect of a plaintiff's claim that the other does not. In fact, instances in which the Supreme Court decided whether to adopt a claim or remedy relevant to Plaintiff's claim here, the Supreme Court evaluated *all* parallel statutory schemes, especially if there was no historical basis for the claim or remedy under traditional maritime law. *See Moragne*, 398 U.S. 375 (holding that the Jones Act and DOHSA support a wrongful death claim under general maritime law); *Miles*, 498 U.S. 19 (holding that recovery for loss of society in general maritime law is not supported by the Jones Act or DOHSA). Therefore, in this case, the Court must evaluate whether survival damages such as pre-death pain and suffering and medical expenses are required in wrongful death claims across all parallel statutory schemes for seamen like Mr. Mullinex.

Parallel statutory schemes do not *require* survival damages for wrongful death claims by seaman against non-employers like Defendant. Congress has not taken a consistent approach to awarding survival damages in maritime wrongful death claims. While the Jones Act permits survival damages for pre-death pain and suffering and medical expenses in negligence claims by seamen against their employers,[3] DOHSA does not allow such damages. *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 118 (1998) (DOHSA "allows certain relatives of the decedent to sue for *their* pecuniary losses[] but does not authorize recovery for the decedent's pre-death pain and

---

[3] *See Batterton*, 139 S. Ct. at 2284; *St. Louis, I. M. & S. R. Co. v. Craft*, 237 U.S. 648, 657–61.

suffering.") (emphasis added). For these reasons, the Court finds that parallel statutory schemes do not require recovery for pre-death pain and suffering or medical expenses in maritime wrongful death actions by seamen against non-employer manufacturers.

> iii. **Policy considerations do not compel recognition of survival damages for pre-death pain and suffering or medical expenses in maritime wrongful death actions.**

"In contemporary maritime law, [the] overriding objective is to pursue the policy expressed in congressional enactments." *Batterton*, 139 S. Ct. at 2285–86. *Batterton*'s third prong imposes a higher standard that courts must meet before adopting a new or statutory remedy than had previously existed. It requires courts to analyze congressional enactments more carefully to assess whether Congress has taken a legislative approach that is consistent enough to *compel* courts' adherence.

The inconsistent legislative approach Congress has taken to awarding survival remedies in maritime wrongful death actions is contrary to the "wholesale and unanimous policy judgment that prompted the [Supreme] Court to create a new [wrongful death] cause of action in *Moragne*" and other decisions by the Court regarding the remedies available under general maritime law based on DOHSA and the Jones Act. *See Miles*, 498 U.S. at 35 (citing *Moragne*, 398 U.S. at 388, 389) (internal quotations omitted); *supra* at 6. If anything, Congress has demonstrated a policy of permitting survival damages when enforcing maritime employer liability. *Moragne*, 398 U.S. at 407 ("[T]he beneficiary provisions of the Jones Act are applicable only to a specific class of actions—claims by seamen against their employers—based on violations of the special standard of negligence that has been imposed under the Federal Employers' Liability Act."). Since DOHSA does not permit survival damages in maritime wrongful death claims in virtually all other circumstances, however, this Court cannot confidently import Congress' approach in the

employment context to wrongful death claims against non-employer defendants, even if the plaintiff is a "seaman." *See Miles,* 498 U.S. at 36 ("Maritime tort law is now dominated by federal statute, and we are not free to expand remedies at will simply because it might work to the benefit of seamen and those dependent upon them."); *Dennis v. Air & Liquid Sys. Corp.*, No. CV 19-9343-GW-KSx, 2021 U.S. Dist. LEXIS 182133, at *77 (C.D. Cal. Mar. 24, 2021) ("The identity of the defendant should matter. In determining the remedies for a maritime law cause of action, courts 'must consider both the heritage of the cause of action in the common law and its place in the modern statutory framework.'") (quoting *Batterton*, 139 S. Ct. at 2278).

Moreover, Congress enacted both the Jones Act and DOHSA in 1920, only a few months apart. *Id.* at 23–24. Thus, Congress was well aware of the remedy limitations it was establishing in each statute. If Congress wanted to permit survival damages for seamen in all maritime wrongful death actions—not just in claims against employers—it could have. Similarly, if Congress wanted to permit survival damages in all maritime wrongful death actions—regardless of a plaintiff's classification—it could have. *See e.g.* 46 U.S.C. § 30307 (amending DOHSA in 2006 to permit recovery of non-pecuniary damages for deaths resulting from commercial aviation accidents more than 12 miles from the U.S. shore). Instead, Congress has instituted very narrow remedies for specific types of maritime wrongful death actions based on the circumstances surrounding the claims. *See Miles*, 498 U.S. at 21 ("Congress, in the exercise of its legislative powers, is free to say this much and no more.").

Finally, general maritime law is not a plaintiff's only source for the same or similar recovery Plaintiff seeks in the instant matter. Plaintiff could have pursued a wrongful death claim against Defendant under Virginia law. *See Calhoun*, 516 U.S. 199, 201 (1996) (holding that state remedies have not been displaced by the recognized federal maritime wrongful-death action).

For these reasons, the Court finds that policy considerations under *Batterton*'s third prong do not compel survival damages for pre-death pain and suffering or medical expenses under general maritime law.

## IV.   CONCLUSION

For these reasons, Plaintiff has failed to state a viable survival claim for Mr. Mullinex's pain and suffering and medical expenses. If Defendant is found liable for Mr. Mullinex's death, Plaintiff is only entitled to the pecuniary damages resulting from Mr. Mullinex's death. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion to the parties and all counsel of record.

**IT IS SO ORDERED.**

Newport News, Virginia

*Digitally signed by Raymond Jackson*
*Date: 2022.06.10 12:54:54 -04'00'*