**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**PATRICIA E. MULLINEX,**
**Individually and as Executor of the**
**Estate of Herbert H. Mullinex, Jr.**

              **Plaintiff,**

**v.**                                        **Case No. 4:18-cv-00033-RAJ-DEM**

 **JOHN CRANE, INC.,**

              **Defendant.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A
FOURTH AMENDED COMPLAINT TO CONFORM TO THE
PROCEDURAL POSTURE OF THIS CASE**

Plaintiff, by counsel, pursuant to Fed. R. Civ. P. 15(a)(2), submits the following *Memorandum in Support of Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case.* Plaintiff's proposed fourth amended complaint is attached as **Ex. 1**. In support of her motion, Plaintiff respectfully states as follows:

**INTRODUCTION**

1.      On March 22, 2022, Plaintiff filed an *Unopposed Motion for Leave to File Third Amended Complaint to Conform to the Evidence and Procedural Posture of this Case*, and a memorandum in support. (ECF 475 & 476). This Court granted Plaintiff's motion (ECF 477), and Plaintiff filed her third amended complaint on March 24, 2022. (ECF 478). Plaintiff's third amended complaint came in the wake of Plaintiff's decedent, Herbert H. Mullinex, Jr.'s, death. and it alleged both a survival cause of action and a wrongful death cause of action. (*Id.* at ¶¶29-30).

2.      On April 6, 2022, Defendant, John Crane, Inc., ("JCI") filed a *Motion to Dismiss Plaintiffs' Claim for Survival Damages Under Federal Rule of Civil Procedure 12(b)(6)* and a

memorandum in support. (ECF 481 & 482). Plaintiff opposed the motion (ECF 494) and JCI replied (ECF 500). On May 23, 2022, this Court granted JCI's motion and dismissed Plaintiff's survival cause of action. (ECF 538). On June 10, 2022, this Court issued a memorandum opinion providing the rationale for its decision to dismiss Plaintiff's survival cause of action. (ECF 544).

3.     JCI only moved to dismiss Plaintiff's Survival Cause of Action. (*See* ECF 482 at 13 (moving "this Court for an Order striking Plaintiff's survival claim, including her request for survival damages")). In opposition to JCI's motion to dismiss, Plaintiff argued that she is entitled to a survival cause of action based on the Virginia Supreme Court's decision and rationale in *John Crane, Inc. v. Hardick. See* 732 S.E.2d 1, 3 (2012); *see also* ECF 494 at 3. Nevertheless, this Court has now held that *Hardick* was wrongfully decided. (*See* ECF 544 at 5, n.2). However, in so holding, this Court also held as follows:

> Finally, general maritime law is not a plaintiff's only source for the same or similar recovery Plaintiff seeks in the instant matter. Plaintiff could have pursued a wrongful death claim against Defendant under Virginia law. *See Calhoun*, 516 U.S. 199, 2011 (1996) (holding that state remedies have not been displaced by the recognized federal maritime wrongful-death action).

(*Id.* at 9-10).

4.     In addition to her survival cause of action, which this Court has dismissed, Plaintiff also specifically alleged a wrongful death cause of action in her third amended complaint, along with the corresponding damages that she is entitled to. (*See* ECF 478 at ¶30). JCI never moved to dismiss Plaintiff's wrongful death cause of action. (*See* ECF 482 at 13 (moving "this Court for an Order striking Plaintiff's survival claim, including her request for survival damages")). In her third amended complaint, Plaintiff specifically listed three different bases for her wrongful death cause of action: The Jones Act, *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996), and *Moragne*'s general maritime wrongful death cause of action as recognized in *Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573 (1974). Specifically, paragraph

thirty of Plaintiff's third amended complaint provides as follows:

