**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **PATRICIA E. MULLINEX,** ) <br> **Individually and as Executor of the** ) <br> **Estate of Herbert H. Mullinex, Jr.** ) <br>   ) <br>   **Plaintiff,** ) <br> v.   )    Case No. 4:18-cv-00033-RAJ-DEM <br>   ) <br> **JOHN CRANE, INC.,** *et al.*   ) <br>   ) <br>   **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JOHN CRANE INC.'S
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

In Plaintiffs' words, this is a "quintessential maritime product liability action." [ECF 130 at 29.] This Court held – based on 50 years of Supreme Court precedent culminating in *Dutra Group v. Batterton*, 139 S. Ct. 2275 (2019) – that general maritime law does not allow for recovery by Plaintiffs of loss of consortium, punitive damages, or survival damages. Plaintiffs thus admit they have no other recoverable maritime damages. Without evidence to support this necessary element of their claim, JCI is entitled to summary judgment under Federal Rule of Civil Procedure ("FRCP") 56.

### I.  LOCAL RULE 56(b) STATEMENT OF UNDISPUTED FACTS

1. A little more than two years ago, Plaintiffs – opposing a motion by JCI to apply Virginia law, [ECF Nos. 124, 125] – asserted that general maritime law is "***the*** *substantive law* applicable to this case." [ECF No. 130 at 1] (first emphasis added). In doing so, Plaintiffs observed that "Mullinex was a sea-based maritime worker whose entire known exposure occurred on ships on navigable waters." [*Id.* at 2 n.2.] Plaintiffs averred that "asbestos product liability cases

involving workers exposed on navigable waters, like this one, have been consistently found to arise under general maritime law." [*Id.* at 2.]

2. Thus, according to Plaintiffs, not only is this suit "solely a maritime product liability lawsuit," [ECF No. 130 at 21], it is the "quintessential maritime product liability action." [*Id.* at 29.] As such, "state law cannot be applied in any way that conflicts with established maritime law principles." [*Id.* at 13-14 n.6.]

3. After considering the arguments of the parties, the Court held that the facts of this case "place[] the Plaintiffs' allegations squarely in a context that interests admiralty law" and denied JCI's motion. [ECF No. 154 at 7.]

4. As recently as five months ago, on January 13, 2022, Plaintiffs again averred that "[t]his is a general maritime case," [ECF No. 452 ¶1], reasserting that the damages they sought were under maritime law. [*Id.* ¶¶5-6.] The jury instructions submitted by Plaintiffs less than one month ago likewise sought to instruct the jury solely as to maritime damages. [ECF No. 517 at 38-39 and annotations cited therein.]

5. On October 5, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") excluding Plaintiffs' claims for loss of society and punitive damages. [ECF No. 351.] This Court affirmed the R&R on May 20, 2022. [ECF No. 533.]

6. On May 23, 2022, this Court granted JCI's FRCP 12(b)(6) Motion to Dismiss Plaintiffs' claim for survival damages. [ECF No. 538.] As stated in its Memorandum Opinion of June 10, 2022, "[t]he Court **FINDS** that Plaintiff is not entitled to recover Mr. Mullinex's pre-death pain and suffering or medical expenses." [ECF No. 544 at 1.]

7. As a result of these two rulings, during the hearing on May 24, 2022, Plaintiffs admitted their maritime claim "no longer has any damages that we can pursue." [ECF No. 542 at 5:8-10;

*see also id.* at 7:16-17 (conceding that "all of the damages that we sought under maritime law have now been stricken").]

8. During that same hearing, the Court granted leave to JCI to submit this supplemental Motion for Summary Judgment. [ECF No. 542 at 12:13-23.]

## II. LEGAL ARGUMENT

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits or other materials in the record, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has met that burden, the nonmoving party must come forward with specific facts and demonstrate that such an issue does, in fact, exist. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). This Plaintiffs cannot do.

This Court held – at Plaintiffs' urging – that maritime law provides the rule of decision here. ECF No. 154 at 7. A maritime claim is one "which the Constitution has placed under national power to control in its substantive as well as its procedural features." *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409 (1953). Thus, "[w]ith admiralty jurisdiction comes the application of substantive admiralty law." *E. River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 865 (1986). This means that "[f]ederal law, rather than state, is the more appropriate source of a remedy for violation of the federally imposed duties of maritime law." *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 401 n.15 (1970). In so holding, the Supreme Court explained that application of a federal remedial scheme "will assure uniform vindication of federal policies, removing the tensions and discrepancies" that result when maritime courts try "to accommodate state remedial statutes" in federal maritime suits. *Id.* at 401.

In the wake of this Court's holding that general maritime law controls, Plaintiffs concede they have no recoverable damages. Damages constitute a "necessary element of any tort claim under general maritime law." *Dziennik v. Sealift, Inc.*, 2009 U.S. Dist. LEXIS141398 at *20 (E.D.N.Y. Apr. 1, 2009); *accord* 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law*, General Maritime Law of Negligence §5-2 at 183-84 (West 4th ed. 2009) (claimant must prove elements of a negligence claim which includes damages). As such, summary judgment is appropriate because the undisputed evidence demonstrates there are no recoverable damages. *McClain v. South Carolina Nat'l Bank*, 105 F.3d 898, 901 (4th Cir. 1997) (damages an "essential element" whose absence warrants summary judgment). Because Plaintiffs admit they have no recoverable damages under general maritime law – the governing law in this case – JCI is entitled to summary judgment.

### III. CONCLUSION

For the reasons set forth herein, JCI respectfully moves the Court for an Order awarding summary judgment in favor of JCI on all claims under Federal Rule of Civil Procedure 56.

Dated: June 14, 2022

                                                **Respectfully submitted,**
                                                **JOHN CRANE INC.**
                                                **Defendant**

                                  By:    /s/ Eric G. Reeves
                                                        Counsel

| | |
|---|---|
| Eric G. Reeves (VSB # 38149) | Brian J. Schneider (VSB #45841) |
| Laura May Hooe (VSB # 84170) | SPOTTS FAIN PC |
| Mary Louise Roberts (VSB # 34305) | 411 E. Franklin Street |
| Lisa Moran McMurdo (VSB # 44371) | Suite 600 |
| MORAN REEVES & CONN PC | Richmond, Virginia 23219 |
| 1211 E. Cary Street | Telephone: (804) 921-1306 |
| Richmond, Virginia 23219 | bschneider@spottsfain.com |
| Telephone: (804) 421-6250 | |

Facsimile: (804) 421-6251
ereeves@moranreevesconn.com
lmayhooe@moranreevesconn.com
mroberts@moranreevesconn.com
lmcmurdo@moranreevesconn.com

Christopher O. Massenburg, Esq (admitted *pro hac vice*)
MANNING GROSS & MASSENBURG, LLP
14 Wall Street, 28th Floor
New York, New York 10005
Telephone: (504) 799-0504
Facsimile: (504) 535-2886
cmassenburg@mgmlaw.com

***Counsel for John Crane Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June, 2022, a true and accurate copy of the foregoing was filed electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Eric G. Reeves
Eric G. Reeves (VSB # 38149)
Laura May Hooe (VSB # 84170)
Mary Louise Roberts (VSB # 34305)
Lisa Moran McMurdo (VSB # 44371)
MORAN REEVES & CONN PC
1211 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
ereeves@moranreevesconn.com
lmayhooe@moranreevesconn.com
mroberts@moranreevesconn.com
lmcmurdo@moranreevesconn.com