IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**PATRICIA E. MULLINEX,**
**Individually and as Executor of the**
**Estate of Herbert H. Mullinex, Jr.**

    **Plaintiff,**

v.              CIVIL ACTION NO.: 4:18-cv-00033

**JOHN CRANE, INC.,** *et al.*

    **Defendant.**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### MOTION FOR DEFAULT

  COMES NOW Plaintiff, by counsel, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and submits the following *Memorandum in Support of Motion for Default*. In support of her motion, Plaintiff respectfully states as follows:

### BACKGROUND

  1.  On March 22, 2022, after Plaintiff's counsel conferred with counsel for Defendant, John Crane, Inc. (hereinafter "JCI"), Plaintiff filed an *Unopposed Motion for Leave to File Third Amended Complaint to Conform to the Evidence and Procedural Posture of this Case* and a memorandum in support. (*See* ECF Nos. 475 & 476).

  2.  The Court granted Plaintiff's Motion and ordered that "Defendant shall Answer or otherwise respond to the Third Amended Complaint within 14 Days of the filing." (ECF 477).

  3.  Plaintiff filed a Third Amended Complaint on March 24, 2022, (ECF 478), including five (5) additional paragraphs not included in the Second Amended Complaint, or the First Amended Complaint, as follows:

    a. Paragraph 6. "HERBERT H. MULLINEX, JR. departed this life as a direct and proximate consequence of his malignant mesothelioma on November 11, 2021."

    b. Paragraph 7. "PATRICIA E. MULLINEX was appointed Executor of the Estate of Herbert H. Mullinex, Jr. by the Circuit Court of Augusta County, Virginia on December 7, 2021."

    c. Paragraph 8. "On January 18, 2022, this Court granted Plaintiff's Motion to Substitute a Proper Party Pursuant to Fed. R. Civ. P. 25(a)."

    d. Paragraph 29. "Plaintiff's Decedent's pre-death pain and suffering and other losses as described in Paragraph 28, above, survived his death and constitute a separate and distinct survival claim pursuant to admiralty and general maritime law as set forth in *Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084 (2nd Cir. 1993), *John Crane, Inc. v. Hardick*, 284 Va. 329, 732 S.E.2d 1 (2012) *cert. denied*, 133 S. Ct. 1236 (2013), or in accordance with the Jones Act."

    e. Paragraph 30. "As a direct and proximate result of the injury and death of HERBERT H. MULLINEX, JR. as a result of the negligence, carelessness, gross negligence, willful misconduct, strict liability, and willful omissions of Defendants, his survivors were caused to suffer substantial mental anguish, sorrow and loss of solace, including loss of society, companionship, love and affection, comfort, guidance, kindly offices, and advice of Plaintiff's Decedent HERBERT H. MULLINEX, JR. before and after his death. His survivors were also caused to suffer substantial loss of the support, services, including loss of the benefit of the earnings HERBERT H. MULLINEX, JR. would have earned,

loss of inheritable estate, loss of protection, and loss of the care and assistance Plaintiff's Decedent would have provided but for his untimely death. Moreover, Plaintiff's Decedent's survivors were caused to incur expenses for Plaintiff's Decedent's care, treatment, and hospitalization incident to the illness resulting in his death, and reasonable funeral expenses. All of the foregoing expenses, suffering and losses are compensable under maritime law pursuant to the Jones Act, *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996), or *Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573 (1974).

4. JCI's Answer was therefore due on April 7, 2022, fourteen (14) days from March 24, 2022, the day Plaintiff filed her Third Amended Complaint. (*See* ECF 477; *see also* Fed. R. Civ. P. 15(a)(3) ("*Unless the court orders otherwise*, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." (emphasis added)).

