**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**PATRICIA E. MULLINEX,
Individually and as Executor of the
Estate of Herbert H. Mullinex, Jr.**

        **Plaintiff,**

**v.**                                **Case No. 4:18-cv-00033-RAJ-DEM**

**JOHN CRANE, INC.,**

        **Defendant.**

**PLAINTIFF'S REPLY TO DEFENDANT JOHN CRANE, INC.'S
<u>OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT</u>**

COMES NOW, Plaintiff, Patricia E. Mullinex, by counsel, and replies to Defendant John

Crane, Inc.'s ("JCI") *Opposition to Plaintiffs' Motion for Default*. (*See* ECF 566). On September

7, 2022, Plaintiff filed a *Request for Entry of Default* (ECF 558), and an *Affidavit in Support of*

*Request for Entry of Default* (ECF 558-1). In the request and affidavit, Plaintiff's counsel

explained that JCI is in default because it failed to timely file an Answer to Plaintiff's Third

Amended Complaint, and Plaintiff's counsel requested that the Clerk of Court enter default against

JCI under Fed. R. Civ. P. 55(a). On the same day, Plaintiff also filed a *Motion for Default* (ECF

559) and a *Memorandum in Support of Motion for Default* (ECF 560). Eight days later, JCI filed

an *Opposition to Plaintiff's Motion for Default* (ECF 566), a *Motion for Leave to File Answer to*

*Third Amended Complaint* (ECF 564), and a *Memorandum of Law in Support of its Motion for*

*Leave to File Answer to Third Amended Complaint* (ECF 565). The Clerk of Court has not yet

entered default against JCI in this case pursuant to Fed. R. Civ. P. 55(a). For the reasons set forth

herein and in *Plaintiff's Memorandum in Support of Motion for Default* (ECF 560), Plaintiff

respectfully requests that this Court grant *Plaintiff's Motion for Default* (ECF 559) and direct the Clerk of the Court to enter default against JCI in this case.

## INTRODUCTION

JCI has taken almost six months to respond to the allegations in Plaintiff's Third Amended Complaint. In her Third Amended Complaint, Plaintiff alleged both a survival cause of action and a wrongful death cause of action. (*See* ECF 478 at ¶¶29-30). In her wrongful death cause of action, Plaintiff specifically alleged a right to recover Virginia's wrongful death damages under *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996). (*See* ECF 478 at ¶30). In response, JCI only filed a *Motion to Dismiss Plaintiffs' Claim for Survival Damages Under Federal Rule of Civil Procedure 12(b)(6)* and a memorandum in support, which only sought to dismiss Plaintiff's cause of action for survival damages under maritime law (alleged in ¶29 of Plaintiff's Third Amended Complaint). (*See* ECFs 481, 482). However, JCI's Rule 12(b)(6) motion did not address Plaintiff's wrongful death cause of action or her right to recover state law damages as a supplement to maritime law under *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996) (as Plaintiff alleged in ¶30 of her Third Amended Complaint). (*See* ECFs 481, 482). JCI also never readopted or reaffirmed its prior Answers to Plaintiff's previous Complaints, nor did it respond in any way to Plaintiff's wrongful death cause of action. This Court granted JCI's motion to dismiss Plaintiff's survival cause of action the day before trial. (*See* ECF 538). After the Court granted JCI's motion to dismiss, Plaintiff arrived ready to begin trial the next day, and she sought to recover the Virginia state law damages she had alleged in her wrongful death cause of action. (*See* ECF 478 at ¶30).

It was at this time, on the day of trial, that JCI argued for the first time in this litigation that Plaintiff could not supplement her damages under maritime law with Virginia state law damages.[1] As a result of JCI's last second argument and refusal to acknowledge Plaintiff's right to recover Virginia state law damages in this case, this Court was forced to continue trial in this case and order additional briefing on the subject. (*See* ECF 543). Indeed, even after this Court held in its June 10, 2022, *Memorandum Opinion and Order* that "Plaintiff could have pursued a wrongful death claim against Defendant under Virginia law" (*See* ECF 544 at 9 (citing *Calhoun*, 516 U.S. at 201)), JCI still continues to insist that Plaintiff cannot recover Virginia damages in this case, and JCI has refused to even attempt to file a responsive pleading to the allegations in ¶30 of Plaintiff's Third Amended Complaint until September 15, 2022, eight days after Plaintiff filed her *Motion for Default*. (*See* ECF 559, *Plaintiff's Motion for Default* (filed Sept. 7, 2022); ECF 564, JCI's *Motion for Leave to File Answer to Third Amended Complaint* (filed Sept. 15, 2022)).

