IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| PATRICIA E. MULLINEX, INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF HERBERT H. MULLINEX, JR., | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:18-cv-00033-RAJ-DEM |
| JOHN CRANE INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT JOHN CRANE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR CLARIFICATION
<u>IN LIGHT OF PLAINTIFFS' SUBSTITUTED VIRGINIA WRONGFUL DEATH CLAIM</u>**

## **TABLE OF CONTENTS**

                                                  **Page**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 1

    I.   Loss of society and punitive damages remain excluded ..................................................... 1

    II.  Because Plaintiffs now pursue a Virginia wrongful death claim, Virginia's substantive and remedial limitations apply ......................................................................... 3

         A.  Virginia substantive limitations go hand-in-hand with a Virginia wrongful death claim ..................................................................................................................... 3

         B.  Virginia's damages setoff rule is an integral part of a Virginia wrongful death claim ..................................................................................................................... 5

CONCLUSION .................................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Antill Pipeline Constr. Co, Inc.*,
 866 F. Supp. 2d 563 (E.D. La. 2011) ........................................................................................4

*Bd. of Regents of Univ. of State of N.Y. v. Tomanio*,
 446 U.S. 478 (1980) ...................................................................................................................5

*Fernandez v. Aliff*,
 2008 WL 2026010 (D.P.R. May 8, 2008) ..................................................................................4

*Gateway Clipper, Inc. v. Hill*,
 2007 WL 2692248 (W.D. Pa. Sept. 12, 2007) ...........................................................................4

*Goodloe v. Royal Caribbean Cruises, Ltd.*,
 418 F. Supp. 3d 1112 (S.D. Fla. 2019) ......................................................................................4

*Hambrook v. Smith*,
 2016 WL 4408991 (D. Haw Aug. 17, 2016) .............................................................................4

*Hurd v. United States*,
 134 F. Supp. 2d 745 (D.S.C. 2001) ...........................................................................................4

*Kermarec v. Compagnie Generale Transatlantique*,
 358 U.S. 625 (1959) ..................................................................................................................4

*Moragne v. States Marine Lines, Inc.*,
 398 U.S. 375 (1970) ..................................................................................................................3

*Pason v. Westfal-Larson Co.*,
 504 F.2d 1226 (9th Cir. 1974) ...................................................................................................3

*Pope & Talbot v. Hawn*,
 346 U.S. 406 (1953) ..................................................................................................................4

*Ray v. Lesniak*,
 294 F. Supp. 3d 466 (D.S.C. 2018) ...........................................................................................4

*The Tungus v. Skovgaard*,
 358 U.S. 588 (1959) ..........................................................................................................1, 3, 4

*Zagklara v. Sprague Energy Corp.*,
 919 F. Supp. 2d 163 (D. Me. 2013) ...........................................................................................4

## INTRODUCTION

The parties agree that fundamental questions affecting how this case will be tried on November 1 need resolution before then. The parties also agree that the status conference scheduled for October 17 is the proper time to address those questions with the Court.

The first fundamental question is whether the Court's order granting JCI's motion to exclude loss of society and punitive damages means what it says. It does. The Court has already excluded those damages, and even reiterated that they are excluded as pleaded in the operative Third Amended Complaint. Opinion Granting JCI's MTD Survival Claims 2 n.1, ECF 544 (June 10, 2022). Yet Plaintiffs still plan to seek those damages at trial. So the Court should clarify that loss of society and punitive damages remain out of this case.

The second fundamental question is whether Plaintiffs can cherry-pick Virginia's wrongful death remedies while skirting the substantive and remedial limitations required by Virginia law. They cannot. Nor can Plaintiffs evade *The Tungus v. Skovgaard*, 358 U.S. 588 (1959), which remains good law and forbids their gerrymandered approach to state law. So the Court should clarify that as long as Plaintiffs demand Virginia remedies, they must use Virginia law that (1) excludes a cause of action for strict liability; (2) imposes a "knew or had reason to know" standard for negligence; (3) requires a "sufficient to have caused" standard for causation; and (4) allows *pro tanto* setoff for previous settlements.

