

FILED
OCT 24 2022
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PATRICIA E. MULLINEX,
INDIVIDUALLY AND AS THE
EXECUTOR OF THE ESTATE OF
HERBERT H. MULLINEX, JR.,

          Plaintiffs,

v.

JOHN CRANE INC.,

          Defendant.

CIVIL ACTION NO.
4:18-cv-33

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Patricia Mullinex's ("Plaintiff") Motion for Default Judgment ("Motion") pursuant to Rule 55(a). Mot. for Default, ECF No. 559 ("Default Mot."). Defendant John Crane, Inc. ("JCI" or "Defendant") responded to Plaintiff's Motion, *see* Def.s' Opp. Default Mot., ECF No. 566, and Plaintiff replied. Pl.'s Reply, ECF No. 569. Defendant also filed a separate Motion for Leave to File an Answer to the Third Amended Complaint ("Motion for Leave"). Mot. Leave Ans., ECF No. 564. Plaintiff responded, *see* Pl.'s Opp. Mot. Leave Ans., ECF No. 570, and Defendant replied. Def.'s Reply, ECF No. 571. The Court has reviewed the parties' pleadings, and this matter is now ripe for judicial determination. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On November 4, 2016, Herbert H. Mullinex, Jr. and Patricia Mullinex filed their original Complaint in Virginia state court, alleging a personal injury negligence claim based on asbestos exposure aboard Navy ships. Compl., ECF No. 1 at Ex. 1. On March 23, 2018, the action was

1

removed to this Court. Notice of Removal, ECF No. 1. Unfortunately, the late Mr. Mullinex died on November 11, 2021. Suggestion of Death, ECF No. 436. On January 12, 2022, Plaintiff filed a Second Amended Complaint ("SAC"), substituting Mrs. Mullinex as executrix of Mr. Mullinex's estate. Second Am. Compl., ECF No. 450. Then on March 22, 2022, Plaintiff sought leave to file a Third Amended Complaint ("TAC"), seeking recovery for the wrongful death of Herbert H. Mullinex, Jr. under general maritime law. ECF No. 475. On March 24, 2022, the Court granted Plaintiff leave to file the TAC and ordered Defendant to file an Answer within 14 days of the filing. ECF No. 477. That same day, Plaintiff filed the TAC, claiming that Defendant, a manufacturer of gaskets and gasket packaging, failed to warn Plaintiff about the asbestos risk associated with using their products. Third Am. Compl., ECF No. 478.

Relevant to the instant Motion, Defendant failed to file an Answer by the 14-day deadline, which expired on April 7, 2022. *Id.* On September 7, 2022, Plaintiff sought entry of a default judgment against Defendant, ECF No. 559 – five months after the deadline for Defendant to file an Answer. Default Mot.; Pl.'s Mem. Supp. Default Mot. (Pl.'s Mem. Supp.), ECF No. 560. That same day, the Clerk of Court entered default against Defendant, pursuant to Federal Rule of Civil Procedure 55(a). On September 15, 2022, Defendant filed a Motion for Leave to File an Answer to the TAC and its Opposition to Plaintiff's Motion for Default Judgment. Mot. Leave Ans.; Def.'s Mem. Supp. Mot. Leave Ans., ECF No. 565; Def.'s Opp. Default Mot., ECF No. 566. On September 21, 2022, Plaintiff submitted her Reply to Defendant's Opposition to Plaintiff's Default Motion and Opposition to Defendant's Motion for Leave to File an Answer to the TAC. ECF Nos. 569- 570. On September 27, 2022, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion for Leave to File an Answer to the TAC. ECF No. 571. Trial in this matter is currently scheduled to begin on November 1, 2022.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When compared to Rule 60(b)'s "excusable neglect" standard, Rule 55(c)'s "good cause" standard "is more forgiving of defaulting parties because it does not implicate any interest in finality." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.* 616 F.3d 413, 420 (4th Cir. 2010). The Fourth Circuit has not defined "good cause" but instructs courts deciding whether to grant a Rule 55(c) Motion to consider six factors: (1) whether the moving party has a meritorious defense; (2) whether the moving party acts with reasonable promptness; (3) the defaulting party's culpability i.e., personal responsibility for the default; (4) the prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability and effectiveness of less drastic sanctions. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *Davis v. Williams*, 588 F.2d 69-70 (4th Cir. 1978). Generally, a default is set aside under Rule 55(c) when the moving party acts with reasonable promptness and alleges a meritorious defense. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

