IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



PATRICIA E. MULLINEX,
INDIVIDUALLY AND AS THE
EXECUTOR OF THE ESTATE OF
HERBERT H. MULLINEX, JR.,

          Plaintiffs,

v.

JOHN CRANE INC.,

          Defendant.

CIVIL ACTION NO.
4:18-cv-33

## ORDER

Before the Court is John Crane, Inc.'s ("JCI" or "Defendant") Motion for Leave to File an Answer to Patricia Mullinex's ("Plaintiff") Third Amended Complaint ("Motion for Leave"). Mot. Leave Ans., ECF No. 564. Plaintiff responded, *see* Pl.'s Opp. Mot. Leave Ans., ECF No. 570, and Defendant replied. Def.'s Reply, ECF No. 571. Accordingly, this matter is now ripe for judicial determination.

On March 24, 2022, the Court granted Plaintiff leave to file a Third Amended Complaint ("TAC") and ordered Defendant to file an Answer within 14 days of the filing. ECF No. 477. That same day, Plaintiff filed the TAC. Third Am. Compl., ECF No. 478. Defendant failed to file an Answer by the 14-day deadline, which expired on April 7, 2022. *Id.* On September 7, 2022, five months after the deadline for Defendant to answer the TAC, Plaintiff filed a Motion for Default Judgment for its wrongful death claims, pursuant to Rule 55(a), ECF No. 559. The Court recently denied that motion but found it necessary to sanction Defendant for its failure to abide by the Federal Rules of Civil Procedure and follow the Court's Order. Mem. Order Denying Pl.'s Default Mot., ECF No. 581. On September 15, 2022, Defendant filed its Motion for Leave to File an Answer to the TAC, ECF No.

564, and attached its proposed Answer as an exhibit to the Memorandum supporting its Motion. ECF Nos. 565, 565-1. On September 21, 2022, Plaintiff filed her opposition to Defendant's Motion, ECF No. 570. On September 27, 2022, Defendant replied. ECF No. 571.

The instant motion petitions the Court to grant Defendant leave to file its proposed Answer to the TAC and allow the parties to resolve the wrongful death claim on its merits. Def.'s Mem. Supp. Mot. Leave Ans. at 3 ¶ 6. Defendant argues that Plaintiff will not be surprised or otherwise prejudiced by Defendant's late filing because JCI has "already answered similar or identical allegations in Plaintiff['s] previous Complaints. . . . [and Plaintiff has] already acknowledged JCI's position on their wrongful death claim." *Id.* at ¶ 7.

While the Fourth Circuit directs the Court to adopt a less onerous remedy to default, should the Court grant JCI leave to file its proposed Answer to the TAC, Defendant's pleading does not comply with the Federal Rules of Civil Procedure. Once filed, Plaintiff's TAC superseded the Second Amended Complaint ("SAC") and became the operative complaint. Fed. R. Civ. P. 15(c); *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (internal citations omitted). The purpose behind this general rule is to ensure fairness, "for it breeds confusion and uncertainty if in responding to an amended pleading, a party is required to take into account a number of other, superseded pleadings." *Hinton v. Trans Union, LLC,* 654 F.Supp.2d 440, 447 (E.D. Va. 2009). Now Defendant seeks to file an Answer to the TAC that purports to incorporate parts of its Answer to the SAC. Exhibit A, ECF No. 565-1 ("Ex. A"). But the SAC has no legal effect and is a dead letter that no longer performs any function in the case.

Pursuant to Rule 10(c), a pleader is granted the privilege to incorporate or reference statements from an original pleading by identifying the particular allegations to be incorporated in a *direct, clear, and explicit* manner. *See Hinton,* 654 F.Supp.2d at 446; Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2022) (emphasis added). Although Rule 10(c)

permits references to pleading and exhibits in the same case, "this privilege is not without limits, as it can easily be abused." *Id.* Courts have historically been reluctant to allow an incorporation by reference if it fails to provide adequate notice of the incorporating party's claims, defenses, or factual allegations.

To ensure fairness to the responding party, Rule 10 promotes clarity within pleadings to avoid the risk of confusion and inconvenience. For example, Rule 10(b) broadly describes the form of pleadings, and instructs parties to state its defenses in numbered paragraphs and state each defense other than a denial in a manner that promotes clarity. *See* Fed. R. Civ. P. 10(b). Although the Court will not needlessly elevate form over substance, the Court finds that the manner in which Defendant attempts to adopt its responses and incorporate defenses from its answer to the superseded SAC is not direct, clear, or explicit, as required by Rule 10. Defendant makes no effort to outline the specific paragraphs or affirmative defenses that it seeks to incorporate in its proposed Answer. Nor does Defendant attach its previous Answer as a referenced exhibit, forcing the Court to search through its previous pleadings to determine what, if any, response it has raised to the TAC.

Furthermore, Defendant's attempt to exercise the incorporation privilege in this context is a misuse of the incorporate privilege. Defendant attempts to convince the Court that it is proper for it to construe its Answer to the TAC as an amended or superseded version of its Answer to the SAC. But under the Federal Rules of Civil Procedure, an answer to an amended complaint is a wholly separate pleading that is only meant to be responsive to the operative complaint. To hold otherwise, would go against the spirit of the Federal Rules of Civil Procedure and cause unnecessary confusion and inconvenience, as evidenced by this case. For these reasons, the Court finds that Rule 10(c) does not clearly permit the adoption of responses and defenses from an answer to a superseded complaint.

Absent clear, direct, and explicit references to the specific parts of the SAC that Defendant seeks to incorporate, the Court is hesitant to determine that the manner in which Defendant attempts to plead its responses and defenses to the TAC complies with the Federal Rules of Civil Procedure. It is not this Court's responsibility to search through a party's previous pleadings to determine which, if

any, of the arguments set forth in a prior pleading are applicable and the Court will not do so in this case. *See Langella v. Cercone*, 2010 WL 2402940, at *6 n.1 (W.D. Pa. June 10, 2020). In the future, if a party wants to utilize specific factual statements or legal arguments already advanced to this Court in a party's previous answer, the party shall take the time to fully transcribe said response and argument into the pleading. *Id.* Also, the Court disfavors inferring arguments, responses, and defenses from a Defendant's response to a non-operative pleading. Accordingly, Defendant's attempt to broadly incorporate by reference its previous answer and defenses to unspecified parts of Plaintiff's TAC is not a proper Answer.

For the foregoing reasons, Defendant's Motion for Leave to File a Proposed Answer is **GRANTED.** However, again Defendant has failed to properly respond to the TAC in compliance with the Federal Rules of Civil Procedure. Defendant is **DIRECTED** to file Exhibit A, ECF No. 565-1, as its Answer to the TAC.

The Clerk is **DIRECTED** to send a copy of this Order to the parties and all counsel of record.

**IT IS SO ORDERED.**

Newport News, Virginia
October 25, 2022

Raymond A. Jackson
United States District Judge