IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PATRICIA E. MULLINEX,
INDIVIDUALLY AND AS THE
EXECUTOR OF THE ESTATE OF
HERBERT H. MULLINEX, JR.,

        Plaintiffs,

v.

JOHN CRANE INC.,

        Defendant.

CIVIL ACTION NO.
4:18-cv-33

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant John Crane, Inc.'s ("JCI" or "Defendant") Motion for Leave to File Corrected Answer to the Third Amended Complaint ("Motion"), ECF No. 588 ("Mot. Leave Corrected Ans."), and supporting Memorandum, ECF No. 589. In its Motion, Defendant seeks leave of the Court to add responses and affirmative defenses to all allegations in the TAC pursuant to Rule 15 of the Federal Rules of Civil Procedure. Mem. Supp. Mot. Leave Corrected Ans. Patricia Mullinex ("Plaintiff") responded, *see* Pl.'s Opp. Mot. Leave Corrected Ans., ECF No. 593. Defendant has not replied. For the reasons set forth below, Defendant's Motion is **DENIED**.

        **I.    FACTUAL AND PROCEDURAL HISTORY**

On March 24, 2022, Plaintiff filed her Third Amended Complaint ("TAC"), which included a wrongful death claim. ECF No. 478. Per *Court* Order, and well-known Federal Rules of Civil Procedure, Defendant was required to Answer the TAC by April 7, 2022. ECF No. 477.

1

Defendant failed to do so but chose to file a Motion to Dismiss Plaintiff's survival damages claim on April 6, 2022. ECF No 481. On May 23, 2022, the day before trial was set to begin, Court granted Defendant's Motion to Dismiss the survival claim. ECF No. 538. Then on May 24, 2022, trial was continued to November 1, 2022, after Plaintiff sought leave to file a Fourth Amended Complaint and Defended sought leave to file a motion for summary judgment. ECF No. 541.

While the date for Defendant to file a timely Answer to the TAC expired on April 7, 2022, ECF No. 496, both parties have filed motions in reference to different aspects of the TAC. Notably, Plaintiff's (1) Motion for Leave to File a Fourth Amended Complaint, ECF No. 545-546; (2) Opposition to Defendant's Supplemental Motion for Summary Judgment, ECF No. 550; (3) Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Fourth Amended Complaint, ECF No. 551; (4) Motion for Default Judgment, ECF Nos. 559-560; and (5) Reply to Defendant's Opposition to Plaintiff's Motion for Default Judgment, ECF No. 569, all put Defendant on notice of its failure to file an answer to the TAC that addresses Plaintiff's wrongful death claim.

On September 7, 2022, Plaintiff filed a Motion for Default Judgment, explaining that Defendant had not only failed to file an Answer to the TAC, but also never litigated, responded to, or otherwise defended against the wrongful death claim included in the TAC. ECF No. 560. In response, Defendant filed a Motion for Leave to File an Answer to the TAC and opposed Plaintiff's Motion for Default Judgment on September 15, 2022. ECF Nos. 564-566. In those pleadings, Defendant did not respond to Plaintiff's argument that it had failed to litigate the wrongful death claim. Instead, Defendant argued that its other filings in this action, such as its Motion for Summary Judgment on Plaintiff's survival claim, demonstrated that it was not in

default and had "otherwise defended" in response to the wrongful death claim. ECF No. 566. Defendant's Motion for Leave to File an Answer to the TAC also included a proposed Answer as an exhibit to that motion. ECF No. 565.

On October 24, 2022, the Court denied Plaintiff's Motion for Default Judgment, sanctioning Defendant and barring Defendant from raising any affirmative defenses to Plaintiff's wrongful death claim. ECF No. 581. On October 25, 2022, the Court granted Defendant's Motion for Leave to File their proposed Answer to the TAC. ECF No. 585. Defendant's late Answer was filed on October 26, 2022, ECF No. 587, along with the instant Motion. ECF Nos. 587-588. Defendant's Motion does not address what prevented it from filing a proper Answer for over five months. On October 27, 2022, Plaintiff responded in opposition to Defendant's Motion. ECF No. 593.

## II. LEGAL STANDARD

Rule 15(a)(2) provides that a defendant may amend their Answer "only with the opposing party's written consent or the court's leave." In this case, Plaintiff has not given its consent, written or otherwise, so the Court's permission is required. Under that same rule, courts are directed to "freely give leave when justice so requires." *Id.* Additionally, the United States Court of Appeals for the Fourth Circuit has repeatedly stated that a party should be allowed to amend their pleading "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty Planning Com'n*, 527 F.3d 377, 390 (4th Cir. 2008). The decision is committed to the sound discretion of the district court. *Id.*

### III. DISCUSSION

Although trial courts are advised to employ a liberal reading of Rule 15(a), a motion to amend will not be granted when there is an " apparent or declared reason – such as "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," "undue prejudice" or "futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182. Plaintiff objects to Defendant's Motion as "futile, unfairly prejudicial, and made in bad faith." Pl.'s Opp. Mot. Leave Corrected Ans. at 8. The Court agrees and finds that granting Defendant's Motion is futile in light of the Court's recent orders, unfairly prejudices Plaintiff, and appears to be an exercise in bad faith on the part of Defendant.

