IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
NOV - 8 2022
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

PATRICIA E. MULLINEX,
INDIVIDUALLY AND AS THE
EXECUTOR OF THE ESTATE OF
HERBERT H. MULLINEX, JR.,

        Plaintiffs,

v.

JOHN CRANE INC.,

        Defendant.

CIVIL ACTION NO.
4:18-cv-33

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order is written to explain the Court's Order issued on October 31, 2022, *see* Order, ECF No. 597, in which it **GRANTED** Patricia Mullinex's ("Plaintiff") Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c) ("Motion"). Mot. J. Pleadings, ECF No. 590 ("12(c) Mot."). John Crane, Inc. ("JCI" or "Defendant") responded, *see* Def.'s Opp. 12(c) Mot., ECF No. 594 ("12(c) Motion), and Plaintiff replied. Pl.'s Reply, ECF No. 596. The Court arrives at this determination following Defendant's pattern of failing to comply with the Federal Rules of Civil Procedure, including Defendant's (a) failure to Answer the Third Amended Complaint, in accordance with Rule 15; (b) failure to properly respond to Plaintiff's Motion for Default Judgment, pursuant to Rule 55(c); (c) Failure to Properly Answer the TAC, pursuant to Rules 8 and 10(c); and (d) attempt to nullify the Court's October 24, 2022 order by filing a Motion to Amend its Answer to the TAC, pursuant to Rule 15.

### I.    FACTUAL AND PROCEDURAL HISTORY

On November 4, 2016, the late Herbert H. Mullinex, Jr. and Plaintiff filed a personal injury case in Virginia state court based on asbestos exposure aboard Navy ships. Compl., ECF No. 1 at Ex.

1. On March 23, 2018, the action was removed to federal court. Notice of Removal, ECF No. 1. On January 12, 2022, after Mr. Mullinex's death, Suggestion of Death, ECF No. 436, Plaintiff filed a Second Amended Complaint ("SAC"), substituting Plaintiff as executrix of Mr. Mullinex's estate. Second Am. Compl., ECF No. 450. Then on March 24, 2022, Plaintiff filed a Third Amended Complaint ("TAC"), seeking recovery for Mr. Mullinex's wrongful death. Third Am. Compl., ECF No. 478.

On September 7, 2022, Plaintiff filed a Motion for Default Judgment after Defendant failed to file an Answer to TAC. ECF No. 559. In response to the Motion for Default Judgment, Defendant filed a Motion for Leave to File an Answer to the TAC on September 15, 2022. ECF No. 564. On October 24, 2022, the Court denied Plaintiff's Motion for Default Judgment and barred Defendant from asserting any affirmative defenses to the wrongful death claim. ECF No. 581. On October 25, 2022, the Court granted Defendant leave to file its proposed Answer to the TAC. ECF No. 585.

Relevant to the instant Motion, Defendant's Answer to the TAC was filed on October 26, 2022. ECF No. 587. That same day, Defendant filed a Motion to File a Corrected Answer to the TAC, ECF Nos. 588-589, which the Court denied on October 28, 2022. ECF No. 595. Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff also filed a Motion for Judgment on the Pleadings regarding the issue of liability on October 26, 2022. ECF No. 590. Plaintiff's 12(c) Motion argues that Defendant's liability should be deemed admitted because Defendant's Answer to the TAC does not satisfy the pleading requirements outlined in the Federal Rules of Civil Procedure and neither admits nor denies Plaintiff's wrongful death allegations. ECF Nos. 590-591. On October 28, 2022, Defendant filed its Opposition to Plaintiff's 12(c) Motion, ECF No. 594, and Plaintiff replied. ECF No. 596.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed, but within such time as not to delay trial, a party may move for a judgment on the pleadings." A motion for judgment on the pleadings is appropriate when all material facts are admitted and only questions of

law remain. *Republic Insurance Co. v. Culbertson*, 717 F.Supp. 415, 418 (E.D.Va.1989). A court applies the same standard for a motion for judgment on the pleadings as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). Under this standard, courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In making this determination, the Court considers the complaint, the answer, and any written instruments attached to those filings. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