> As a direct and proximate result of the injury and <u>death</u> of HERBERT H. MULLINEX, JR. as a result of the negligence, carelessness, gross negligence, willful misconduct, strict liability, and willful omissions of Defendants, his survivors were caused to suffer substantial mental anguish, sorrow and loss of solace, including loss of society, companionship, love and affection, comfort, guidance, kindly offices and advice of Plaintiff's Decedent HERBERT H. MULLINEX, JR. before and after his <u>death</u>. His survivors were also caused to suffer substantial loss of the support, services, including loss of the benefit of the earnings HERBERT H. MULLINEX, JR. would have earned, loss of inheritable estate, loss of protection, and loss of the care and assistance Plaintiff's Decedent would have provided but for his untimely <u>death</u>. Moreover, Plaintiff's Decedent's survivors were caused to incur expenses for Plaintiff's Decedent's care, treatment, and hospitalization incident to the illness resulting in his <u>death</u>, and reasonable funeral expenses. <u>All of the foregoing expenses, suffering and losses are compensable under maritime law pursuant to the Jones Act, *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996), or *Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573 (1974).</u>

(ECF 478 at ¶30) (emphasis added). Plaintiff also alleged a claim for punitive damages as well in the ad damnum clause of her complaint. (ECF478 at 18).[1]

5.     Regarding Plaintiff's first basis for her wrongful death action, the Jones Act, this Court's June 10, 2022 memorandum opinion makes clear that Plaintiff's damages and causes of action are not governed by the Jones Act. (*See* ECF 544 at 6-10 (holding that seamen's remedies are only governed by the Jones Act in suits between seamen and their employers)).

6.     Regarding Plaintiff's second basis for her wrongful death cause of action, *Calhoun*, this Court's June 10, 2022 memorandum opinion makes clear that *Calhoun* allows Plaintiff to recover damages under Virginia's wrongful death statute, Va. Code Ann. § 8.01-50,

---

[1] JCI never challenged the sufficiency of Plaintiff's allegations in her third amended complaint, which are more than sufficient to allege a wrongful death cause of action. *See, e.g.*, Fed. R. Civ. P. 8 (noting that a pleading need only contain a "short and plain statement of the grounds for the court's jurisdiction"; a "claim showing that the pleader is entitled to relief"; and "a demand for the relief sought"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotations omitted). Plaintiff's third amended complaint specifically alleged that JCI failed to warn regarding the hazards associated with its asbestos-containing gaskets and packing, and that this failure to warn caused Mr. Mullinex's mesothelioma and death. (*See* ECF 478). These allegations, along with Plaintiff's citation to the Jones Act, *Yamaha* and *Gaudet*, are more than sufficient to allege a wrongful death cause of action under Fed. R. Civ. P. 8.

*et seq.* (*Id.* at 9 (holding that "Plaintiff could have pursued a wrongful death claim against Defendant under Virginia law") (citing *Calhoun*, 516 U.S. at 201 (holding that state remedies have not been displaced by the recognized federal maritime wrongful-death action)). Plaintiff specifically cited to *Calhoun* in paragraph 30 of her complaint. (*See* ECF 478 at ¶30). She also specifically listed all of the damages recoverable under Virginia's wrongful death statue, and she stated a claim for punitive damages in her ad damnum clause. (*Id.* at ¶30, pg. 18). These damages are compensable under Virginia's wrongful death statute, which allows recovery of the following damages:

    1. Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent;

    2. Compensation for reasonably expected loss of (i) income of the decedent and (ii) services, protection, care and assistance provided by the decedent;

    3. Expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death;

    4. Reasonable funeral expenses; and

    5. Punitive damages may be recovered for willful or wanton conduct, or such recklessness as evinces a conscious disregard for the safety of others.

Va. Code Ann. § 8.01-52.

    7.    Further, substantive maritime law still applies to Plaintiff's wrongful death cause of action under *Calhoun.* On May 24, 2022, while the parties were in the Court's chambers, JCI argued that Plaintiff could not recover under Virginia's wrongful death statute because of this Court's previous ruling that maritime law governs this case. (*See* ECF 154). JCI is mistaken. *Calhoun* allows Plaintiff to supplement her damages with Virginia's wrongful death statute. Importantly, as the Third Circuit Court of Appeals held on remand from the Supreme Court's decision in *Calhoun*, federal maritime law is still the substantive law of Plaintiff's case, even though Plaintiff seeks to recover the damages under Virginia's wrongful death statute. *See*

*Calhoun v. Yamaha Motor Corp., U.S.A.*, 216 F.3d 338, 351 (3d Cir. 2000) (holding "that federal maritime standards govern the adjudication of a defendant's (here Yamaha's) putative liability in an admiralty action brought pursuant to a state wrongful death/survival statute"). In other words, the Supreme Court's decision in *Calhoun* allows Plaintiff to supplement her damages under federal maritime law with the damages recoverable under Virginia's wrongful death statute, while federal maritime law still governs JCI's liability to Plaintiff. Accordingly, Plaintiff may recover damages under Virginia's wrongful death statute, and this Court's prior Order ruling that maritime law governs this case remains unaffected. (*See* ECF 154).