5. On April 6, 2022, JCI, filed its *Motion to Dismiss Plaintiffs' Claim for Survival Damages Under Federal Rule of Civil Procedure 12(b)(6)*, (*see* ECF 481), and a memorandum in support seeking to strike Plaintiff's survival cause of action and request for survival damages alleged in Paragraph 29 of Plaintiff's Third Amended Complaint. (*See* ECF 482). **JCI never filed an answer or any other responsive pleading to the remainder of the allegations in Plaintiff's Third Amended Complaint.**

6. On May 23, 2022, the Court granted JCI's motion and dismissed Plaintiff's survival cause of action. (ECF 538). On June 10, 2022, this Court issued a memorandum opinion providing the rationale for its decision to dismiss Plaintiff's survival cause of action. (ECF 544).

7. On May 25, 2022,[1] the Court issued an order granting Plaintiff leave to file a motion for leave to file a fourth amended complaint, and the Court additionally granted leave to JCI to file a motion for summary judgment as well. (*See* ECF 543).

8. Plaintiff filed her *Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case* and a memorandum in support on June 14, 2022. (*See* ECF 545 & 546).

9. JCI filed its *Supplemental Motion for Summary Judgment* and a memorandum of support on June 14, 2022, **but it failed to move for summary judgment as to wrongful death damages.** (*See* ECF 547 & 548).

10. On August 15, 2022, **the Court denied JCI's motion for summary judgment, holding that "there are still genuine issues of material fact regarding Plaintiffs wrongful death claim, a claim that was never challenged by Defendants at summary judgment."** (*See* ECF 553).

11. On August 22, 2022, the Court denied Plaintiff's motion for leave to file a Fourth Amended Complaint. (*See* ECF 554).

## ARGUMENT

JCI has had since March 24, 2022, (*see* ECF 477 & 478), to submit its Answer to Plaintiff's Third Amended Complaint. Regardless of any of the excuses JCI may put forth, JCI has since failed to answer Plaintiff's Third Amended Complaint within the last five (5) months as to Plaintiff's wrongful death cause of action, demonstrating a lack of desire to defend said wrongful death cause of action, and JCI is therefore in default.

---

[1] The Court originally made *ore tenus* rulings regarding the procedure for filing additional pleadings on May 24, 2022, but these rulings were superseded via this Court's May 25, 2022, Order. (*See* ECF 543).

JCI may make a tolling argument as an excuse as to why it has not answered Plaintiff's Third Amended Complaint, but none of these excuses have been put before this Court. Neither the facts nor the law supports any tolling argument in this case.

JCI may assert that its Rule 12(b)(6) motion, (*see* ECF 481), tolled its responsibility to Answer in this case from the period of April 6, 2022, (*see* ECF 481), to May 23, 2022, (*see* ECF 538). This argument is not supported by the federal rules or caselaw for several reasons. JCI's Answer as to Plaintiff's wrongful death cause of action was due on April 7, 2022, and JCI has since failed to answer. First, Federal Rule of Civil Procedure 12(b)(6) motion does not relieve JCI of its obligation to file an Answer to Plaintiff's Third Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3). Second, while a Rule 12(b)(6) pre-answer motion may toll the time to respond to the original complaint, a similar application of tolling does not apply to responses to an amended complaint. Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 159 (2013) (Filing a Rule 12 motion "tolls the time to answer until the court disposes of the motion, *though a pre-answer motion in response to an amended complaint may not*." (emphasis added) (footnote indicators omitted) (citing Fed. R. Civ. P. 12(a)(4); Fed R. Civ P. 15(a)(3); *Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007) ("The filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstance here where the time for responding to the original complaint has already run."), *clarified on denial of rehearing*, 495 F.3d 1378, 1380–81 (Fed. Cir. 2007)). Third, the Fourth Circuit has not specifically addressed whether tolling exists for claims not addressed in a Rule 12(b)(6) motion where the motion to dismiss addresses some, but not all, of the claims, as in this case. (*See* Fed R. Civ. P. 12(a)(4) (considering that the rule does not address the situation at bar); *see Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978) ("F.R.C.P. 12