Indeed, JCI has failed to file any response to Plaintiff's wrongful death cause of action despite the fact that Plaintiff repeatedly told JCI throughout the parties' extensive summertime briefing that JCI had "never moved to dismiss Plaintiff's wrongful death cause of action." (ECF 546, *Plaintiff's Memorandum in Support of Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case*, at 2; *see also* ECF 550, *Plaintiff's Opposition to Defendant John Crane, Inc.'s Supplemental Motion for Summary Judgment*, at 1 (noting

---

[1] JCI has repeatedly misconstrued this Court's previous orders regarding loss of society and punitive damages as forbidding Plaintiff from recovering damages under Virginia's wrongful death statute. However, this Court's previous orders do not sweep as far as JCI claims, as this Court has only held that damages for Mrs. Mullinex's pre-death loss of society and punitive damages were unavailable to Plaintiff <u>under maritime law.</u> (ECF 351, Report and Recommendation, at 1 (evaluating whether loss of society or punitive "<u>damages are available under maritime law</u>") (emphasis added), *adopted* ECF 533). This Court has never held that Plaintiff could not supplement her maritime claims with Virginia state law damages.

3

"Plaintiff specifically alleged a wrongful death cause of action in her third amended complaint, which JCI never moved to dismiss"); ECF 551, *Plaintiff's Reply to John Crane, Inc.'s Opposition to Plaintiffs' Motion for Leave to File Fourth Amended Complaint*, at 1 (noting "JCI never moved to dismiss Plaintiff's wrongful death cause of action")).

Yet, instead of following the proper procedure in this situation, i.e., acknowledging that it is in default in this case, allowing the Clerk of the Court to enter default, and then moving to set aside the default under Fed. R. Civ. 55(c), JCI has raised three meritless arguments in its opposition brief as to why it has not actually defaulted in this case despite waiting almost six months to file an Answer to Plaintiff's Third Amended Complaint. None of JCI's arguments hold water. First, JCI argues that Plaintiff's *Motion for Default* should be denied because JCI submitted a *Motion for Leave to File Answer to Third Amended Complaint* eight days after Plaintiff filed her *Motion for Default*, but nearly six months after Plaintiff filed her Third Amended Complaint. (*See* ECF 564, JCI's *Motion for Leave to File Answer to Third Amended Complaint* (filed Sept. 15, 2022); ECF 559, *Plaintiff's Motion for Default* (filed Sept. 7, 2022); ECF 478, *Plaintiff's Third Amended Complaint* (filed Mar. 24, 2022)). Clearly, the mere filing of an untimely Answer to Plaintiff's Third Amended Complaint is insufficient in and of itself for JCI to avoid default in this case.

Second, JCI argues that it has not defaulted because it "otherwise defended" Plaintiff's allegations in her Third Amended Complaint. However, JCI does not cite any caselaw or Federal Rule of Civil Procedure that allows it to completely forgo filing an Answer so long as it "otherwise defends" Plaintiff's allegations in her Third Amended Complaint. Indeed, to hold that a defendant can simply forgo filing an Answer so long as they "otherwise defend" against a plaintiff's complaint would render filing an Answer unnecessary in any case so long as the defendant "otherwise defends" against the plaintiff's allegations. In sum, filing an answer to Plaintiff's

complaint is not optional, as JCI contends, and as Plaintiff has discussed at length in *Plaintiff's Affidavit in Support of Request for Entry of Default* (ECF 558-1) and *Plaintiff's Memorandum in Support of Motion for Default* (ECF 560), JCI is in default because it has failed to timely respond to Plaintiff's allegations in her Third Amended Complaint.