## ARGUMENT

**I.     Loss of society and punitive damages remain excluded.**

The Motion for Clarification showed that loss of society and punitive damages are excluded under the plain language of (1) JCI's Motion to Exclude Loss of Society and Punitive Damages, ECF 214 (Aug. 19, 2021); (2) the Report and Recommendation to grant that Motion to Exclude, ECF 351 (Oct. 5, 2021), which the Court adopted, ECF 533 (May 20, 2022); and (3) the Court's

1

Opinion Granting JCI's Motion to Dismiss Survival Claims, ECF 544 (June 10, 2022). JCI's Mot. for Clarification 2-3, ECF 573 (Sept. 27, 2022). JCI also explained that Plaintiffs had ample time to argue against exclusion based on their pursuit of a Virginia wrongful death claim, if they believed that loss of society and punitive damages should not be excluded under that claim. *Id.* at 3.

Plaintiffs do not dispute any of those dispositive points. Nor do they contest that the Court's Order on the Motion to Exclude cannot be reconsidered now, since Plaintiffs' eleventh-hour change in strategy does not warrant a second bite at the apple. *Id.* at 3–5. So that Order remains in force and bars evidence that Plaintiffs admit they intend to present at trial.

Plaintiffs instead insist they should get another chance because JCI failed to predict that Plaintiffs would change gears to a Virginia wrongful death claim. Pls.' Opp. to Mot. for Clarification 8, ECF 575 (Oct. 4, 2022). That argument is irrelevant given the undisputed points above. Indeed, the Court acknowledged that Plaintiffs "request[] punitive damages and other non-pecuniary damages" like loss of society in the operative "Third Am[ended] Compl[aint]," but already held that it "need not address those damages" because it had already "adopted and affirmed [Magistrate Judge Miller's] Report and Recommendation, which denied those damages." Opinion Granting JCI's MTD Survival Claims 2 n.1. That remains true.

In any event, Plaintiffs' strategic delay in pressing a Virginia wrongful death claim does not entitle them to reopen settled rulings. JCI, just like the Court, understood that Plaintiffs "were not approaching this case from the standpoint of it being a wrongful death action under Virginia law." 5/24 Tr. 5:23–25, ECF 546-3. Plaintiffs chose not to timely raise Virginia wrongful death damages as a basis for admitting loss of society and punitive damages evidence because Plaintiffs admit they considered Virginia damages strategically inferior. 5/24 Tr. 4:20–21, 4:25–5:3. Now

2

that their strategic gambit has backfired, Plaintiffs ask the Court to deem JCI responsible for Plaintiffs' sandbagging. That request has cheek but no merit. To avoid encouraging such gamesmanship, the Court should clarify that loss of society and punitive damages remain excluded.[1]

## II. Because Plaintiffs now pursue a Virginia wrongful death claim, Virginia's substantive and remedial limitations apply.

### A. Virginia substantive limitations go hand-in-hand with a Virginia wrongful death claim.

Virginia's bar on strict liability, "knew or had reason to know" negligence standard, and "sufficient to have caused" causation standard apply here. Motion for Clarification 5–7. Plaintiffs do not dispute that *The Tungus v. Skovgaard* requires enforcing those Virginia substantive limitations because "when admiralty adopts a State's right of action for wrongful death, it must enforce the right as an integrated whole, with whatever conditions and limitations the creating State has attached." 358 U.S. at 592; *accord Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 401 n.15 (1970) (noting "[t]he incongruity of forcing the States to provide the sole remedy to effectuate duties that have no basis in state policy"). Nor has the Supreme Court overruled *The Tungus*. Pls.' Opp. to Mot. for Clarification 13. So *The Tungus* requires Plaintiffs to take the bitter with the sweet from Virginia law.