## III. DISCUSSION

As a preliminary matter, Defendant has not properly objected to Plaintiff's Motion for Default Judgment, but the Court collectively construes Defendant's Motion for Leave and Opposition to Plaintiff's Motion for Default Judgment as a Rule 55(c) Motion. The disposition of motions made under Rule 55(c) lies largely in the discretion of the trial judge. *See Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Co.*, 383 F.2d 249, 251 (4th Cir. 1967). Under Rule 55(c)'s

more liberal "good cause" standard, the Court finds that the *Payne* factors and the Fourth Circuit's strong preference that defaults be avoided, and claims and defenses be disposed of on their merits, require the Court to lift the entry of default. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Defendant alleges that it has a meritorious defense in satisfaction of the first *Payne* factor. A meritorious defense may be established by "presentation or proffer of evidence that, if believed, would permit the Court or jury to find for the defaulting party. *See U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1987). Over the course of this action Defendant has proffered facts to defend against Plaintiff's claims. However, Defendant's proposed Answer to the TAC fails to include any defenses to the wrongful death claim. *See* Mot. Leave Ans., at 3 ¶ 6. The Court is not persuaded that permitting trial in this case would result in a judgment that is contrary to the result achieved by default but will resolve its doubts in favor of setting aside the default. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 842 F.2d 808, 812 (4th Cir. 1988). Accordingly, the Court weighs this factor in favor of Defendant.

The second factor, "reasonable promptness, weighs against Defendant. Reasonable promptness is judged in light of the circumstances, and great deference is given to the trial judge. *See U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Defendant filed its Motion for Leave to File an Answer to the TAC and Opposition to Plaintiff's Default Motion eight days after the entry of default, which is in line with other time frames that the Fourth Circuit has found to be "reasonably prompt." *See Colleton*, 616 F.3d at 518 (nine days); *Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dept. of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) (eight days). However, the Court need not ignore the fact that Defendant had clear notice of the TAC and the Court's March 24, 2022 Order setting a 14-day deadline to respond, ECF No. 477, but took no

action to file an Answer for over five months. Therefore, Defendant's Motion cannot be characterized as "reasonably prompt." Accordingly, this *Payne* factor weighs against Defendant.

The third factor, personal responsibility, weighs heavily against Defendant. In *Moradi*, the Fourth Circuit reversed a default judgment entered against a party that lacked personal responsibility "for the failures of his counsel to answer punctually or to appear at the pre-trial conference." *Lolatchy*, 816 F.2d at 953 (citing *Moradi*, 673 F.2d at 728). This focus on the source of the default is meant to represent an "equitable balance" between the Fourth Circuit's "preference for trials on the merits and the judicial system's need for finality and efficiency in litigation." *Augusta Fiberglass Coatings, Inc.*, 842 F.2d at 811.

Defendant's Motion does not address whether Defendant or its counsel bears responsibility for the failure to file a timely Answer. Instead, Defendant doubles down on the contention that he is not in default because (1) this Court's Order preserved its previous pleadings and (2) Defendant otherwise defended the wrongful death claim by filing its other motions. These arguments indicate that neither Defendant nor its counsel believe they are personally responsible for the default despite having sufficient notice of the TAC and 14-day deadline to respond. Defendant cannot credibly claim ignorance of the requirement that an Answer to the TAC was required under the March 24, 2022 Order, which states: "Defendant specifically preserves and does not waive its objection to damages asserted and all other defenses. Defendant shall Answer or otherwise respond to the Third Amended Complaint within 14 days of the filing." ECF No. 477. Nothing in this Order eliminated the need for Defendant to readopt or reaffirm JCI's prior answers or "otherwise respond" to Plaintiff's wrongful death claim. Furthermore, Defendant was made aware that it had not filed an Answer to the TAC in several filings by Plaintiff and scheduling conferences with the Court.

Defendant also argues that "Rule 55(a) contains *two* requirements for default: a party must 'fail[] to plead *or otherwise defend*." Def.'s Reply at 5 (emphasis in original). But the Fourth Circuit has rejected the contention that a defendant has not defaulted because their "extensive discovery requests that accompanied service of the complaint and motion for preliminary injunction" and "response in opposition to the motion for preliminary injunction set forth most of its defense so that it was tantamount to the answer required by the Rules.[1] *Educ. Servs., Inc. v. Maryland State Bd. of Higher Educ.*, 710 F.2d 170, 176 (4th Cir. 1983) (citations omitted). Rule 55(a) sets "the general rule that a motion or response to one is not deemed a 'responsive pleading' for the purposes of the time limits" outlined in the Federal Rules of Civil Procedure. *Id.* Therefore, Defendant's other filings setting forth its defenses to Plaintiff's wrongful death claim, such as its Motion to Dismiss, did not obviate the need for Defendant to answer the TAC. *See* Def.'s Mem. Supp. Mot. Leave Ans. at 5.

Finally, Defendant's argument that it was not required "to have wasted resources answering the Third Amended Complaint while the motion to file the superseding Fourth Amended Complaint ["FAC"] was pending" is unpersuasive for similar reasons. Def.'s Opp. to Mot. for Default at 7 n.4. There is no legal basis for this contention, as the TAC superseded all other complaints, rendering the TAC the operative pleading that Defendant was required to respond to by April 7, 2022. It appears that Defendant was either careless in failing to file an Answer to the TAC or chose to ignore the TAC, incorrectly believing that he could do so until after Plaintiff's Motion for Leave to File a FAC was denied, in which case Defendant willfully defaulted in bad faith.

---

[1] In *Educational Services, Inc.* the Fourth Circuit ultimately found that the district court did not abuse its discretion in denying the plaintiff's motion for default on other grounds.