Over the course of this action, Defendant had an adequate opportunity to assert its opposition to Plaintiff's wrongful death claim in a manner that comports with the Federal Rules of Civil Procedure and the Court's Orders. As discussed above, for over five months, Defendant disputed other parts of Plaintiff's TAC but failed to address the wrongful death claim. On October 25, 2022, the Court gave Defendant an opportunity to Answer the TAC and avoid default by granting their motion to file their proposed answer to the TAC while noting its deficiencies. Defendant's proposed Answer purported to incorporate certain responses and defenses in an improper manner. Thus, the Defendant's Answer to the TAC, as it stands today, does not assert any defenses or provide Defendant's position on Plaintiff's wrongful death claim. As explained in the Court's October 25, 2022 Order, neither the Court nor counsel are required to speculate about what Defendant's Answer to Plaintiff's wrongful death claim would be based on Defendant's responses and defenses to Plaintiff's other claims.

The Court has expended its resources to address several motions relating to the TAC,

placing Defendant on notice that it had failed to properly respond to the operative complaint. When the Court denied Plaintiff's Motion for Default Judgment, ECF No. 581, being mindful of the Fourth Circuit's direction to find a less onerous remedy than default, Defendant had, once again, been alerted to several issues with its proposed Answer to the TAC by Plaintiff. Specifically, Plaintiff clearly argued that Defendant's Answer was defective because Defendant only moved to dismiss Plaintiff's survival cause of action but never properly addressed the issue of what damages Plaintiff may recover under the wrongful death claim. At that time, Defendant failed to offer its own "good cause" to justify setting aside the entry of default in light of its failure to properly answer the TAC and relied on the Court's good will to move forward to trial on the merits. Had Defendant exercised a minimum inquiry into Plaintiff's argument, it would have realized that its proposed Answer was insufficient. Instead, Defendant focused its replies to Plaintiff on other issues and chose not to acknowledge or otherwise respond to the argument that JCI had not properly answered the TAC. Nonetheless, Defendant was free to file a motion to amend its proposed answer at any point after it filed its September 15, 2022 Motion for Leave to File an Answer to the TAC. However, for 41 days, Defendant chose not to take any action until this Court's October 25, 2022 Order. Therefore, Defendant had ample opportunity to seek to amend its answer.

Notwithstanding the above, Defendant has now waited until the eve of trial and after the Court issued an Order striking its affirmative defenses and noting the deficiencies in Defendant's Answer to move to amend. Offering too little of an explanation at too late a time to justify granting Defendant's request, the Court declines to tolerate Defendant's prejudicial actions. Defendant's Motion seeks to "address the issues identified by the Court" in its October 25, 2022 Order while

also explaining that "the Proposed Corrected Answer to the TAC adds nothing that has not been pled previously by JCI." Mot. Leave Corrected Ans. at 2 ¶¶ 4-5. But this statement is inaccurate and misleading because Defendant's Corrected Answer includes its affirmative defenses to the wrongful death claim that were not previously raised in any of its responses to the TAC and were explicitly barred by the Court in its October 24, 2022 Order. ECF No. 581. Additionally, Defendant fails to explain why this amendment will not prejudice Plaintiff. Therefore, the Court finds that Defendant's attempt to include barred affirmative defenses into its corrected Answer to the TAC is an act of bad faith on the part of Defendant.

As explained in the Court's October 24, 2022 and October 25, 2022 Orders, the Federal Rules of Civil Procedure and the Court's March 27, 2022 Order directed Defendant to provide a full, complete, and proper Answer to the TAC. ECF Nos. 477, 581, 585. Defendant yet again attempts to curtail the Court's Order, which explicitly barred JCI's affirmative defenses to the wrongful death claim, while providing no explanation or reason why the Court should grant it leave to amend its answer. Trial is scheduled to commence on November 1, 2022 – three business days from the date of Defendant's Motion. For over five months, Defendant has repeatedly failed to file an Answer to the TAC and then cure the deficiencies in its Answer. Despite Defendant's voracious argument that it was not required to respond to any portion of the TAC because it had "otherwise defended" against Plaintiff's claims in its previous pleadings, this is not the law.

Above, in the factual and procedural section, the Court outlines the various instances and opportunities where Defendant failed to address the wrongful death claim, even though the Court and Plaintiff repeatedly noted its lack of response to the TAC. Accordingly, the Court finds that it would be both futile and prejudicial to grant Defendant's bad faith Motion one business day before

trial is scheduled to begin, particularly in light of the extensive procedural history of this case. Defendant has once again failed to state any reason or adequate basis for not answering the TAC for over five months and now seeks to amend its answer to include new responses and previously barred affirmative defenses. Although Rule 15(a) does not require a showing of good cause, the Court does not find that justice compels the Court to grant Defendant's Motion under the circumstances. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

## IV. CONCLUSION

For these reasons, Defendants' Motion for Leave to File Corrected Answer to Third Amended Complaint, ECF No. 588, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
October 28, 2022

Raymond A. Jackson
**United States District Judge**