When a plaintiff moves for judgment on the pleadings, the motion will be granted if, on the uncontested facts alleged in the complaint and assuming all material allegations of fact in the answer as true, the plaintiff is entitled to judgment as a matter of law. *Greensill Capital (UK) Ltd.*, 2018 WL 1937063 *1, at *2 (E.D. Va. Apr. 24, 2018) (citations omitted). "In other words, if a defendant's answer admits, alleges, or fails to deny facts, which, taken as true, would entitle a plaintiff to relief on one or more claims supported by the complaint, then the plaintiff's Rule 12(c) motion should be granted." *Mitsui Rail Cap., LLC v. Detroit Connecting R.R. Co.*, 2014 WL 3529214, at *2 (E.D. Mich. July 16, 2021).

### III. DISCUSSION

Plaintiff's 12(c) Motion challenges the adequacy of Defendant's Answer in asserting any responses or defenses to Plaintiff's wrongful death claim and seeks a judgment on the pleadings on the issue of liability. ECF No. 591. Plaintiff argues that she is entitled to judgment because Defendant's Answer neither admits nor denies facts that support her wrongful death cause of action, and this failure to deny material allegations should be deemed a judicial admission as to JCI's liability. ECF No. 590-591. Defendant opposes Plaintiff's Motion, arguing that it requests a "non-merits victory" based on

Defendant's "oversight." Def.'s Opp. 12(c) Mot., ECF No. 594 at 1, 6. Defendant argues that granting Plaintiff's Motion based on factual allegations that are deemed admitted allows Plaintiff to effectively repackage her earlier Motion for Default Judgment, which the Court denied. *Id.* Defendant further argues that while the Answer does not properly incorporate by reference its Answer to the SAC or specifically admit or deny all of the TAC's allegations, Plaintiff had fair notice of Defendant's responses and defenses to its claims based on its other pleadings. *Id.*

In reviewing Plaintiff's 12(c) Motion, the Court evaluates whether: (1) assuming all pleaded facts are true, Plaintiff stated a wrongful death cause of action upon which relief may be granted; (2) Defendant's Answer to the TAC sufficiently addresses Plaintiff's factual allegations by denying any essential facts; and (3) Defendant's Answer asserts any defenses. Because the Court previously barred Defendant's affirmative defenses to the wrongful death claim, *see* Order, ECF No. 581, the Court limits its inquiry to the factual allegations and corresponding admissions and denials that are relevant to the wrongful death claim. Ultimately, the Court is not persuaded by Defendant's arguments[1] and finds that the uncontested facts alleged in the TAC, even while assuming all material allegations of fact in Defendant's Answer as true, entitles Plaintiff to a favorable judgment on the issue of liability.

---

[1] A plaintiff cannot move under Federal Rule of Civil Procedure 12(c) until after an answer is filed. *See* 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed.). Therefore, Plaintiff properly moved for default judgment under Rule 55 rather than seeking a judgment on the pleadings when Defendant failed to Answer the TAC, ECF No. 559, and is appropriately moving for judgment on the pleadings after Defendant filed its Answer to the TAC on October 26, 2022. ECF No. 590. Although Defendant argues that Plaintiff's 12(c) Motion merely restates Plaintiff's earlier Motion for Default Judgment, the Court recognizes clearly that the fact that Rule 55(a) and Rule 12(c) allow Plaintiff to raise a common issue, related to Defendant's manner of responding to the TAC, does not make them superficially distinct. Once again, Defendant seems to challenge the propriety of the Federal Rules of Civil Procedure and ask the Court to circumvent them to advantage Defendant. But the Rules of Civil Procedure are in place to prevent the kind of one-sided action that Defendant advocates.