8.     Plaintiff's third basis for her wrongful death cause of action is the general maritime wrongful death cause of action that the Supreme Court recognized in *Moragne v. States Marine Lines*, 398 U.S. 375 (1970) and expanded upon in *Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573 (1974). It remains unclear what damages Plaintiff may recover under this cause of action because JCI's motion to dismiss only concerned Plaintiff's survival cause of action. (*See* ECF 482 at 13). JCI never moved to dismiss Plaintiff's wrongful death cause of action, or to limit the damages that Plaintiff may recover in her wrongful death cause of action. (*See* ECF 482 at 13). Accordingly, the damages Plaintiff may recover under a *Moragne* wrongful death cause of action has never been properly placed before the Court. Nevertheless, this Court stated in its June 10, 2022 memorandum opinion that "[i]f Defendant is found liable for Mr. Mullinex's death, Plaintiff is only entitled to the pecuniary damages resulting from Mr. Mullinex's death." (*See* ECF 544 at 10). In any event, in order to preserve this issue for appeal, Plaintiff maintains that she is entitled to all of the damages listed in paragraph 30 of her third amended complaint, as well as the punitive damages she alleged in the ad damnum clause of her complaint, under *Moragne*'s general maritime wrongful death cause of action. *Gaudet*, 414 U.S. at 584 (holding that, "under the maritime wrongful-death remedy, the decedent's dependents may recover

damages for their loss of support, services, and society, as well as funeral expenses"); *see also Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 411 (2009) (holding that "[t]he general rule that punitive damages were available at common law extend[s] to claims arising under federal maritime law"); *CEH, Inc. v. F/V Seafarer*, 70 F.3d 694, 699 (1st Cir. 1995) ("[P]unitive damages have long been recognized as an available remedy in general maritime actions where defendant's intentional or wanton and reckless conduct amounted to a conscious disregard of the rights of others").

9.      To summarize, Plaintiff specifically alleged three different bases for the wrongful death cause of action that she alleged in paragraph thirty of her complaint, the Jones Act, *Calhoun*, and *Gaudet*. (*See* ECF 478 at ¶30). The Court, in its June 10, 2022 memorandum opinion, held that Plaintiff may recover damages under Virginia's wrongful death statute, in accordance with *Calhoun*. (*See* ECF 544 at 9) (holding that "Plaintiff could have pursued a wrongful death claim against Defendant under Virginia law") (citing *Calhoun*, 516 U.S. at 201 (holding that state remedies have not been displaced by the recognized federal maritime wrongful-death action)).

10.     However, in light of this Court's memorandum opinion, and in accordance with the Court's May 25, 2022 Order (ECF 543), Plaintiff seeks leave to amend her complaint simply to specify that the damages alleged in her third amended complaint are available under Virginia's wrongful death statute, pursuant to *Calhoun.[2]*

## LEGAL ANALYSIS

---

[2] Also, since JCI is the only remaining Defendant in this case, Plaintiff has removed all of the other defendants originally listed in her complaint. Plaintiff also changed "Plaintiff" to "Plaintiff's Decedent" where appropriate. JCI did not object to Plaintiff's use of "Plaintiff" or "Plaintiff's Decedent" in its motion to dismiss Plaintiff's third amended complaint. This is despite the fact that Plaintiff provided a copy of Plaintiff's proposed third amended complaint to JCI before Plaintiff filed her *Unopposed Motion for Leave to File Third Amended Complaint to Conform to the Evidence and Procedural Posture of this Case.* (*See* ECF 476-1). Therefore, JCI cannot be prejudiced by these changes in Plaintiff's fourth amended complaint.