does not explicitly address the issue of whether the filing of a motion under F.R.C.P. 12(b) also alters the time within which the moving party must respond to claims in the complaint not addressed in the motion."). Plaintiff herein maintains that "[s]eparate counts are, by definition, independent bases for a lawsuit . . . the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)[,]" *Gerlach*, 448 F. Supp. at 1174, and JCI's failure to address the separate counts in Plaintiff's Third Amended Complaint is therefore a default. Even though its Rule 12(b)(6) motion addressed survival cause of action, no such challenge was made as to Plaintiff's wrongful death cause of action. Plaintiff contends that such omission is fatal, and an answer to Plaintiff's wrongful death cause of action was due on April 7, 2022. *Id.* JCI's failure to answer in the five (5) months since places it in default from that date to the present.

JCI may also argue that its requirement to answer was tolled during the pendency of its *Supplemental Motion for Summary Judgment*, (*see* ECF 547 & 548), from the period of May 25, 2022, (*see* ECF 543), until August 15, 2022, (*see* ECF 533). Again, this argument is not supported by the rules or the caselaw. As with the Rule 12(b)(6) motion, *supra*, the *Supplemental Motion for Summary Judgment* does not address Plaintiff's claim for wrongful death damages in any way. (*See* ECF 553 (denying JCI's supplemental motion for summary judgment because "there are genuine issues of material fact regarding Plaintiffs wrongful death claim, a claim that was never challenged by Defendants at summary judgment"); *see also Mann v. Lee*, 2009 WL 5178095 at *2 (N.D. Cal. Dec. 22, 2009) (collecting cases) ("[N]either the text of Rule 12 nor Rule 56 addresses whether the filing of a summary judgment motion likewise tolls the time to answer. Some federal courts, however, have determined that the tolling effect of Rule 12(a) may be extended by analogy to the filing of a motion for summary judgment *where such motion adequately contests the*

6

*action*.") (emphasis added)). As reiterated previously, where "[s]eparate counts are, by definition, independent bases for a lawsuit," JCI was again responsible to proceed with litigation on the counts not addressed under its motion for summary judgment. *Gerlach*, 448 F. Supp. at 1174. Where no such challenge was made as to Plaintiff's wrongful death cause of action, no tolling exists as to the wrongful death cause of action.

Additionally, JCI may argue that the pendency of Plaintiff possibly filing a Fourth Amended Complaint tolled its responsibility to answer from the period of May 25, 2022, (*see* ECF 543), until August 22, 2022, (*see* ECF 554). This argument is not supported by the rules or the caselaw. Tolling did not occur here because the Court did not permit a fourth amended complaint to be filed. An amended complaint "is not actually 'filed' until the court grants 'leave' for the amendment[,]" and the motion for an amended complaint is ultimately granted. *Angles v. Dollar Tree Stores, Inc.*, 494 Fed. Appx. 326, 329 (4th Cir. 2012) (citing *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir.1998)). In this case, Plaintiff's motion for a fourth amended complaint was denied. (*See* ECF 554). There is no federal rule or caselaw that authorizes a *motion* for leave to amend to absolve the JCI's need to answer Plaintiff's Third Amended Complaint.

JCI has undoubtedly failed to submit its Answer to Plaintiff's Third Amended Complaint as to Plaintiff's wrongful death cause of action by April 7, 2022, or in the alternative, within fourteen (14) days of any last conceivable point of tolling, the date this Court denied Plaintiff's *Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case* on August 22, 2022 (*See* ECF 554). JCI has known since March 24, 2022, that it needed to file its Answer to Plaintiff's Third Amended Complaint as to Plaintiff's wrongful death cause of action, and yet it has failed to do so, time and time again, in opposition to what was required by this Court's Order (ECF 447) and Fed. R. Civ. P. 15(a)(3). In turn, Paragraphs 6, 7, 8, 29, and 30