In a similar vein, JCI also argues it has not defaulted because Plaintiff's Third Amended Complaint only contained five new allegations, and that JCI had previously responded to the other allegations in its Answer to Plaintiff's Second Amended Complaint. (*See* ECF 460, *JCI's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint*). JCI does not cite any caselaw in support of this argument. The problem with JCI's argument is that JCI never readopted or reaffirmed its previous answers in response to Plaintiff's Third Amended Complaint. The only responsive pleading that JCI filed regarding Plaintiff's Third Amended Complaint was its Rule 12(b)(6) motion to dismiss Plaintiff's survival cause of action. (*See* ECF Nos. 481, 482). While JCI argues that "a defaulting party is not deemed to admit legal conclusions in a pleading," the point is that JCI still failed to respond to any of the factual allegations or any legal conclusions in Plaintiff's Third Amended Complaint by readopting or reaffirming the answers it provided in its Answer to Plaintiff's Second Amended Complaint. (*See* ECF 566 at 4, n.1).

An amended pleading supersedes the original pleading, rendering the original Complaint of no legal effect. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001); *see also Smith v. Ray*, Act. No. 2:08cv281, 2009 WL 10731053, at *2 (E.D. Va. Jan. 15, 2009) (holding that "filing an amended complaint, without any reference whatsoever to the original complaint, nullified the first pleading"). When Plaintiff filed her Third Amended Complaint, Plaintiff's previous two complaints were rendered null and void. Accordingly, JCI's two previous answers are also null and void because they address and respond to two null and void pleadings.

Consequently, JCI has failed to respond to ***any*** of the factual allegations or legal conclusions in Plaintiff's Third Amended Complaint in any form, including by readopting or reaffirming its previous answers. Indeed, in other cases, Courts have routinely found that defendants abandon counterclaims by not readopting previous counterclaims in an amended answer to an amended complaint. *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Snider*, 996 F. Supp. 2d 1173, 1180 n.8 (M.D. Ala. 2014) ("Since then, however, Penn National filed an amended complaint, and the Beale Defendants never answered or otherwise responded. Because the Beale Defendants failed to answer Penn National's amended complaint, and therefore, never reasserted their counterclaims, the Court finds that the Beale Defendants' duty to defend counterclaims were abandoned."); *T.U. Parks Constr. Co. v. Happy Valley Stables, Inc.*, Civ. Act. No. 4:16-cv-0097, 2017 WL 4866265, at *5 (N.D. Ga. Sept. 14, 2017) (finding that a defendant abandoned its counterclaim where it did not include it in an amended answer).; *New York Marine & Gen. Ins. Co. v. Boss Interior Contractors, Inc.*, Case No. 20-cv-23777, 2021 WL 327421, at *1–2 (S.D. Fla. Feb. 1, 2021) (finding that because an amended complaint superseded the original and became the operative pleading, "the Answer . . . is no longer an operative pleading").

JCI's third and final argument asserts that Plaintiff waived any right to pursue a default judgment in this case. Plaintiff did no such thing. Instead, Plaintiff anticipated that JCI would argue that its need to answer was tolled while the Court considered JCI's *Motion to Dismiss Plaintiffs' Claim for Survival Damages Under Federal Rule of Civil Procedure 12(b)(6)* (ECF 481), JCI's *Supplemental Motion for Summary Judgment* (ECF 547), and *Plaintiff's Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case* (ECF 545). Sure enough, JCI admits it would have raised these arguments in its *Opposition to Plaintiffs' Motion for Default.* (*See* ECF 566 at 7, n.4). Plaintiff denies that JCI's requirement to answer Plaintiff's

Third Amended Complaint was tolled during this time period, but Plaintiff waited until the last conceivable, but unsupportable, date for tolling had passed, 14 days plus the Labor Day Holiday after this Court's Order denying Plaintiff's *Motion for Leave to File a Fourth Amended Complaint* (*See* ECF 554 (Order entered Aug. 22, 2022)), before Plaintiff filed her request for entry of default and affidavit in support along with her motion for default and memorandum in support. (*See* ECF Nos. 558, 558-1, 559 and 560).