To justify the cafeteria approach to state law that *The Tungus* rejects, Plaintiffs try but fail to undermine that case. They deny that the Third Circuit's opinion in *Calhoun* deeming *The*

---

[1] Plaintiffs agree that the sufficiency of their pleadings and proof of punitive damages is fully briefed but unresolved. Pls.' Opp. to Mot. for Clarification 8–9 n.2; JCI's Mot. for Clarification 4–5. Their assertion that JCI's sufficiency argument "should be deemed waived" is meritless. *Id.* A party whose motion is *granted* does not waive alternate grounds by not continuing to press alternate grounds for already-granted relief. Indeed, Magistrate Judge Miller invited JCI to "renew its sufficiency argument" should it become necessary. Report and Recommendation to Grant Motion to Exclude Loss of Society and Punitive Damages 4 n.1.

3

*Tungus* overruled is an outlier, but don't argue that any other Circuit agrees with the Third. Pls.' Opp. to Mot. for Clarification 13–14; *see also Pason v. Westfal-Larson Co.*, 504 F.2d 1226, 1230 (9th Cir. 1974) (relying on *The Tungus* to hold that in a maritime case that "[w]e cannot recognize a right created by a state statute and then ignore state cases that have developed limitations on that right"). Instead, they rely on a handful of district court cases that do not address *this* scenario: plaintiffs invoking state damages while evading state substantive limitations that conflict with federal maritime rules. Most of Plaintiffs' cases miss the mark because they address no conflict between state and federal substantive law.[2] Others are irrelevant because they involve claims for damages under *maritime* law.[3] And one even confirms *The Tungus*' refusal to cherry-pick from one sovereign's law to circumvent another sovereign's restrictions. *Fernandez v. Aliff*, 2008 WL 2026010, at *5 (D.P.R. May 8, 2008) (refusing to use state law to evade maritime limitations). None of those holdings imperil *The Tungus*.

Nor is there any preemption problem with applying Virginia's substantive restrictions here. Pls.' Opp. to Mot. for Clarification 3–4. This Court has already ruled that "admiralty jurisdiction arises out of the allegations in this case." Order on MTD Maritime Law Claims 1, ECF 154 (Apr. 27, 2020). So the question is which law "admiralty adopts." *The Tungus*, 358 U.S. at 592. As *The Tungus* makes clear, when "admiralty adopts a State's right of action for wrongful death,"

---

[2] *See Hambrook v. Smith*, 2016 WL 4408991, at *24 (D. Haw Aug. 17, 2016) ("Defendants have not cited to a Hawaii law" conflicting with maritime law); *Zagklara v. Sprague Energy Corp.*, 919 F. Supp. 2d 163, 167–68 (D. Me. 2013) (noting that there was no conflict between applicable state and maritime collateral source rules); *see also Goodloe v. Royal Caribbean Cruises, Ltd.*, 418 F. Supp. 3d 1112, 1127 (S.D. Fla. 2019); *Ray v. Lesniak*, 294 F. Supp. 3d 466, 484–87 (D.S.C. 2018); *Gateway Clipper, Inc. v. Hill*, 2007 WL 2692248, at *8 (W.D. Pa. Sept. 12, 2007); *Hurd v. United States*, 134 F. Supp. 2d 745, 769 (D. S.C. 2001); *Fernandez v. Aliff*, 2008 WL 2026010, at *5 (D.P.R. May 8, 2008).

[3] *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628–29 (1959); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409–11 (1953); *In re Antill Pipeline Constr. Co, Inc.*, 866 F. Supp. 2d 563, 567 (E.D. La. 2011).

4

admiralty carries along with it that State's "conditions and limitations." *Id.* Since Plaintiffs have invoked Virginia's wrongful death statute,[4] they must also live with Virginia's conditions and limitations on their causes of action.