Adopting Defendant's argument that it is not in default would go against the spirit of the Federal Rules of Civil Procedure, and negate the purpose of the Court's Order, which clearly set a deadline for Defendant to respond. *Broglie v. MacKay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977) ("The principal thrust of the Federal Rules is to expedite trial of the issues on the merits and in order to do so defendants must assist in the formulation of the issues by answering plaintiffs' complaint or run the risk of default judgment."). Fourth Circuit precedent states that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Moradi*, 673 F.2d at 728. But justice also demands that a Court not provide an escape for a responsible party that fails to acknowledge its errors or the clear neglect of his attorney. Defendant was required to admit or deny the new allegations contained in the TAC, or at the very least re-assert the substance of its previous answers. Accordingly, the third factor weighs heavily against Defendant.

The fourth factor weighs in favor of Defendant. To determine if the non-defaulting party was prejudiced, courts examine whether the delay caused by the default: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud. *See Burton v. The TJX Cos., Inc.*, No. 3:07–CV–760, 2008 WL 1944033, at *4 (E.D.Va. May 1, 2008) (citation omitted). The first two factors are given the most weight, but delay and inconvenience alone are insufficient to cause prejudice. *Id.* (citations omitted); *See Augusta Fiberglass*, 843 F.2d at 812 (finding that a minor delay and the fact that the plaintiff had to present her case on the merits did not constitute prejudice).

Plaintiff has not addressed and does not argue that the five-month delay prejudiced any of her claims, but Defendant's Motion argues that "Plaintiff will not be surprised or otherwise prejudiced by" the filing of its proposed Answer. Mot. Leave Ans. at 3 ¶ 7 (citing Def.'s Opp. Default Motion at 5-6). With trial in this matter scheduled to begin on November 1, 2022, this factor is a close call. In resolving all doubts in favor of setting aside the default, the Court weighs this factor in favor of Defendant.

The fifth and six factors also weigh in favor of Defendant, as Defendant does not have a history of dilatory action in this case and the Court may fashion a less onerous sanction than default. *See Burton*, 2008 WL 19344033, at *4 ("Dilatory actions include, but are not limited to, stalling and ignoring a court's direct order."). Although Defendant does not have a history of dilatory action in this case, the Court considers the fact that Defendant ignored the Court's March 24, 2022 Order requiring a response to the TAC in weighing this factor. Defendant argues that granting the requested leave to file a late Answer is the most efficient way to resolve Plaintiff's Default Motion because it is prepared to move forward with the scheduled trial and granting default judgment at this stage would be an unduly harsh consequence. But this alternative does nothing to sanction Defendant for its disregard of the Court's Order and significant violation of the Federal Rules of Civil Procedure.

Neither party has suggested an alternative sanction, but the Fourth Circuit considers the award of the non-movant's attorney's fees and costs to be a less drastic but effective sanction in the context of similar Rule 55(c) Motions. *See Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 418 (4th Cir. 2010); *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 811. The Court finds that rendering default judgment at this stage would be too harsh a result. As a

meaningful alternative to entering default judgment, the Court will require Defendant to pay Plaintiff's court costs and fees. Accordingly, the fifth and six factors weigh in favor of Defendant.

In weighing the *Payne* factors in the instant Motion, the Court liberally construes the "good cause" criteria, resolving all doubts in favor of setting aside the entry of default. Several *Payne* factors weigh in favor of setting aside the default entry, however, the Court notes that Defendant's unwillingness to take personal responsibility for the default and failure to offer any explanation for the untimely Answer to the TAC do weigh strongly against Defendant. Defendant has zealously litigated all other aspects of this matter but did not bother to respond to the TAC. Whether this was the result of carelessness or clear intent, a defendant cannot rely on the court's leniency when in default because of his dilatory actions. Accordingly, the Court finds it necessary to fashion a less onerous but effective sanction as a consequence of Defendant's missteps.

The Fourth Circuit encourages district courts to take a liberal approach to discretionary relief from defaults. *See Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Accordingly, the Court finds that good cause exists to justify setting aside the entry of default and the interests of justice will be best served by trial on the merits. The Court will grant leave for Defendant to file its proposed Answer in a separate Order but will sanction Defendant for its failure to abide by the Federal Rules of Civil Procedure and follow the Court's Order. To the extent that Defendant's Answer to the TAC raises any affirmative defenses to the wrongful death claim, those defenses will be barred. In addition, the Court will assess attorney's fees against Defendant and assign all costs and related expenses incident to filing Plaintiff's Motion to Defendant, including Plaintiff's Motion for Default Judgment, Reply, and Opposition to Defendant's Motion for Leave to File an Answer to the TAC. These dual sanctions are imposed to compensate Plaintiff and deter further dilatory action by Defendant.

## IV. CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Default Judgment is **DENIED**. ECF No. 559. Plaintiff shall file a statement of attorney's fees and costs within thirty days (30 days) of the date of this Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion to the parties and all counsel of record.

**IT IS SO ORDERED.**

Newport News, Virginia
October 24, 2022

/s/
Raymond A. Jackson
United States District Judge