A. **The Court is satisfied that Plaintiff's TAC alleges sufficient facts to maintain a wrongful death cause of action.**

Plaintiff's TAC sets out a wrongful death cause of action based on theories of negligence and strict liability. Third Amend. Compl. at 8-13 ¶¶ 15-18; 13-15 ¶¶ 19-22; 16 ¶¶ 27-28. Specifically, paragraphs 15-18 describe the duty and breach elements for the negligence claim while paragraphs 19-22 describe the duty and breach elements for the strict liability claim. *Id.* at 8-13 ¶¶ 15-18; 13-15 ¶¶ 19-22. Paragraphs 27-28 state the causation element for both wrongful death claims, alleging that JCI's negligent and reckless conduct caused Decedent to contract and ultimately die from malignant mesothelioma. *Id.* at 16 ¶¶ 27-28. As discussed in greater detail below, Defendant's Answer to the TAC only responds to paragraphs 6, 7, 8, 29, and 30, and fails to respond to the remaining allegations in Plaintiff's TAC. Therefore, the Court will assume these alleged facts to be true and review the Answer to determine whether judgment on Defendant's liability is appropriate.

B. **Defendant's Answer fails to deny Plaintiff's essential allegations, namely that Defendant was negligent and/or strictly liable for conduct that caused Decedent's death.**

The Court finds that Defendant's Answer does not deny any of Plaintiff's essential allegations or summarily refute Plaintiff's assertions that Defendant is negligently and/or strictly liable for Decedent's wrongful death. Accordingly, the Court deems Plaintiff's wrongful death allegations set forth in paragraphs 15-18, 19-22 and 27-28 of the TAC as admitted.

Defendant failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Under Rule 8, when a defendant fails to file an answer that neither admits nor denies a material allegation plead within a plaintiff's complaint, that fact will be deemed admitted by the court. Fed. R. Civ. P. 8(b)(1)-(5). A denial "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "Answers that neither admit nor deny but simply demand proof of the plaintiff's allegations ... are insufficient to constitute a denial." *U.S. v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428*, 680 F.Supp.2d 816, 826 (E.D. MI. 2010) ("If a party fails to deny an allegation

5

in a pleading to which a responsive pleading is required, the allegation is deemed admitted."); *See* Fed.R.Civ.P. 8(b)(6); 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1264 (3d ed.).

Defendant's Answer does not admit or deny large portions of the TAC as required by the Federal Rules of Civil Procedure. The first paragraph of Defendant's Answer purports to incorporate its answer and affirmative defenses to the non-operative SAC, but this is not a proper use of the incorporation privilege. *See* Order, ECF No. 585. Even construing this part of the answer liberally, a blanket denial in a defendant's answer is insufficient to defeat a plaintiff's motion for judgment on the pleadings.

Importantly, Defendant does not contest the fact that JCI's Answer does not properly deny the paragraphs that state the underlying facts of Plaintiff's wrongful death claim. Defendant argues that its prior Answer to the SAC gave Plaintiff sufficient notice of its defenses, creating live issues of material facts. Defendant leans on the notion that "[f]orm aside Plaintiffs have always known what allegations JCI has admitted and denied and what affirmative defenses JCI has asserted—JCI's admissions, denials, and affirmative defenses have remained constant across the Answers to the SAC, the TAC and the corrected answer to the TAC." Def.'s Opp. 12(c) Mot. at 1. This argument is not persuasive for reasons stated in the Court's recent Orders. ECF Nos. 581, 585, 595.

Finally, Defendant argues that the 12(c) motion should be denied because the Court may grant Defendant leave to file a Corrected Answer to the TAC that includes additional responses and addresses to Plaintiff's claims. Rule 15, which is the corollary to Rule 8, creates a liberal amendment policy that gives courts discretion to grant or deny a party leave to amend a pleading. *See Foman v. Davis*, 371 U.S. 178 (1962). However, as discussed in the Court's October 28, 2022 Order, it would be futile and prejudicial to grant Defendant's request to amend its Answer but deny Plaintiff's 12(c) Motion given the procedural history of this case. ECF No. 595.