11.     Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend pleadings] when justice so requires." *Id.*

> The law is well settled 'that leave to amend a pleading should be denied ***only when*** the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'

*Bland v. Roberts*, No. 4:11-cv-45, 2011 WL 13228486, at *1 (E.D. Va. Dec. 6, 2011) (emphasis added) (quoting *Edwards v. City of Goldsboro*, 178 F.2d 231, 242 (4th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). Indeed, it is well established that pleadings may even be amended during and after trial when doing so will aid in presenting the merits and the opposing party will not be prejudiced. Fed. R. Civ. P. 15(b).

12.     This Court should grant *Plaintiff's Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case.* JCI will not be prejudiced by allowing Plaintiff to amend her complaint simply to clarify the wrongful death cause of action that she already specifically alleged. (*See* ECF 478 at ¶ 30). Further, Plaintiff has not acted in bad faith, and her amendment will not be futile, especially in light of this Court's ruling that Plaintiff is entitled to pursue the remedies under Virginia's wrongful death statue, consistent with the Supreme Court's decision in *Calhoun.* (*See* ECF 544 at 9).

13.     First, granting Plaintiff's motion for leave to file an amended complaint will not prejudice JCI. Plaintiff specifically alleged a wrongful death cause of action in her third amended complaint. (*See* ECF 478 at ¶ 30). She also cited directly to *Calhoun*, and she listed all of the damages she may recover under Virginia's wrongful death statue. (*Id.*). She further specifically requested punitive damages in the ad damnum clause in her complaint. (*Id.*). All of this was more than sufficient to put JCI on notice that Plaintiff sought recovery under Virginia's wrongful

death statute, consistent with *Calhoun.* (*Id.*). Nevertheless, for reasons unknown to Plaintiff, JCI chose to only move to dismiss Plaintiff's survival cause of action. (*See* ECF 482 at 13 (moving "this Court for an Order striking Plaintiff's survival claim, including her request for survival damages")). JCI never moved to dismiss Plaintiff's wrongful death cause of action, and JCI never argued that Plaintiff had insufficiently plead a wrongful death cause of action. This may simply reflect a tactical decision from JCI to only knock out one portion of Plaintiff's complaint – Plaintiff's survival cause of action. However, one thing is certain, Plaintiff's allegations in her complaint were more than sufficient to allege a wrongful death cause of action under *Calhoun.* Therefore, there is no prejudice to JCI from Plaintiff merely seeking leave to amend her complaint to further clarify the wrongful death cause of action that she already alleged. Also, JCI is not prejudiced because this case has been continued, and a new trial date has not yet been reset. Accordingly, JCI will easily be able to file a new answer to Plaintiff's amended complaint, if one is even necessary.

14.    Further, there is also no prejudice to JCI because maritime law is still the substantive law of this case, as this Court has previously held (ECF 154), even though Plaintiff may recover damages under Virginia's wrongful death statute. Pursuant to *Calhoun*, while Plaintiff is entitled to the damages available under Virginia's wrongful death statute, maritime law is still the appropriate substantive law in this case. In *Yamaha*, the Supreme Court "left open . . . the source – federal or state – of the standards governing liability, as distinguished from the rules on remedies." 516 U.S. at 215, n.14. On remand, the Third Circuit Court of Appeals held "that federal maritime standards govern the adjudication of a defendant's (here, Yamaha's) putative liability in an admiralty action brought pursuant to a state wrongful death/survival statute." *Calhoun*, 216 F.3d at 351 (basing the Court's ruling on maritime law's uniformity principles and noting that "[i]f we were to adopt the District Court's holding that the substantive

standards by which an admiralty defendant's liability is adjudged is governed by the law of the state in which the alleged injury occurred, there would be no uniformity in such standards"). In summary, *Calhoun* allows Plaintiff to recover the damages available under Virginia's wrongful death statute, but Plaintiff's causes of action against JCI for negligence and strict liability are still governed by maritime law, and the elements and standards associated with these causes of action – duty, breach, and causation – remain the same as they have been throughout this case.