of Plaintiff's Third Amended Complaint remain unanswered by any prior answer from JCI. Further, even though JCI's Rule 12(b)(6) motion and summary judgment motion addressed survival damages, no such challenge was made as to Plaintiff's wrongful death claim in *any* form: In her Third Amended Complaint, Plaintiff alleged both a survival action and a wrongful death action, claiming the damages allowed under Virginia's wrongful death statute and reciting *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 116 S. Ct. 619, 133 L. Ed. 2d 578 (1996), as authority for Virginia's wrongful death damages. (ECF 478). JCI never answered Plaintiff's Third Amended Complaint and therefore never denied Plaintiff's entitlement to any of these damages. Accordingly, JCI is in default as to these claims.

Finally, when JCI filed its Supplemental Motion for Summary Judgment and a memorandum of support on June 14, 2022, it failed to move for summary judgment as to wrongful death damages. (*See* ECF 547 & 548). This is reflected in the Court's August 15, 2022, Order wherein the Court denied JCI's motion for summary judgment, holding that "there are still genuine issues of material fact regarding Plaintiffs wrongful death claim, a claim that was never challenged by Defendants at summary judgment." (*See* ECF 533). JCI has therefore failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, as early as April 7, 2022, but even utilizing any conceivable means of tolling, JCI has failed to plead or otherwise defend within fourteen (14) days of August 22, 2022, the date the Court denied Plaintiff's motion for leave to file a Fourth Amended Complaint. (ECF 554). No excuses have been made by JCI, no objections have been filed, and no explanation has been submitted within the last five (5) months contesting Plaintiff's claim to wrongful death damages. JCI has therefore demonstrated a lack of desire to defend against Plaintiff's wrongful death cause of action for that

five-month duration. For the foregoing reasons, JCI is in default as to Plaintiff's wrongful death cause of action.

## **CONCLUSION**

In conclusion, Plaintiff moves for entry of default in this matter because JCI has failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, and as required by this Court's Order (*see* ECF 447) and Fed. R. Civ. P. 15(a)(3). Wherefore, for the foregoing reasons, Plaintiff requests that this Court grant *Plaintiff's Motion for Default* and for such other relief as the Court deems just and proper.

    Respectfully Submitted,

    By: /s/ Hugh B. McCormick, III, Esq.
        Of Counsel

| | |
|---|---|
| Robert R. Hatten, Esq. (VSB # 12854) | Nathan D. Finch, Esq. (VSB #34290) |
| Hugh B. McCormick, III, Esq. (VSB # 37513) | MOTLEY RICE LLP |
| Daniel R. O. Long, Esq. (VSB # 95873) | 401 9th Street, NW, Suite 630 |
| PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C. | Washington DC, 20004 |
| 12350 Jefferson Avenue - Suite 300 | Phone: (202) 232-5504 |
| Newport News, VA 23602 | Fax: (202) 232-5513 |
| (757) 223-4500 Telephone | Email: nfinch@motleyrice.com |
| (757) 249-3242 Facsimile | Counsel for Plaintiff |
| pleadings@pwhd.com | |
| hughmccormick@pwhd.com | |
| Counsel for Plaintiff | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of September, 2022, a true and accurate copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Virginia using the CM/ECF system, which automatically sends all necessary notifications of this filing to the following:

Eric G. Reeves, Esq.
Laura May Hooe, Esq.
Mary Lou Roberts, Esq.
Lisa Moran McMurdo, Esq.
**MORAN, REEVES & CONN, P.C.**
1211 East Cary Street
Richmond, VA 23219
Counsel for John Crane, Inc.

Brian James Schneider, Esq.
**SPOTTS FAIN, PC**
411 E. Franklin St., Suite 600
Richmond, VA 23219
Counsel for John Crane, Inc.

Christopher O. Massenburg, Esq. (admitted *pro hac vice*)
**MANNING GROSS & MASSENBURG, LLP**
14 Wall Street, 28th Floor
New York, New York 10005
Counsel for John Crane, Inc.