<u>**ARGUMENT**</u>

**I.     JCI's Cannot Avoid Default Simply by Filing an Untimely Answer to Plaintiff's Third Amended Complaint.**

Fed. R. Civ. P. 15 and this Court's March 22, 2022, Order gave JCI 14 days to "[a]nswer or other respond to [Plaintiff's] . . . Third Amended Complaint." (*See* ECF 477; *see also* Fed. R. Civ. P. 15(a)(3)). JCI failed to timely file an Answer to Plaintiff's Third Amended Complaint within this time period, or within any conceivable, but unsupportable, point of tolling. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise, <u>the clerk must enter the party's default.</u>" *See* Fed. R. Civ. P. 55(a); *see also Worsham v. Travel Options, Inc.*, 678 Fed. App'x 165 (4th Cir. 2017) ("Pursuant to Fed. R. Civ. P. 55(a), when a party against whom judgment is sought has failed to plead, the clerk must enter the party's default."); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("a default occurs when a defendant has failed to plead or otherwise <u>respond to the complaint within the time required by the Federal Rules</u>"); *Godlove v. Martinsburg Senior Towers*, Civ. Act. No. 3:14-cv-132, 2015 WL 746934, at *1 (N.D. W.Va. Feb. 20, 2015) ("First, under Rule 55(a), the clerk must enter the default upon the plaintiff's request. Only after the clerk enters a default may the plaintiff seek a default judgment.") (internal quotation marks and citations omitted).

In this situation, JCI has clearly failed to timely file an Answer to Plaintiff's Third Amended Complaint, so the clerk <u>must</u> enter default against JCI. *See* Fed. R. Civ. P. 55(a). JCI simply filing an untimely Answer to Plaintiff's Third Amended Complaint is insufficient to avoid default. Instead, the appropriate procedure here is for the Clerk of the Court to enter default against JCI in this case. After that, JCI must establish for the Court that "good cause" exists for its failure to file an Answer to Plaintiff's Third Amended Complaint for almost six months in order justify the setting aside the Clerk's entry of default. *See Constr. Eng'g Consultants, Inc. v. Steel Sols, Inc.*, Civ. Act. No. 4:08cv86, 2009 WL 10733733, at *19 (E.D. Va. May 13, 2009) (noting that under Fed. R. Civ. P. 55(a) "the clerk must enter the party's default. Rule 55(b) then provides for the entry of a default judgment by either the clerk or the court[, and] Rule 55(c) states that the court may set aside an entry of default for good cause.") (internal quotations omitted); *see also Gray v. John Jovinco Co., Inc.*, 84 F.R.D. 46, 47 (E.D. Tenn. June 1, 1979) (noting that "[w]hile this Court construes Rule 55(c) liberally to provide relief from the onerous consequences of a default <u>there must be a sufficient showing of good cause before a default will be set aside</u>") (emphasis added) (internal citations omitted)). Accordingly, this Court should reject JCI's first argument that it can avoid default by simply filing an untimely Answer to Plaintiff's Third Amended Complaint.

## II.     JCI is in Default Because it Failed to Timely File an Answer to Plaintiff's Third Amended Complaint, so the Clerk Must Enter a Default against JCI Under Fed. R. Civ. P. 55(a).

Plaintiff has already explained, in great detail, why JCI is in default in this case. (*See* ECF 560, *Plaintiff's Memorandum in Support of Motion for Default*; *see also* ECF 558-1, *Affidavit in Support of Request for Entry of Default*). In short, JCI is in default because it failed to timely file an Answer to Plaintiff's Third Amended Complaint within 14 days of this Court's March 22, 2022, Order or within any conceivable, but unsupportable, point of tolling thereafter. (*See* ECF 477; *see*

*also* Fed. R. Civ. P. 15(a)(3); *Penn v. America-Insurance Company v. White Pines, Inc.*, Civ. Act. No. 2:19cv57, 2019 WL 13160135, at *2 (E.D. Va. Oct. 24, 2019) (noting that a defendant's "Answer to the Amended Complaint was due fourteen (14) days after service, unless the court has otherwise directed") (citing Fed R. Civ. P. 15(a)(3)).