### B. Virginia's damages setoff rule is an integral part of a Virginia wrongful death claim.

Plaintiffs double down on their cafeteria approach to state law when it comes to "Virginia's dollar-for-dollar credit rule." Pls.' Opp. to Mot. for Clarification 13–14 n.4. There they try to split the atom of Virginia's remedial scheme by invoking Virginia wrongful death remedies while rejecting Virginia's setoff rule for those remedies. JCI's Mot. for Clarification 6. But excising that integral part of Virginia's remedial scheme would transform that scheme into something else altogether. *Cf. Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 488 (1980) (state tolling rules are "an integral part of a complete limitations policy" when federal civil rights claims borrow state statutes of limitations). Indeed, Plaintiffs cite no case adopting a state wrongful death remedy while casting off state setoff rules. So if Plaintiffs want to borrow Virginia remedies, they must take the favorable with the unfavorable.

## CONCLUSION

For these reasons, the Court should (1) clarify that evidence of loss of society and punitive damages remains excluded; and (2) clarify that Virginia rules on strict liability, negligence, causation, and setoff apply to Plaintiffs' pursuit of a Virginia wrongful death claim, or grant other

---

[4] Contrary to Plaintiffs' argument (at 10), *Calhoun* does not permit a seaman's decedents to invoke Virginia's wrongful death statute. *See* JCI's Memo. in Support of Mot. for Summary Judgment 2–3, ECF 548 (June 14, 2022); Reply in Support of JCI's Mot. for Summary Judgment 7–15, ECF 552 (July 15, 2022); JCI's Opp. to Pls.' Mot. for Leave to File Fourth Amended Complaint 11–12 & 13–19, ECF 549 (July 1, 2022). JCI will ask the Court to resolve that issue at the appropriate time. JCI requests clarification on the applicable substantive and remedial standards now because Plaintiffs' stated plan is to pursue a Virginia wrongful death claim contrary to the plain language of *Calhoun*.

relief the Court considers appropriate. The parties both request that they be permitted to address these issues at the status conference scheduled for October 17, 2022.

Dated: October 10, 2022

                                            **Respectfully submitted,**
                                            **JOHN CRANE INC.**
                                            **Defendant**

                                 By:    /s/ Eric G. Reeves
                                                      Counsel

| | |
|---|---|
| Eric G. Reeves (VSB # 38149) | Brian J. Schneider (VSB #45841) |
| Laura May Hooe (VSB # 84170) | SPOTTS FAIN PC |
| Mary Louise Roberts (VSB # 34305) | 411 E. Franklin Street |
| Lisa Moran McMurdo (VSB # 44371) | Suite 600 |
| MORAN REEVES & CONN PC | Richmond, Virginia 23219 |
| 1211 E. Cary Street | Telephone: (804) 921-1306 |
| Richmond, Virginia 23219 | bschneider@spottsfain.com |
| Telephone: (804) 421-6250 | |
| Facsimile: (804) 421-6251 | |
| ereeves@moranreevesconn.com | |
| lmayhooe@moranreevesconn.com | |
| mroberts@moranreevesconn.com | |
| lmcmurdo@moranreevesconn.com | |

Christopher O. Massenburg, Esq (admitted *pro hac vice*)
MANNING GROSS & MASSENBURG, LLP
14 Wall Street, 28th Floor
New York, New York 10005
Telephone: (504) 799-0504
Facsimile: (504) 535-2886
cmassenburg@mgmlaw.com

*Counsel for John Crane Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2022, a true and accurate copy of the foregoing was filed electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Eric G. Reeves
Eric G. Reeves (VSB # 38149)
Laura May Hooe (VSB # 84170)
Mary Louise Roberts (VSB # 34305)
Lisa Moran McMurdo (VSB # 44371)
MORAN REEVES & CONN PC
1211 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
ereeves@moranreevesconn.com
lmayhooe@moranreevesconn.com
mroberts@moranreevesconn.com
lmcmurdo@moranreevesconn.com