6

Because Defendant's Answer neither admits nor denies material allegations pled in the TAC regarding its liability, for the purpose of resolving Plaintiff's 12(c) Motion, the Court accepts the following allegations in paragraphs 1, 2, 3, 4, 5, 9, 10, 11, 12, 13 (a)-(m), 14, 15, 16(a)-(b), 17, 18, 19, 20(a)-(e), 21, 22, 23, 24, 25, 26, 27, 28, 31, 50, and the ad damnum clause, which are undisputed, as true. See ECF 478. Based on these admissions, the Court finds that Plaintiff has established uncontested facts regarding Defendant's liability for conduct causing Decedent's death and the Court may properly grant Plaintiff's Rule 12(c) Motion on the issue of liability.

Judgment on the pleadings is warranted when there is no genuine dispute of material facts, and the moving party is entitled to judgment as a matter of law. *Penn-Am. Ins. Co. v. White Pines, Inc.*, 476 F. Supp. 3d 354, 360 (E.D. Va. 2020). Based on Defendant's admissions, the Court finds that no genuine dispute remains to the material facts supporting the wrongful death claim. Allegations of damages are specifically exempted from Rule 8 and may not be admitted by a failure to deny. Fed. R. Civ. P. 8(b)(6). In any event, Defendant's Answer contests the amount of damages that Plaintiff is entitled to recover in paragraphs 29 and 30 of the TAC, stating:

> 29. Paragraph 29 states legal conclusions to which no response is required. JCI further states that no response is required because this Court has already granted JCI's motion to dismiss damages for Plaintiff's Decedent's pre-death pain and suffering. [ECF No. 538]. If and to the extent a further response is required, JCI expressly denies that Plaintiff is entitled to damages for Plaintiff's Decedent's pre-death pain and suffering a matter of maritime law or Virginia law, and denies the remaining allegations contained in Paragraph 29.
>
> 30. Paragraph 30 states legal conclusions to which no response is required. JCI further states that no response is required because this Court has already granted JCI's motion to exclude loss of society and other damages asserted in Paragraph 30. [ECF No. 538]. See 46 U.S.C. § 30302; Dutra Group v. Batterton, 139 S. Ct. 2275 (2019); Atl. Sounding Co. v. Townsend, 557 U.S. 404 (2009); Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199 (1996); Miles v. Apex Marine Corp., 498 U.S. 19 (1990); Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 624 (1978); John Crane, Inc. v. Hardick, 284 Va. 329, 732 S.E.2d 1 (2012). To the extent Paragraph 30 asserts such damages under Virginia law, JCI states Virginia law does not apply here and that a seaman's maritime-law claims cannot be supplemented with state remedies. See Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 202 (1996) (holding that "state remedies remain applicable" in "maritime wrongful-death cases in which no federal statute specifies the appropriate relief and the decedent was not a seaman") (emphasis added). If and to the extent a further response is required, JCI expressly denies that Plaintiff is entitled

to loss of society and other damages asserted in Paragraph 30, and denies the remaining allegations contained in Paragraph 30. ECF No. 587 at 2.

Therefore, this action will proceed to trial on November 15, 2022 to determine what damages Plaintiff may recover. ECF No. 597.

## IV. CONCLUSION

Having deemed Defendant's answers to the allegations set forth in Paragraphs 1, 2, 3, 4, 5, 9, 10, 11, 12, 13 (a)-(m), 14, 15, 16(a)-(b), 17, 18, 19, 20(a)-(e), 21, 22, 23, 24, 25, 26, 27, 28, 31, 50, and the ad damnum clause of the TAC admitted, the Court **GRANTS** Plaintiff's Motion for Judgment on the Pleadings, ECF No. 590, on the issue of liability.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion to the parties and all counsel of record.

**IT IS SO ORDERED.**

Newport News, Virginia
November 8, 2022

/s/
Raymond A. Jackson
United States District Judge

8