15.     Finally, JCI cannot claim any prejudice or surprise in regard to Plaintiff's wrongful death cause of action because it is an uncontested fact – recited in the Final Pretrial Order – that Plaintiff's decedent, Mr. Mullinex, contracted and passed away due to mesothelioma, a malignant cancer caused by asbestos exposure. (ECF 520 at 2). Mr. Mullinex's death certificate specifically states that mesothelioma caused his death. (ECF 453-1). Further, Plaintiff's pathology expert, Dr. Maddox, confirmed that Mr. Mullinex died as a result of asbestos-induced mesothelioma. (Ex. 2, Second Addendum Rpt. Of John C. Maddox, M.D. at 3 (Feb. 28, 2022)). Dr. Maddox also opined that exposure to airborne asbestos fibers from Mr. Mullinex's fabrication and removal of asbestos gaskets and packing sold or manufactured by JCI was a substantial factor in causing both Mr. Mullinex's mesothelioma and his subsequent death therefrom. (*Id.*) From the outset of this case, JCI knew that Mr. Mullinex's mesothelioma would be incurable and fatal, and it also knew that there was a high likelihood Mr. Mullinex could die prior to trial in this case. Accordingly, there is no prejudice or surprise to JCI that Plaintiff has alleged both a wrongful death cause of action, seeking to recover for Plaintiff's damages, and a survival cause of action, seeking to recover for Mr. Mullinex's pre-death pain and suffering, in connection with Mr. Mullinex's death.

16.     This brings Plaintiff to the second factor for this Court to consider regarding Plaintiff's motion for leave to amend her complaint, bad faith. Plaintiff has not acted in bad faith.

Plaintiff's third amended complaint specifically alleged both a wrongful death cause of action and a survival cause of action. (ECF 478 at ¶¶ 29-30). JCI only moved to dismiss Plaintiff's survival cause of action. (*See* ECF 482 at 13). Plaintiff does not know why JCI chose to only attack Plaintiff's survival cause of action, but there can be no doubt that JCI was on notice that Plaintiff also alleged a wrongful death cause of action in her third amended complaint.

17.    Also, Plaintiff's lack of bad faith is demonstrated by Plaintiff's counsel's comments at the May 24, 2022 hearing. At the May 24, 2022 hearing, Plaintiff's counsel admitted that they had planned to try Plaintiff's case around pursuing the survival damages the Virginia Supreme Court held were available in *Hardick*. 732 S.E.2d at 4. (*See* **Ex. 3**, *Mullinex v. John Crane Inc.*, *Transcript of Hearing*, at 3-5 (May 24, 2022)). However, following this Court's ruling granting JCI's motion to dismiss Plaintiff's survival cause of action, Plaintiff's counsel stated that they intended to pursue damages under Virginia's wrongful death statute. (*Id.*) Nevertheless, wanting to further consider the issue, the Court continued the case. (*See* ECF 543).

18.    The reason Plaintiff intended to pursue survival damages in this case is because, up until this Court's ruling, every federal district court to consider *Hardick* agreed with the Virginia Supreme Court's analysis and held that a decedent seaman's estate may recover survival damages under federal maritime law. *See Evans v. John Crane, Inc.*, C.A. No. 15-681, 2019 WL 5457101, at *4-*5, n. 6 (D. Del. Oct. 24, 2019) (rejecting JCI's argument that a plaintiff's recovery is limited to pecuniary damages, and holding that "general maritime law – not DOHSA – applies to survival claims arising from an indivisible injury") (citing and distinguishing *The Dutra Group v. Batterton*, 139 S.Ct. 2275, 2283 (2019) and noting that "[t]he facts of the present case do not involve a claim for unseaworthiness, and the Supreme Court expressly acknowledged that punitive damages are permitted for other maritime torts, including maintenance and cure"); *Bell v. Foster Wheeler Energy Corp.*, Civ. Act. No. 15-6394, 2017 WL 889074, at *3 (E.D. La.