Yet, in its *Opposition to Plaintiffs' Motion for Default*, JCI argues that it is not in default, despite its failure to answer the allegations in Plaintiff's Third Amended Complaint, because it has "otherwise defend[ed]" against Plaintiff's Third Amended Complaint. (*See* ECF 556 at 3-6). This is a plainly erroneous argument from JCI because, taken to its logical conclusion, it would eviscerate any need for a defendant to ever file an Answer to a plaintiff's Complaint in federal court. According to JCI, it was under no obligation to answer Plaintiff's Third Amended Complaint, which specifically alleged a survival cause of action and a wrongful death cause of action in the wake of Mr. Mullinex's death. Fed. R. Civ. P. 12 specifically states that a defendant "must serve an Answer" to a plaintiff's Complaint, and when the plaintiff files an Amended Complaint, Fed. R. Civ. P. 15 gives the defendant 14 days to file an Answer to the Amended Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Fed. R. Civ. P. 15(a)(3); *Penn*, 2019 WL 13160135, at *2. This is consistent with this Court's March 22, 2022, Order that gave JCI 14 days to "[a]nswer or other respond to [Plaintiff's] . . . Third Amended Complaint." (*See* ECF 477; *see also* Fed. R. Civ. P. 15). Filing an answer is not optional under the Federal Rules of Civil Procedure, as JCI contends. It is mandatory, and where a defendant fails to timely file an answer to the plaintiff's complaint, the Clerk of the Court must enter a default. *See* Fed. R. Civ. P. 55(a); *see also Brown*, 84 F.3d at 141 ("[a] default occurs when a defendant has failed to plead or otherwise <u>respond to the complaint within the time required by the Federal Rules</u>") (emphasis added).

Indeed, JCI does not cite a single case that supports its novel theory that filing an Answer is optional so long as the defendant "otherwise defends" against Plaintiff's allegations. However, the two cases JCI cites to in support of this theory do not support its contentions. *See Constr. Eng'g Consultants, Inc.*, 2009 WL 10733733, at \*20-\*22 ("ask[ing] whether there is 'good cause' to set aside such entry of default" under Fed. R. Civ. P. 55(c)))[2]; *W. Shore Home, LLC v. Wenz*, Case No. 5:21-CV-00107-M, 2021 WL 1601515, at \*1 (E.D.N.C. Apr. 23, 2021) (denying the plaintiff's motion for entry of default where the defendants <u>filed their Answer</u> on the same day that the Clerk of Court issued a notice of default). Accordingly, because JCI has defaulted by failing to answer Plaintiff's Third Amended Complaint, the Clerk of the Court must enter a default against JCI, and JCI must show "good cause" to set aside that default under Fed. R. Civ. P. 55(c). *See Constr. Eng'g Consultants, Inc.*, 2009 WL 10733733, at \*19.

In a similar vein, JCI also argues it has not defaulted because Plaintiff's Third Amended Complaint only contained five new allegations, and JCI had previously responded to the other allegations in its Answer to Plaintiff's Second Amended Complaint. (*See* ECF 460, *JCI's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint*). JCI does not cite any caselaw in support of this argument. The problem with JCI's argument is that JCI never readopted or reaffirmed its previous answers in response to Plaintiff's Third Amended Complaint.

Plaintiff's Third Amended Complaint superseded Plaintiff's previous two Complaints, rendering them null and void. *Young*, 238 F.3d at 572; *see also Ray*, 2009 WL 10731053, at \*2. Accordingly, JCI's two previous answers are also null and void. Consequently, JCI has failed to

---

[2] JCI does not argue in its *Opposition to Plaintiff's Motion for Default* that "good cause" exists for this Court to set aside its default under Fed. R. Civ. P. 55(c). (*See* ECF 566) Instead, JCI argues that it is not in default at all because, according to JCI, filing an Answer to Plaintiff's Third Amended Complaint is optional under the Federal Rules of Civil Procedure so long as a defendant "otherwise defends." (*See id.*).