Mar. 6, 2017) (agreeing with *Hardick* and noting that the court "has not been directed to any on point authority suggesting a contrary result. Accordingly, the survival claim is not barred by DOHSA"); *Hays v. John Crane, Inc.*, No. 09-81881-CIV-KAM, 2014 WL 10658453, at *2, *5 (S.D. Fl. Oct. 10, 2014) (rejecting JCI's argument and agreeing with *Hardick* that the plaintiff was entitled to a survival cause of action, and that DOHSA did not preempt Plaintiff's damages); *McAllister v. McDermott, Inc.*, Civ. Act. 18-361-SDD-RLB, 2020 WL 4745743 at *19 (M.D. La. Aug. 14, 2020) (citing *Bell*, 2017 WL 889074 at *6) (relying on *Bell*, which relied on *Hardick*, and stating that a decedent seaman's "estate can bring a survival action to recover all losses suffered during the decedent's lifetime"). Admittedly, Plaintiff is surprised by this Court's ruling, especially in light of the strong precedent in favor of awarding seamen damages consistent with those provided for in the Jones Act, including pain and suffering damages, even in general maritime causes of action. *See, e.g.*, *Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (holding that "[b]ecause this case involves the death of a seaman, we must look to the Jones Act. The Jones Act/FELA survival provision limits recovery to losses suffered during the decedent's lifetime"); *Batterton*, 139 S.Ct. at 2284 (holding that, when a seaman alleges a general maritime cause of action for unseaworthiness, courts "must consider the remedies typically recognized for Jones Act claims. The Jones Act adopts the remedial provisions of FELA", which provides a survival cause of action); *Hardick*, 732 S.E.2d at 4 ("[b]ecause the Jones Act permits recovery for the losses suffered during a decedent seaman's lifetime in a survival action, including pre-death pain and suffering, Hardick's estate may recover for his pre-death pain and suffering under

general maritime law").[3]

19.     Nevertheless, even in light of this Court's ruling, Plaintiff changed gears immediately, and she now intends to pursue the remedies available under Virginia's wrongful death statute that she alleged in her complaint, consistent with *Calhoun*. (*See* ECF 478 at ¶30).

---

[3] JCI argued, and this Court agreed, that the Supreme Court's analysis in *Batterton* bars Plaintiff's general maritime survival cause of action. However, the issue in *Batterton* was whether punitive damages were available to a seaman in an unseaworthiness cause of action. *Id.* at 2278. *Batterton* did not opine on the availability of a survival cause of action, or state that *Batterton*'s test is the appropriate method for discerning whether a specific cause of action is available under maritime law. Plaintiff maintains that *Batterton*'s test should not be used to decide whether a survival cause of action is available under maritime law. Indeed, a straightforward application of *Batterton*'s test would suggest that there is no general maritime wrongful death cause of action because this cause of action (1) was not historically recognized; (2) no federal statute requires its recognition; and (3) according to this Court, policy grounds would not compel its recognition because plaintiffs could still recover under state wrongful death and survival statutes. (*But see* ECF 544 at 3-10 (holding that *Batterton* bars a general maritime survival cause of action)). However, there is no indication that the Supreme Court intended to *sub silentio* overrule *Moragne*. Further, every federal circuit court to consider the issue has recognized a general maritime survival action. *See Wahlstrom v. Kawasaki Heavy Indus., Ltd.,* 4 F.3d 1084 (2d Cir. 1993); *Evich v. Connelly*, 759 F.2d 1432, 1434 (9th Cir. 1985); *Kuntz v. Windjammer Barefoot Cruises*, 573 F. Supp. 1277, 1284 (W.D. Pa. 1983), *aff'd*, 738 F.2d 426 (3d Cir. 1984); *Law v. Sea Drilling Corp.*, 523 F.2d 793, 795 (5th Cir. 1975); *Barbe v. Drummond*, 507 F.2d 794, 799-800 (1st Cir. 1974); *Spiller v. Thomas W. Lowe, Jr. and Associates, Inc.*, 466 F.2d 903, 909 (8th Cir. 1972); *Greene v. Vantage Steamship Corp.,* 466 F.2d 159, 166 & n.9 (4th Cir. 1972). The Supreme Court has never overruled these decisions. To the contrary, these decisions are well reasoned because, when maritime law looks to state or common law rules, including causes of action, it typically adopts the majority rule or cause of action, or the one most consistent with underlying maritime principles. *See, e.g., Moragne*, 398 U.S. at 387-90 (recognizing a general maritime wrongful death cause of action because "every State today has enacted a wrongful death statute" and because it "better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules"). To this end, every state in the Fourth Circuit recognizes a survival cause of action, and most states allow plaintiffs to recover for both the decedent's pre-death pain and suffering and the plaintiff's loss of society. (*See* **Ex. 4**, Survey of Fourth Circuit State Wrongful Death and Survival Statutes). In short, Plaintiff objects to this Court's ruling because it can be read as effectively holding that the Supreme Court, in *Batterton*, *sub silentio* overruled *Moragne* in addition to all of these prior federal circuit court decisions, and it is well established that a later Supreme Court decision does not overrule, *sub silento*, earlier Supreme Court decisions not involved in deciding the later decision. *See Kirk v. Maumee Valley Elec. Co.*, 279 U.S. 797, 806 (1929); *Shalala v. Ill Council on Long Term Care*, 529 U.S. 1, 18 (2000) (noting that the Supreme Court "does not normally overturn, or so dramatically limit, earlier authority, *sub silento*"); *Mich. v. Bay Mills Indian Comm.*, 572 U.S. 782, 798 (2014) (noting the Supreme Court "does not overturn its precedents lightly").