respond to **any** of the factual allegations or legal conclusions in Plaintiff's Third Amended Complaint in any form, including by readopting or reaffirming its previous answers. *See Snider*, 996 F. Supp. 2d at 1180 n.8 (finding that the defendant abandoned its counterclaims when the plaintiff "filed an amended complaint, and the [defendant] never answered or otherwise responded"); *T.U. Parks Constr. Co.*, 2017 WL 4866265, at *5 (finding that a defendant abandoned its counterclaim where it did not include it in an amended answer).; *New York Marine & Gen. Ins. Co.*, 2021 WL 327421, at *1–2 (finding that because an amended complaint superseded the original and became the operative pleading, "the Answer . . . is no longer an operative pleading"); *New York Marine & Gen. Ins. Co.*, 2021 WL 327421, at *1–2 (finding that because an amended complaint superseded the original and became the operative pleading, "the Answer . . . is no longer an operative pleading.")

The only responsive pleading that JCI filed regarding Plaintiff's Third Amended Complaint was its Rule 12(b)(6) motion to dismiss Plaintiff's survival cause of action. (*See* ECF Nos. 481, 482). While JCI argues that "a defaulting party is not deemed to admit legal conclusions in a pleading," the point is that JCI still failed to respond to any of the factual allegations or any legal conclusions in Plaintiff's Third Amended Complaint by readopting or reaffirming the answers it provided in its Answer to Plaintiff's Second Amended Complaint. (*See* ECF 566 at 4, n.1). Thus, by failing to timely respond to Plaintiff's Third Amended Complaint, JCI abandoned the previous answers that it gave in this case. JCI also never responded to Plaintiff's wrongful death cause of action that she alleged in paragraph 30 of her Third Amended Complaint, and JCI never filed a motion to dismiss Plaintiff's wrongful death cause of action or her claim for Virginia's wrongful death damages. Instead, JCI waited until the day of trial to challenge Plaintiff's ability to recover

Virginia's wrongful death damages for the very first time in this litigation, and this delay from JCI is ultimately what cause this case to be continued.

### III.   Plaintiff Has Not Waived Her Right to Pursue a Default Judgment.

Finally, JCI claims that Plaintiff waived her right to pursue a default judgment. JCI's argument is both meritless and contradictory. In effect, JCI is trying to have its cake and eat it too by arguing that Plaintiff waived its right to raise JCI's default by not asserting it sooner, knowing full well that if Plaintiff had raised JCI's default earlier, JCI would have argued that its need to answer was tolled while this Court considered JCI's *Motion to Dismiss Plaintiffs' Claim for Survival Damages Under Federal Rule of Civil Procedure 12(b)(6)* (ECF 481), JCI's *Supplemental Motion for Summary Judgment* (ECF 547), and *Plaintiff's Motion for Leave to File a Fourth Amended Complaint to Conform to the Procedural Posture of this Case.* (ECF 545). JCI admits as much in its opposition brief. (*See* ECF 566 at 7, n.4). Anticipating that JCI would possibly raise these arguments, Plaintiff waited until the point in time where any conceivable, but unsupportable argument regarding tolling could be made by JCI.

JCI is unable to cite any Fourth Circuit precedent analogous to this case in support of its argument. The caselaw JCI does cite is distinguishable. The few federal cases JCI cites involve either (1) a plaintiff who consented to several continuances prior to asserting default or (2) a plaintiff waiting an unreasonable amount of time to assert default, neither of which happened here. For example, JCI cites *Ciccarello v. Jos. Schlitz Brewing Co.*, where the court emphasized that the plaintiff consented to the defendant's continuances *and* the plaintiff moved for default ***four-and-a-half years* after the defendant had defaulted.** *See* 1 F.R.D. 491, 493–94 (S.D.W.Va. 1940). JCI also cites *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, where VLM never mentioned the default issue until ***after the case was remanded on appeal***. *See* 811 F.3d.247, 256

(7th Cir 2016). Further, the District Court in *FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.* dealt with a five-month period of "silence" where there was **no indication of possible tolling**, as opposed to this case where JCI contends that its need to file an Answer was tolled for five months. *See* 612 F. Supp. 2d 1080, 1082 (D. Ariz. 2009).