20.     Regarding the third and final factor for this Court to consider before granting Plaintiff's motion for leave, Plaintiff's amendment is not futile. Indeed, Plaintiff's wrongful death cause of action is still before the Court, and this Court has explicitly held that Plaintiff may recover damages under Virginia's wrongful death statute, consistent with the Supreme Court's holding in *Calhoun*. (*See* ECF 544 at 9). Plaintiff is simply seeking leave to amend her complaint and specifically cite to Virginia's wrongful death statute, Va. Code Ann. 8.01-50, *et seq.* Accordingly, this Court should grant Plaintiff leave to amend her complaint to make this clarification. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits").

21.     In summary, this Court should grant *Plaintiff's Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case.* Allowing Plaintiff leave to amend her complaint will not prejudice JCI, because Plaintiff has already specifically alleged a right to recover the damages under Virginia's wrongful death statute, consistent with *Calhoun*. Plaintiff's allegations in her third amended complaint also establish that she has not acted in bad faith, and when confronted with this Court's ruling dismissing Plaintiff's survival cause of action, Plaintiff immediately sought to recover under Virginia's wrongful death statute. Finally, Plaintiff's amendment is not futile because, as this Court has held, *Yamaha* guarantees that Plaintiff is entitled to damages under Virginia's wrongful death statute. (*See* ECF 544 at 9).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant *Plaintiff's Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case.*, attached as **Ex. 1**, and for such other relief as the Court deems just and proper.

13

Respectfully Submitted,

By: /s/ Hugh B. McCormick, III, Esq.
     Of Counsel

Robert R. Hatten, Esq. (VSB # 12854)
Hugh B. McCormick, III, Esq. (VSB # 37513)
Daniel R. O. Long, Esq. (VSB # 95873)
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN, L.C.
12350 Jefferson Avenue - Suite 300
Newport News, VA 23602
(757) 223-4500 Telephone
(757) 249-3242 Facsimile
pleadings@pwhd.com
hughmccormick@pwhd.com
Counsel for Plaintiff

Nathan D. Finch, Esq. (VSB #34290)
MOTLEY RICE LLP
401 9th Street, NW, Suite 630
Washington DC, 20004
Phone: (202) 232-5504
Fax: (202) 232-5513
Email: nfinch@motleyrice.com
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2022 a true and accurate copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Virginia using the CM/ECF system, which automatically sends all necessary notifications of this filing to the following:

Eric G. Reeves, Esq.
Laura May Hooe, Esq.
Mary Lou Roberts, Esq.
Lisa Moran McMurdo, Esq.
**MORAN, REEVES & CONN, P.C.**
1211 East Cary Street
Richmond, VA 23219
Counsel for John Crane, Inc.

Brian James Schneider, Esq.
**SPOTTS FAIN, PC**
411 E. Franklin St., Suite 600
Richmond, VA 23219
Counsel for John Crane, Inc.

Christopher O. Massenburg, Esq. (admitted *pro hac vice*)
**MANNING GROSS & MASSENBURG, LLP**
365 Canal Street, Suite 3000
New Orleans, LA 70130
Counsel for John Crane, Inc.

By:   */s/* Hugh B. McCormick, III, Esq.
　　　　　　　Attorney for Plaintiff