Unlike the plaintiffs in the caselaw JCI cites, Plaintiff here acted diligently in asserting JCI's default and the timeline of her default motion supports this assertion. Plaintiff filed her Third Amended Complaint on March 24, 2022. (ECF 478). Plaintiff's Third Amended Complaint contained five new paragraphs and asserted a wrongful death cause of action. JCI chose to merely answer with a Rule 12(b)(6) motion to dismiss the survival damages Plaintiff sought, while completely ignoring Plaintiff's wrongful death cause of action. (*See* ECF 477; ECF 481; Fed. R. Civ. P. 15(a)(3)). JCI also never readopted or reaffirmed its Answers to Plaintiff's previous Complaints. Instead, it waited until the day of trial to contest Plaintiff's wrongful death cause action and her entitlement to Virginia's wrongful death damages. Further, with no Fourth Circuit decision on point as to the tolling effect of a Rule 12(b)(6) motion that only addressed some, but not all, of the claims Plaintiff asserted, it was prudent for Plaintiff to anticipate JCI might argue its need to answer was tolled until the Court granted JCI's motion to dismiss on May 23, 2022. (ECF 538). Further, without Fourth Circuit precedent to guide Plaintiff, it was also prudent for Plaintiff to anticipate that JCI might argue its need to answer was also tolled from May 25 until August 22, the period in which Plaintiff was granted leave to file a motion for leave to file a Fourth Amended Complaint until the Court denied Plaintiff's motion for leave to file a Fourth Amended Complaint. (*See* ECF 543 & 554). Therefore, when 14 days plus the Labor Day holiday had passed since August 22, and JCI still failed to provide an Answer, Plaintiff filed for default promptly and diligently on September 7. Plaintiff therefore did not sit on her right to file for default for weeks,

13

months, or years. Instead, Plaintiff filed her request for default as soon as any conceivable, but unspportable, point of tolling had passed. Thus, unlike the caselaw JCI cites, Plaintiff did not take an unreasonable amount of time to file for default. Accordingly, Plaintiff has not "waived" her right to pursue a default judgment in this case.

## **CONCLUSION**

In conclusion, for the reasons discussed above and in *Plaintiff's Memorandum in Support of Motion for Default* (ECF 560), Plaintiff respectfully requests that this Court grant *Plaintiff's Motion for Default* (ECF 559), direct the Clerk of the Court to enter default against JCI in this case, and provide such other and further relief as this Court deems just and proper.

Respectfully Submitted,

By: /s/ Hugh B. McCormick, III, Esq.
     Of Counsel

Robert R. Hatten, Esq. (VSB # 12854)       Nathan D. Finch, Esq. (VSB #34290)
Hugh B. McCormick, III, Esq. (VSB # 37513)   MOTLEY RICE LLP
Daniel R. O. Long, Esq. (VSB # 95873)        401 9th Street, NW, Suite 630
PATTEN, WORNOM, HATTEN &                     Washington DC, 20004
DIAMONSTEIN, L.C.                            Phone: (202) 232-5504
12350 Jefferson Avenue - Suite 300           Fax: (202) 232-5513
Newport News, VA 23602                       Email: nfinch@motleyrice.com
(757) 223-4500 Telephone                     Counsel for Plaintiff
(757) 249-3242 Facsimile
pleadings@pwhd.com
hughmccormick@pwhd.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2022, a true and accurate copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Virginia using the CM/ECF system, which automatically sends all necessary notifications of this filing to the following:

Eric G. Reeves, Esq.
Laura May Hooe, Esq.
Mary Lou Roberts, Esq.
Lisa Moran McMurdo, Esq.
**MORAN, REEVES & CONN, P.C.**
1211 East Cary Street
Richmond, VA 23219
Counsel for John Crane, Inc.

Brian James Schneider, Esq.
**SPOTTS FAIN, PC**
411 E. Franklin St., Suite 600
Richmond, VA 23219
Counsel for John Crane, Inc.

Christopher O. Massenburg, Esq. (admitted *pro hac vice*)
**MANNING GROSS & MASSENBURG, LLP**
14 Wall Street, 28th Floor
New York, New York 10005
Counsel for John Crane, Inc.

Respectfully Submitted,

By: /s/ Hugh B. McCormick, III, Esq.
       Of Counsel